**A. BRUNO LAW**
ALYSSA M. BRUNO (PA ID #321345; NJ ID #152382016)
[*Admitted to this Court*]
P.O. Box 468
Easton, PA 18044
Telephone: (610) 258-4003
Email: abruno@abrunolaw.com


*Attorney for Plaintiff Sophia Parker Studios, Inc. (t/a WIFE NYC)*

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| SOPHIA PARKER STUDIOS, INC. (t/a WIFE NYC),<br><br>Plaintiff,<br><br>v.<br><br>ALICE TEMPERLEY MBE, TMLL LTD. (t/a TEMPERLEY LONDON), TEMPERLEY HOLDINGS LTD. (t/a TEMPERLEY HOLDINGS),  ROMO LTD. (t/a ROMO and/or THE ROMO GROUP), ROMO (HOLDINGS) LTD., ROMO, INC. (t/a ROMO FABRICS AND WALLCOVERINGS and ROMO USA), AND DOES 1-20, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) COPYRIGHT INFRINGEMENT PURSUANT TO 17 U.S.C. § 501;**<br>**(2) VICARIOUS AND CONTRIBUTORY COPYRIGHT INFRINGEMENT;**<br>**(3) DISTRIBUTION OF FALSE COPYRIGHT MANAGEMENT INFORMATION IN VIOLATION OF 17 U.S.C. § 1202; and**<br>**(4) ACCOUNTING.**<br><br>**JURY TRIAL DEMANDED** |

        Plaintiff Sophia Parker Studios, Inc. (t/a WIFE NYC) ("**Plaintiff**"), by and through

its undersigned counsel hereby brings this action against Defendants Alice Temperley MBE

("**Alice Temperley**"), TMLL Ltd. (t/a Temperley London), Temperley Holdings Ltd. (t/a

Temperley Holdings) (collectively "**Temperley London**" and/or "**Temperley London Defendants**"), Romo Ltd. (t/a ROMO and/or The Romo Group), Romo (Holdings) Ltd., Romo, Inc. (t/a ROMO Fabrics and Wallcoverings and ROMO USA) (collectively "**ROMO**" and/or "**ROMO Defendants**"), and Does 1-20 (collectively "**Doe Defendants**") (collectively referred to as "**Defendants**") and alleges as follows:

<u>**NATURE OF THE ACTION**</u>

1.      This action is for direct and secondary copyright infringement in violation of 17 U.S.C. § 101, *et seq.* and distribution of false copyright management information in violation of 17 U.S.C. § 1202 arising out of Defendants' unauthorized reproduction and exploitation of an original sculptural artwork created by Sophia Parker Studios, Inc. ("**Plaintiff**") entitled "Memphis Chainsaw" ("**the Artwork**") (U.S. Copyright Registration No. VA 2-342-734) as well as four (4) published original photographs of the Artwork authored by Plaintiff, which were first displayed on Plaintiff's widely distributed and popular Instagram account, @wifenyc, between September 2019 and April 2020 (collectively "**the Photographs**") (U.S. Copyright Registration No. VA 2-352-960 and U.S. Copyright Registration No. VA 2-420-961).  See **Exhibits A and B**.

2.      The CEO of Plaintiff Sophia Parker Studios, Inc. is Sophia Parker, a visual artist who specializes in plant-based artworks, immersive botanical sculptures, and print designs.  Plaintiff has shown her artworks in art galleries and institutions throughout the country, including MoMA PS1.  She is scheduled to show a 14-piece sculptural artwork collection at the Untitled Art Fair taking place alongside Art Basel Miami Beach from December 4-8, 2024.  Plaintiff regularly collaborates with luxury fashion and accessories brands and has licensed her artworks to a variety of companies in the apparel, jewelry,

cosmetics, hair care, fragrance, sportswear, and hotel industries.  Some of her recent clients include Saint Laurent, Aveda, and Nike.

3.      The Artwork created by Plaintiff at issue in this lawsuit is a highly intricate, colorful, and vibrant sculptural work that was hand shaped and hand painted by Plaintiff to create its striking and visually distinct look.   Plaintiff owns the copyright to this original sculptural work and continues to create other original works of art in this style of design.



4.      The Photographs at issue in this lawsuit were authored by Plaintiff and posted to her Instagram account, @wifenyc.  They depict different angles and lighting of the Artwork and are set forth below.









5.      The Temperley London Defendants own a fashion brand named "Temperley London" that sells a wide range of luxury fashion items, such as embroidered dresses, kimonos, pantsuits, contemporary separates, and jackets.  The founder and creative director of Temperley London, Alice Temperley MBE, started the brand over 24 years ago in the United Kingdom.  Today, Temperley London is a well-known fashion brand that sells its apparel products to a worldwide audience, including a loyal U.S customer base.  Multiple celebrities and influential individuals have worn Temperley London apparel pieces, including Madonna, Beyoncé, Penelope Cruz, Thandiwe Newton, Kate Middleton, Eva Mendes, Halle Berry, Kate Moss, Gwyneth Paltrow, Angelina Jolie, Sarah Jessica Parker, Jennifer Coolidge, Winnie Harlow, Rita Wilson, Julia Garner, Kylie Minogue, Rita Ora, Jodie Comer, Elle Macpherson, Suki Waterhouse, Sandra Bullock, Corrine Bailey Rae, Christina Hendricks, and Brandi Carlile.[1]

6.      The Temperley London Defendants sell and distribute Temperley London apparel items to consumers located in the United States through brick-and-mortar stores, trunk shows at various retailers, and online through their website,

---

[1] See https://int.temperleylondon.com/pages/about-us and https://int.temperleylondon.com/pages/temperley-tribe.

https://int.temperleylondon.com/?country=US,  social media accounts, and other e-commerce platforms.

7.       In February 2023, Plaintiff discovered an advertisement in a window of a store in New York City that showed a model wearing a garment created by the Temperley London Defendants that included a reproduction of Plaintiff's Artwork on the front and sides of it.  This garment is known as the "Farrah Kimono."  Plaintiff instantly recognized her Artwork on the kimono.  Plaintiff's discovery that day led to the subsequent discovery of widespread infringement of her Artwork and the Photographs by Alice Temperley MBE, the Temperley London Defendants, and the ROMO Defendants in the form of apparel products and interiors products.

### ___APPAREL INFRINGEMENTS___

8.       In or around February or March 2022, the Temperley London Defendants began selling and distributing a Temperley London Spring Summer 2022 luxury fashion collection that included three (3) apparel items known as the "Farrah" products.  All three (3) of these "Farrah" apparel products include identical reproductions of Plaintiff's Artwork yet were created without Plaintiff's knowledge, consent, or any payment to her.  Plaintiff had no knowledge of the Temperley London apparel products featuring her Artwork or any use of her Artwork by Defendants until she discovered the store display showing the model wearing the "Farrah Kimono" in February 2023.

9.       The unauthorized Temperley London "Farrah" apparel products at issue in this lawsuit are: 1) the embroidered "Farrah Kimono" in three (3) colorways (i.e. black, pastel parchment, pale lilac); 2) the embroidered "Farrah Dress" in two (2) colorways (i.e. black and pastel parchment); 3) the embroidered "Farrah Strappy Dress" in two (2) colorways (i.e. black and pastel parchment); and 4) any other subsequently discovered

derivative apparel products (collectively "**Unauthorized Farrah Apparel Products**"), as set forth below.  See also **Exhibit C**.

**Farrah Kimono ($1,415.00) – colorways: black, pastel parchment, pale lilac**

"Memphis Chainsaw" sculpture by Plaintiff Sophia Parker Studios, Inc.

Unauthorized "Farrah Kimono" by Temperley London Defendants





Unauthorized "Farrah Kimono" on Temperley London's website

**Farrah Dress ($2,455.00) – colorways: black, pastel parchment, pale lilac**

"Memphis Chainsaw" sculpture by Plaintiff Sophia Parker Studios, Inc.

Unauthorized "Farrah Dress" by Temperley London Defendants





Unauthorized "Farrah Dress" on Temperley London's website

8

**Farrah Strappy Dress ($2,310.00) – colorways: black and pastel parchment**

| "Memphis Chainsaw" sculpture by Plaintiff Sophia Parker Studios, Inc. | Unauthorized "Farrah Strappy Dress" by Temperley London Defendants |
|---|---|





Unauthorized "Farrah Strappy Dress" on Temperley London's website

10.     The Unauthorized Farrah Apparel Products are strikingly similar or at least substantially similar to Plaintiff's copyright-protected Artwork and the Photographs as they include almost exact replicas of Plaintiff's Artwork with only some minor color and pattern adjustments made to them.  The Unauthorized Farrah Apparel Products constitute unauthorized derivative works; thus, Defendants' actions in producing, selling, displaying, and distributing them infringe upon Plaintiff's exclusive copyright rights in the Artwork and the Photographs.

11.     Upon information and belief, the Temperley London Defendants copied Plaintiff's original and distinct hand-painted Artwork by reproducing the Photographs found on Plaintiff's Instagram page to create digital renderings of the Artwork.  Defendants then used those renderings to create the derivative apparel products set forth herein.

12.     In addition to the Unauthorized Farrah Apparel Products, the Temperley London Defendants also produced, displayed, sold, and distributed another line of clothes in their Spring Summer 2022 collection known as the "Palmae" line.  The prints on the Palmae products include unauthorized copies of certain copyright-protected elements of Plaintiff's Artwork, such as the blue stem of the palm plant, color-tipped fronds of the palm plant in the same color scheme as Plaintiff's Artwork, and the checkerboard black and white pattern on the palm fronds.  These apparel products are unauthorized derivative works of Plaintiff's Artwork.

13.     The unauthorized Temperley London "Palmae" apparel products at issue in this lawsuit are: 1) the "Palmae Print Jacket" in one (1) colorway (i.e. black); 2) the "Palmae Print Dress" in two (2) colorways (i.e. black and parchment); 3) the "Palmae Print Trouser" in one (1) colorway (i.e. black); 4) the "Palmae Print Long Kaftan" in two (2) colorways (i.e. black and parchment); 5) the "Palmae Print Coat" in two (2) colorways (i.e. black and parchment); and 6) any other subsequently discovered derivative apparel products

10

(collectively "**Unauthorized Palmae Apparel Products**"), as set forth below.  See also

**Exhibit D**.

<u>**Palmae Print Jacket ($940.00) – colorway: black**</u>

| "Memphis Chainsaw" sculpture by Plaintiff Sophia Parker Studios, Inc. | Unauthorized "Palmae Print Jacket" by Temperley London Defendants |
|---|---|





Unauthorized "Palmae Print Jacket" by Temperley London Defendants

**Palmae Print Dress ($1,185.00) – colorways: black and parchment**

"Memphis Chainsaw" sculpture by Plaintiff Sophia Parker Studios, Inc.

Unauthorized "Palmae Print Dress" by Temperley London Defendants





Unauthorized "Palmae Print Dress" by Temperley London Defendants

**Palmae Print Trousers ($650.00) – colorway: black**

| "Memphis Chainsaw" sculpture by Plaintiff Sophia Parker Studios, Inc. | Unauthorized "Palmae Print Trouser" by Temperley London Defendants |
| --- | --- |





Unauthorized "Palmae Print Trouser" by Temperley London Defendants

**Palmae Print Long Kaftan ($1,515.00) – colorways: black and parchment**

"Memphis Chainsaw" sculpture by Plaintiff Sophia Parker Studios, Inc.

Unauthorized "Palmae Print Long Kaftan" by Temperley London Defendants





Unauthorized "Palmae Print Long Kaftan" by Temperley London Defendants

**<u>Palmae Print Coat ($1,660.00) – colorways: black and parchment</u>**

"Memphis Chainsaw" sculpture by Plaintiff Sophia Parker Studios, Inc.

Unauthorized "Palmae Print Coat" by Temperley London Defendants





Unauthorized "Palmae Print Coat" by Temperley London Defendants

14.     The Unauthorized Palmae Apparel Products are substantially similar to Plaintiff's copyright-protected Artwork and the Photographs.  The Unauthorized Palmae Apparel Products constitute unauthorized derivative works; thus, Defendants' actions in producing, selling, displaying, and distributing them infringe upon Plaintiff's exclusive copyright rights in the Artwork and the Photographs

15

### *INTERIORS INFRINGEMENTS*

15.      The ROMO Defendants own an interiors furnishing brand known as "ROMO" that produces fabrics, wallcoverings, trimmings, and accessories.  The ROMO Defendants claim that all of their interiors collections are designed in-house and then sold through a "worldwide network of designers, retailers, distributors, and agents," thereby giving the collections "international brand recognition in over 70 countries."[2]

16.      The production facility and corporate headquarters of the U.S.-based ROMO entity, Romo, Inc. (t/a ROMO Fabrics and Wallcoverings and ROMO USA), is located in Chagrin Falls, Ohio.  ROMO USA has showrooms in eight (8) U.S. cities, including New York, Boston, Atlanta, Chicago, Dallas, Washington DC, Miami, and Los Angeles.  Its flagship showroom is located in the prestigious D&D Building in New York City.

17.      Following the apparent success of the Temperley London Spring Summer 2022 apparel collection, the Temperley London Defendants and the ROMO Defendants launched a joint collaboration known as the Temperley London x ROMO "A World Less Ordinary" interiors collection in or around March 2023.  This collection consists of fabrics, cushions, trims, and wallpaper products.  Through this collection, Defendants again made unauthorized use of Plaintiff's Artwork and the Photographs and sold products that violated Plaintiff's copyright rights – this time in the form of fabrics and cushions.

18.      In March 2023, Plaintiff discovered that Defendants had created four (4) products as part of their Temperley London x ROMO "A World Less Ordinary" interiors collection that included almost exact replicas of the Artwork and the Photographs.

---

[2] See https://www.romo.com/company/about-us

16

19.     The unauthorized Temperley London x ROMO "Farrah" interiors products at issue in this lawsuit are: 1) the embroidered "Farrah Agave" fabric; 2) the embroidered "Farrah Lilac Ash" fabric; 3) the embroidered "Farrah Agave" cushion; and 4) the embroidered "Farrah Lilac Ash" cushion (collectively "**Unauthorized Farrah Interiors Products**"), as set forth below.  See also **Exhibit E**.

### Farrah Agave Fabric

| "Memphis Chainsaw" sculpture by Plaintiff Sophia Parker Studios, Inc. | Unauthorized "Farrah Agave" fabric by Temperley London and ROMO Defendants |
|---|---|





Unauthorized "Farrah Agave" fabric on ROMO's website

**Farrah Lilac Ash Fabric**

| "Memphis Chainsaw" sculpture by Plaintiff Sophia Parker Studios, Inc. | Unauthorized "Farrah Lilac Ash" fabric by Temperley London and ROMO Defendants |
|---|---|





Unauthorized "Farrah Lilac Ash" fabric on ROMO's website

18

**Farrah Agave Cushion**

| "Memphis Chainsaw" sculpture by Plaintiff Sophia Parker Studios, Inc. | Unauthorized "Farrah Agave" cushion by Temperley London and ROMO Defendants |



ROMO



Unauthorized "Farrah Agave" cushion on ROMO's website

Farrah 60cm x 40cm Cushion Agave          RC765/01
Collection: Temperley London x Romo – Fabrics

**Farrah Lilac Ash Cushion**



"Memphis Chainsaw" sculpture by Plaintiff Sophia Parker Studios, Inc.

Unauthorized "Farrah Lilac Ash" cushion by Temperley London and ROMO Defendants

ROMO

Unauthorized "Farrah Lilac Ash" cushion on ROMO's website

Farrah 60cm x 40cm Cushion Lilac Ash          RC765/02
Collection: Temperley London x Romo - Fabric

20.     The Unauthorized Farrah Interiors Products are strikingly similar or at least substantially similar to Plaintiff's copyright-protected works as they include almost exact replicas of Plaintiff's Artwork with only some minor color and pattern adjustments made to them.  The Unauthorized Farrah Interiors Products constitute unauthorized derivative works;

thus, Defendants' actions in producing, selling, displaying, and distributing them infringe upon Plaintiff's exclusive copyright rights in the Artwork and the Photographs.

### *INFRINGING PHOTOGRAPHS AND VIDEOS*

21.     In addition to producing, selling, displaying, and distributing the unauthorized apparel and interiors products set forth above, Defendants also violated Plaintiff's copyright rights in the Artwork and the Photographs by producing photographs, videos, and advertisements featuring the Unauthorized Farrah Apparel Products, the Unauthorized Palmae Apparel Products, and the Unauthorized Farrah Interiors Products and then displaying and distributing those derivative works at brick-and-mortar showrooms and retail stores, in print books, brochures, advertisements, email blasts, social media posts/stories, websites, and through various other advertising and marketing channels (collectively "**Unauthorized Advertising Works**").  See **Exhibits C – H.**

22.     Despite receiving a Cease-and-Desist Notice in April 2024 regarding all of the aforementioned infringements, Defendants continue to infringe upon Plaintiff's copyright rights by continuing to sell the Unauthorized Farrah Interiors Products to consumers worldwide, including to consumers located in the United States, and by continuing to display, reproduce, and distribute the Unauthorized Advertising Works set forth in Exhibits C – H.

23.     Defendants have and are still willfully infringing upon Plaintiff's copyright rights in the Artwork and the Photographs.  Plaintiff is entitled to relief.

### JURISDICTION AND VENUE

24.     This is a civil action seeking damages and injunctive relief for copyright infringement, arising under 17 U.S.C. § 101, *et seq.*, and distribution of false copyright

management information in violation of 17 U.S.C. § 1202.  This Court has original subject matter jurisdiction over the action under 28 U.S.C. §§ 1331 and 1338 as this action asserts claims arising under the Copyright Act of 1976, including as amended by the Digital Millennium Copyright Act.

25.    This Court has personal jurisdiction over Defendants because all Defendants conduct continuous, systematic, and routine business within this state and this District; Defendants have purposely availed themselves of the state of Ohio to conduct their business; the events at issue underlying the cause of action at hand arose from Defendants' transaction of business in this state and this District; and Plaintiff has been harmed due to Defendants' conduct within this state and this District.   Exercising personal jurisdiction over Defendants would comport with traditional notions of fair play and substantial justice.

26.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), (d), and 1400(a) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District; a substantial part of the property that is the subject of this action is situated in this District; the Court in this District has personal jurisdiction over the Defendants; and Defendants or their agents reside or may be found in this District. Specifically, the ROMO Defendants have a U.S. corporate headquarters located in this District at 16722 West Park Circle Drive, Chagrin Falls, OH 44023, and Defendant Romo, Inc. (t/a ROMO Fabrics and Wallcoverings and ROMO USA) is incorporated in this District.  Moreover, the ROMO Defendants employ individuals located in this District who, upon information and belief, were engaged in the activities alleged in this Complaint, and the ROMO Defendants produce, sell, distribute, and display unauthorized reproductions of Plaintiff's Artwork and the Photographs to consumers within this District in the form of the Unauthorized Farrah Interiors Products, Unauthorized Farrah Apparel Products, and Unauthorized Advertising Works set forth herein.  The Temperley London Defendants

produce, sell, distribute, and display unauthorized reproductions of Plaintiff's Artwork and the Photographs to consumers within this District in the form of the Unauthorized Farrah Apparel Products, Unauthorized Palmae Apparel Products, Unauthorized Farrah Interiors Products, and Unauthorized Advertising Works.  Defendant Alice Temperley MBE displays and promotes the Unauthorized Advertising Works set forth herein to consumers within the District via her Instagram account, @alicetemperley.  Moreover, upon information and belief, Defendant Alice Temperley MBE collaborated with, directed, controlled, and induced the Defendants located in this District to infringe upon Plaintiff's Artwork and the Photographs.  Finally, upon information and belief, at least some of the Unauthorized Farrah Interiors Products are still physically located in the ROMO USA corporate headquarters, warehouse, and distribution facilities located in this District.

## **THE PARTIES**

27.     Plaintiff Sophia Parker Studios, Inc. (t/a WIFE NYC) ("**Plaintiff**") is a United States corporation organized under the laws of the State of New York with its principal place of business located in Flushing, New York.

28.     Defendant Alice Temperley MBE ("Defendant" and/or "**Alice Temperley**") is the Founder and Creative Director of Temperley London and upon information and belief, is and at all relevant times was, a citizen of the United Kingdom residing in Ilminster, United Kingdom.

29.     Defendant TMLL Ltd. (t/a Temperley London) (company #13356817) ("Defendant" and/or "**TMLL Ltd.**") is a private limited company registered in England and Wales with a principal place of business located in Ilminster, United Kingdom.

30.     Defendant Temperley Holdings Ltd. (t/a Temperley Holdings) (company #07094663) ("Defendant" and/or "**Temperley Holdings**") is a private limited company registered in England with a principal place of business located in Ilminster, United Kingdom.

31.     Defendant Romo Ltd. (t/a ROMO and/or The Romo Group) (company #385709) ("Defendant" and/or "**ROMO Ltd.**") is a private limited company registered in England with its principal place of business located in the United Kingdom.

32.     Defendant Romo (Holdings) Ltd. (company #02583111) ("Defendant" and/or "**ROMO (Holdings) Ltd.**") is a private limited company registered in England with its principal place of business located in the United Kingdom.

33.     Defendant Romo, Inc. (t/a ROMO Fabrics and Wallcoverings and ROMO USA) (entity #795419) ("Defendant" and/or "**ROMO USA**") is a United States corporation with a principal place of business located at 16722 West Park Circle Drive, Chagrin Falls, OH 44023 and a registered agent address of O.R.C. Statutory Services Corp., 600 Superior Ave., E, Suite 1400, Cleveland, OH 44114.

34.     The Doe Defendants include, among others, those persons who created, produced, distributed, displayed, and sold products or other derivative works such as photographs, videos, and advertisements that infringe upon the copyright-protected elements of the Artwork and the Photographs.  The Doe Defendants also include those persons who aided, contributed, or induced the creation, production, distribution, display, and sale of products and other derivative works such as photographs, videos, and advertisements that infringe upon the copyright-protected elements of the Artwork and the Photographs.

35.     The true names and capacities of the Defendants named herein as Does 1 through 20, inclusive, are unknown to Plaintiff who thus sues such Defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names when they have been ascertained.  Upon information and belief, each of the fictitiously named Defendants herein is responsible in some manner for the occurrences alleged herein, and Plaintiff's injuries as alleged herein were proximately caused by such Defendants' acts or omissions.

## ALLEGATIONS COMMON TO ALL CLAIMS

### I.     Plaintiff's Copyright-Protected Artwork

36.     Plaintiff created the copyright-protected Artwork entitled "Memphis Chainsaw" in 2019.

37.     The live plant at the center of the Artwork is a Dioon Edule Palm, which Plaintiff sourced from a local plant shop in New York City.  To shape the plant into the unique and creative form of the sculpture, Plaintiff used a variety of techniques, such as heating the stems of the plant in a slow and methodical process, bending the plant into its curved position using filament at certain points along the stem, and cutting the individual fronds of the plant to create a specific, heavily altered shape.  Plaintiff then hand painted the individual palm fronds to create the highly intricate and creative pattern depicted in the Artwork.

38.     The paint used to create the Artwork was hand mixed by Plaintiff in specific proportions that are proprietary to Plaintiff.  Plaintiff chose to paint the stem of the Artwork in a specific blue using an emulsion vinyl paint and acrylic polymer emulsion opaque paint with accentuated pigment due to the curved and complex surface of the stem.

39.    The Artwork is an original work of authorship created by Plaintiff.

40.    The Artwork is a copyright-protected sculptural work that is registered with the U.S. Copyright Office (U.S. Copyright Office Registration No. VA 2-342-734).  See **Exhibit A**.

**II.    Plaintiff's Copyright-Protected Photographs and Posting of the Same on Plaintiff's Instagram account, @wifenyc**

41.    After creating the Artwork, Plaintiff took photos of it in her art studio.

42.    As set forth above, Plaintiff then posted four (4) of those photographs onto her well-known and widely disseminated Instagram account, @wifenyc, between September 2019 and April 2020 (collectively "**the Photographs**").

43.    The Photographs are original works of authorship created by Plaintiff.  The Photographs are registered works of art with the U.S. Copyright Office (U.S. Copyright Office Registration No. VA 2-352-960 and U.S. Copyright Office Registration No. VA 2-420-961).  See **Exhibit B**.

44.    Defendants had access to the Photographs and the Artwork due to the public and widely disseminated nature of Plaintiff's Instagram account, @wifenyc.  As of the date of this Complaint, Plaintiff's Instagram account has 98,800 followers.

**III.    INFRINGING APPAREL PRODUCTS – Alice Temperley MBE, the Temperley London Defendants, and the ROMO Defendants Infringed Upon Plaintiff's Artwork and the Photographs through the Creation, Display, Distribution, and Sale of the Unauthorized Farrah Apparel Products and Unauthorized Palmae Apparel Products.**

45.    As set forth above, in or around February/March 2022, the Temperley London Defendants started selling their Spring Summer 2022 collection to the public, which

included the Unauthorized Farrah Apparel Products and Unauthorized Palmae Apparel Products.

46.     After the launch of the Temperley London Spring Summer 2022 collection, the Temperley London Defendants and Defendant Alice Temperley MBE promoted the collection to consumers in the United States via online and social media efforts and through fashion shows and in-person trunk shows at brick-and-mortar retailers.

47.     Defendants engaged in a U.S. tour to promote the new collection.  The U.S. cities covered in the tour to promote the Temperley London Spring Summer 2022 collection included Los Angeles, Houston, Palm Beach, and Naples, FL.  During this tour, the Unauthorized Farrah Apparel Products and Unauthorized Palmae Apparel Products were displayed, distributed, and sold to consumers based in the United States.

48.     The trunk shows took place at the Soho House in Los Angeles and the Marissa Collections boutiques in Palm Beach and Naples, FL.  A runway show to promote the collection took place at the Elizabeth Anthony boutique in Houston, TX.

49.     As set forth above, the Unauthorized Farrah Apparel Products include almost exact replicas of Plaintiff's Artwork and the Photographs on the front, sides, and back of the garments.

50.     Plaintiff never gave permission or consent to Defendants to reproduce, display, distribute, or sell derivative works that featured the Artwork or the Photographs.

51.     The Temperley London Defendants copied one or more of the Photographs and the underlying Artwork to create the Unauthorized Farrah Apparel Products.

52.     Upon information and belief, the Temperley London Defendants digitally reproduced one or more of the Photographs found on Plaintiff's Instagram account, @wifenyc, to create a pattern or digital rendering that was then used to create the Unauthorized Farrah Apparel Products.

53.     Upon information and belief, Defendant Alice Temperley MBE, the Creative Director of Temperley London, collaborated with, directed, controlled, and induced the Temperley London Defendants to create, produce, sell, and display the Unauthorized Farrah Apparel Products.

54.     The Unauthorized Farrah Apparel Products are strikingly similar or at a minimum, substantially similar, to the Artwork and the Photographs.  Thus, they constitute unauthorized derivative works of the Artwork and the Photographs and infringe upon Plaintiff's copyright rights in those works.

55.     The Temperley London Defendants and Alice Temperley MBE reproduced, displayed, sold, and distributed the Unauthorized Farrah Apparel Products to consumers in the United States and abroad without Plaintiff's consent or any payment to Plaintiff.

56.     In addition to the Unauthorized Farrah Apparel Products, the Temperley London Defendants and Alice Temperley MBE also created, reproduced, displayed, sold, and distributed the Unauthorized Palmae Apparel Products to consumers in the United States and abroad without Plaintiff's consent or any payment to Plaintiff.

57.     To create the Unauthorized Palmae Apparel Products, the Temperley London Defendants copied one or more of Plaintiff's Photographs and the underlying Artwork.

58.     Upon information and belief, the Temperley London Defendants digitally reproduced one or more of the Photographs found on Plaintiff's Instagram account,

@wifenyc, to create a pattern or digital rendering that was then used to create the Unauthorized Palmae Apparel Products.

59.     Upon information and belief, Defendant Alice Temperley collaborated with, directed, controlled, and induced the Temperley London Defendants to create, produce, sell, and display the Unauthorized Palmae Apparel Products.

60.     The Unauthorized Palmae Apparel Products are substantially similar to the Artwork and the Photographs.  Thus, they constitute unauthorized derivative works of the Artwork and the Photographs and infringe upon Plaintiff's copyright rights in those works.

61.     On Temperley London's website, it states under its "Ownership of Rights" section of its Terms and Conditions page: "Any trademarks, copyrights or logos used on the website are owned by or licensed by TMLL Ltd."  This statement is false and constitutes the distribution of false copyright management information in violation of 17 U.S.C. § 1202(a) because Plaintiff is the copyright holder to the Artwork featured on the Unauthorized Farrah and Palmae Apparel Products, not Defendants.  See **Exhibit C**.

62.     Defendants displayed, sold, and distributed the Unauthorized Farrah Apparel Products and Unauthorized Palmae Apparel Products to United States consumers through Temperley London's website, https://int.temperleylondon.com/?country=US, ROMO's website, https://www.romo.com/, Temperley London's Instagram accounts, @temperleylondon, @TemperleyBridal, and @TemperleyLondonOutlet, Alice Temperley MBE's Instagram account, @alicetemperley, ROMO's Instagram account, @romo_fabrics, Temperley London's Facebook account, https://www.facebook.com/temperleylondon/, ROMO's Facebook account, https://www.facebook.com/romofabrics, and Temperley London's Twitter/X (@TemperleyLondon) account, among other online and brick-and-

mortar channels of distribution such as third-party retailers and distributors.  See **Exhibits C, D, F, G, H**.

IV.   **INFRINGING INTERIORS PRODUCTS – Alice Temperley MBE, the Temperley London Defendants, and the ROMO Defendants Infringed Upon Plaintiff's Artwork and the Photographs through the Creation, Display, Distribution, and Sale of the Unauthorized Farrah Interiors Products.**

63.     As set forth above, in or around March 2023, the Temperley London Defendants and ROMO Defendants released an interiors collection known as the Temperley London x ROMO "A World Less Ordinary" collection and started selling, displaying, and distributing the various interiors products that make up that collection, including the Unauthorized Farrah Interiors Products.

64.     The unauthorized Farrah Agave and Farrah Lilac Ash fabrics include almost identical reproductions of Plaintiff's Photographs and the underlying Artwork with only a few minor design changes and color alterations.  The Farrah Agave and Farrah Lilac Ash fabrics are strikingly similar or at a minimum, substantially similar, to Plaintiff's Artwork and the Photographs.

65.     Likewise, the unauthorized Farrah Agave and Farrah Lilac Ash cushions include almost identical reproductions of Plaintiff's Photographs and the underlying Artwork with only a few minor design changes and color alterations. The Farrah Agave and Farrah Lilac Ash cushions are strikingly similar or at a minimum, substantially similar, to Plaintiff's Artwork and the Photographs.

66.     In March 2023, Defendants displayed the Unauthorized Farrah Interiors Products at the London Institute of Contemporary Arts for the Temperley London x ROMO "A World Less Ordinary" collection launch party.   Notably, the unauthorized Temperley London Farrah Kimono apparel garment featuring Plaintiff's Artwork was prominently

displayed at the launch party to draw attention to the Temperley London x ROMO interiors collection and the collaboration between the brands.

67.     Defendants also displayed the Unauthorized Farrah Interiors Products in the ROMO showroom at London Design Week in March 2023.  Upon information and belief, the ROMO showroom was a main feature and sponsor of London Design Week and drew a significant audience.  Once again, the unauthorized Temperley London Farrah Kimono apparel garment featuring Plaintiff's Artwork was prominently displayed at the ROMO showroom at London Design Week to draw attention to the Temperley London x ROMO interiors collection and the collaboration between the brands.

68.     After the launch of the collection in England, Defendant Alice Temperley MBE, Founder and Creative Director of Temperley London, and Emily Mould, Director of Design & Excellence for ROMO, went on a North American tour promoting the Temperley London x ROMO "A World Less Ordinary" product line across the United States.

69.     During the North American tour, Defendants promoted, displayed, sold, and distributed the Unauthorized Farrah Apparel Products and the Unauthorized Farrah Interiors Products to U.S. consumers.  Moreover, Defendants held launch parties in New York and Los Angeles to celebrate and promote the Temperley London x ROMO "A World Less Ordinary" collection and the collaboration between the brands.

70.     Plaintiff never gave permission or consent to Defendants to reproduce, display, distribute, or sell derivative works that featured the Artwork or the Photographs. Plaintiff never received any payment from Defendants relating to their reproduction, display, distribution, or sale of the Unauthorized Farrah Interiors Products.

71.     The Temperley London Defendants and ROMO Defendants copied one or more of the Photographs and the underlying Artwork to create the Unauthorized Farrah Interiors Products.

72.     Upon information and belief, the Temperley London Defendants and ROMO Defendants digitally reproduced one or more of the Photographs found on Plaintiff's Instagram account, @wifenyc, to create a pattern or digital rendering that was then used to create the Unauthorized Farrah Interiors Products.

73.     All of the Unauthorized Farrah Interiors Products infringe upon Plaintiff's copyright rights as they are unauthorized derivative works of Plaintiff's Artwork and the Photographs.

74.     Upon information and belief, Defendant Alice Temperley MBE collaborated with, directed, controlled, and induced the Temperley London Defendants and ROMO Defendants to create, produce, sell, and display the Unauthorized Farrah Interiors Products.

75.     Upon information and belief, the Temperley London Defendants collaborated with, directed, and induced the ROMO Defendants to create, produce, sell, and display the Unauthorized Farrah Interiors Products.

76.     Upon information and belief, the ROMO Defendants collaborated with, directed, and induced the Temperley London Defendants to sell and display the Unauthorized Farrah Interiors Products.

77.     Defendants displayed, sold, and distributed the Unauthorized Farrah Interiors Products to United States consumers through ROMO's showrooms located throughout the United States and the world, through ROMO's website, https://www.romo.com/, Temperley London's website https://int.temperleylondon.com/?country=US, Temperley London's

Instagram account, @temperleylondon, ROMO's Instagram account, @romo_fabrics, Alice Temperley MBE's Instagram account, @alicetemperley, Temperley London's Facebook account, https://www.facebook.com/temperleylondon/, ROMO's Facebook account, https://www.facebook.com/romofabrics, Temperley London's Twitter/X (@TemperleyLondon) account, ROMO's Pinterest account, https://www.pinterest.com/romo_fabrics/, among other online and brick-and-mortar channels of distribution such as third-party retailers, designers, and distributors.  See **Exhibits E, F, G, H**.

78.    Notably, on ROMO's website, PDF printouts are listed alongside the Unauthorized Farrah Interiors Products, which include additional information for each product.  The PDFs for the Farrah Agave and Farrah Lilac Ash fabrics and the Farrah Agave and Farrah Lilac Ash cushions include the following copyright management statement: "© Copyright The Romo Group 2024.  All Rights Reserved."  See **Exhibit E**.

79.    This copyright management statement is a blatant misrepresentation in violation of 17 U.S.C. § 1202(a) as Plaintiff is the copyright holder to the Artwork featured on the Unauthorized Farrah Interiors Products, not the ROMO Defendants.

80.    Despite Defendants' receipt and acknowledgement of a Cease-and-Desist Notice sent by Plaintiff in April 2024 regarding the aforementioned infringements, Defendants continue to produce, sell, display, and distribute the Unauthorized Farrah Interiors Products in ROMO showrooms throughout the United States and the world, as well as through other distribution channels such as ROMO's website, Temperley London's website, the brands' respective social media channels, and third-party retailers, designers, and distributors.  As of the date of the filing of this Complaint, both the ROMO Defendants

and the Temperley London Defendants have live listings to purchase the Unauthorized

Farrah Interiors Products on their websites, including their websites serving U.S. consumers.

> **V.     INFRINGING ADVERTISING WORKS BY ALICE TEMPERLEY MBE – Defendant Alice Temperley MBE Infringed Upon Plaintiff's Artwork and the Photographs through the Creation, Display, and Distribution of the Unauthorized Advertising Works.**

81.     In addition to the sale of the aforementioned infringing apparel and interiors

products set forth above, Defendants have and continue to reproduce, display, and distribute

photographs, videos, and other advertisements that include unauthorized reproductions of

the Artwork and the Photographs via their social media accounts, websites, brick-and-mortar

stores, showrooms, newsletters, email blasts, and elsewhere (collectively "**Unauthorized**

**Advertising Works**").

82.     Specifically, Defendant Alice Temperley MBE displayed several

photographs, videos, and advertisements on her personal Instagram account,

@alicetemperley, that prominently depict the Unauthorized Farrah Apparel Products,

Unauthorized Palmae Apparel Products, and Unauthorized Farrah Interiors Products.  See

**Exhibit F**.

83.      All of the photos, videos, and advertisements set forth in Exhibit F contain

unauthorized reproductions of the copyright-protected elements of Plaintiff's Artwork and

the Photographs and are substantially similar to Plaintiff's Artwork and the Photographs.

84.     Thus, the Unauthorized Advertising Works set forth in Exhibit F are

unauthorized derivative works that infringe upon Plaintiff's copyright rights in the Artwork

and the Photographs.

85.    Despite receiving a Cease-and-Desist Notice from Plaintiff in April 2024 regarding the aforementioned infringements, Defendant Alice Temperley MBE continues to display the Unauthorized Advertising Works set forth in Exhibit F on her personal Instagram account, @alicetemperley.

86.    Defendant Alice Temperley MBE has and is still willfully infringing upon Plaintiff's copyright rights.

87.    As a direct and proximate result of Defendant Alice Temperley's display of the Unauthorized Farrah Advertising Works set forth in Exhibit F, Defendants increased the brand awareness of the Temperley London and ROMO brands in the marketplace in general, leading to increased sales relating to the Temperley London Spring Summer 2022 apparel collection, the Temperley London x ROMO "A World Less Ordinary" interiors collection, as well as other merchandise and products sold by Defendants.

88.    Plaintiff has been injured by Defendant Alice Temperley MBE's infringing conduct and is entitled to relief.

**VI.    INFRINGING ADVERTISING WORKS BY THE TEMPERLEY LONDON DEFENDANTS – The Temperley London Defendants Infringed Upon Plaintiff's Artwork and the Photographs through the Creation, Display, and Distribution of the Unauthorized Advertising Works.**

89.    The Temperley London Defendants displayed several photographs, videos, and advertisements on Temperley London's website, in their brick-and-mortar stores, and at special events such as trunk shows and fashion shows that prominently depict the Unauthorized Farrah Apparel Products, Unauthorized Palmae Apparel Products, and Unauthorized Farrah Interiors Products.  See **Exhibits C, D, G.**

90.     Additionally, the Temperley London Defendants displayed several photographs, videos, and advertisements on their Instagram accounts, @temperleylondon, @TemperleyBridal, and @TemperleyLondonOutlet, Facebook account, https://www.facebook.com/temperleylondon, and Twitter/X account (@TemperleyLondon), that prominently depict the Unauthorized Farrah Apparel Products, Unauthorized Palmae Apparel Products, and the Unauthorized Farrah Interiors Products.  See **Exhibit G**.

91.     Moreover, upon information and belief, the Temperley London Defendants also sent out newsletters, email blasts, and other forms of advertisements that feature photographs and/or videos depicting the Unauthorized Farrah Apparel Products, Unauthorized Palmae Apparel Products, and Unauthorized Farrah Interiors Products to consumers or potential consumers.

92.     All of the photos, videos, and advertisements set forth in Exhibits C, D, and G contain unauthorized reproductions of the copyright-protected elements of Plaintiff's Artwork and the Photographs and are substantially similar to Plaintiff's Artwork and the Photographs.

93.     Thus, the Unauthorized Advertising Works set forth in Exhibits C, D, and G are unauthorized derivative works that infringe upon Plaintiff's copyright rights in the Artwork and the Photographs.

94.     The Temperley London Defendants have benefited immensely by the positive attention that was garnered online via social media due to the widespread dissemination of the Unauthorized Advertising Works.  The Unauthorized Advertising Works featuring the Temperley London "Farrah" apparel products were particularly popular and garnered significant publicity for the Temperley London brand.

95.     In February 2023, the well-known American singer and songwriter, Brandi Carlile, wore the Farrah Kimono featuring multiple replicas of Plaintiff's Artwork to the 65th Annual Grammy Awards where she went on to win three (3) Grammys.  Thereafter, the photos of Carlile in the Farrah Kimono were prominently displayed on Temperley London's website and social media channels.  See **Exhibit G**.  The Unauthorized Advertising Works featuring Carlile wearing Plaintiff's Artwork increased the marketability of the Temperley London brand, which upon information and belief, resulted in increased sales of Temperley London apparel pieces, not just the Farrah Kimono product.

96.     Other Unauthorized Farrah Apparel Products have also been worn by other celebrities at high profile events, such as Rebecca Night, who wore the Farrah Dress at the Downton Abbey Premier in London.  Again, this unauthorized display of Plaintiff's Artwork garnered additional publicity and attention for the Temperley London brand, such as being featured in Page Six magazine in the U.S., thereby leading to the increased marketability of the Temperley London brand in general, which upon information and belief, resulted in increased sales of Temperley London apparel products.

97.     Despite receiving a Cease-and-Desist Notice from Plaintiff in April 2024 regarding the aforementioned infringements, the Temperley London Defendants continue to display the Unauthorized Advertising Works set forth in Exhibits C, D, and G on their website, Instagram accounts, @temperleylondon, @TemperleyBridal, and @TemperleyLondonOutlet, Facebook account, https://www.facebook.com/temperleylondon, and Twitter/X account (@TemperleyLondon).

98.     The Temperley London Defendants have and are still willfully infringing upon Plaintiff's copyright rights.

99.     As a direct and proximate result of the Temperley London Defendants'
display of the Unauthorized Advertising Works set forth in Exhibits C, D, and G,
Defendants increased the brand awareness of the Temperley London and ROMO brands in
the marketplace in general, leading to increased sales relating to the Temperley London
Spring Summer 2022 apparel collection, the Temperley London x ROMO "A World Less
Ordinary" interiors collection, as well as other merchandise and products sold by
Defendants.

100.    Plaintiff has been injured by the Temperley London Defendants' infringing
conduct and is entitled to relief.

**VII.    INFRINGING ADVERTISING WORKS BY THE ROMO
DEFENDANTS – The ROMO Defendants Infringed Upon Plaintiff's
Artwork and the Photographs through the Creation, Display, and
Distribution of the Unauthorized Advertising Works.**

101.    The ROMO Defendants displayed several photographs, videos, and
advertisements on the ROMO website and in their brick-and-mortar showrooms that
prominently depict the Unauthorized Farrah Apparel Products and the Unauthorized Farrah
Interiors Products.  See **Exhibits E and H**.

102.    Additionally, the ROMO Defendants displayed several photographs, videos,
and advertisements on their Instagram account, @romo_fabrics, Facebook account,
https://www.facebook.com/romofabrics, Pinterest account,
https://www.pinterest.com/romo_fabrics/, and other social media and advertising channels
that prominently depict the Unauthorized Farrah Apparel Products and Unauthorized Farrah
Interiors Products.  See **Exhibit H**.

103.    Moreover, upon information and belief, the ROMO Defendants also sent out
newsletters, email blasts, and other forms of advertisements to consumers or potential

38

consumers that featured photographs and/or videos depicting the Unauthorized Farrah Apparel Products and Unauthorized Farrah Interiors Products.

104.    All of the Unauthorized Advertising Works set forth in Exhibits E and H contain unauthorized reproductions of the copyright-protected elements of Plaintiff's Artwork and the Photographs and are substantially similar to Plaintiff's Artwork and the Photographs.

105.    Thus, the Unauthorized Advertising Works set forth in Exhibits E and H are unauthorized derivative works that infringe upon Plaintiff's copyright rights in the Artwork and the Photographs.

106.    Despite receiving a Cease-and-Desist Notice from Plaintiff in April 2024 regarding the aforementioned infringements, the ROMO Defendants continue to display the aforementioned Unauthorized Advertising Works set forth in Exhibits E and H on their website, Instagram account, @romo_fabrics, Facebook account, https://www.facebook.com/romofabrics, Pinterest account, https://www.pinterest.com/romo_fabrics/, and other social media and advertising channels.

107.    The ROMO Defendants have and are still willfully infringing upon Plaintiff's copyright rights.

108.    As a direct and proximate result of the ROMO Defendants' display of the Unauthorized Advertising Works, Defendants increased the brand awareness of the Temperley London and ROMO brands in the marketplace in general, leading to increased sales relating to the Temperley London Spring Summer 2022 apparel collection, the Temperley London x ROMO "A World Less Ordinary" interiors collection, as well as other merchandise and products sold by Defendants.

109.    Plaintiff has been injured by the ROMO Defendants' infringing conduct and is entitled to relief.

## **FIRST CLAIM FOR RELIEF**

### **(For Direct Copyright Infringement Under 17 U.S.C. § 501 – As to All Defendants)**

110.    Plaintiff repeats and alleges paragraphs 1 through 109 hereof, as if fully set forth herein in their entirety.

111.    The Artwork entitled "Memphis Chainsaw" is an original sculptural work of art created by Plaintiff that qualifies for copyright protection under the U.S. Copyright Act, 17 U.S.C. § 101, *et seq.*  Plaintiff is the sole author and copyright holder to the Artwork and has filed its copyright registration for the Artwork with the U.S. Copyright Office in accordance with its rules and regulations.  The Artwork is registered with the U.S. Copyright Office and has been assigned Registration No. VA 2-342-734, with an effective date of registration of February 28, 2023, certifying Plaintiff's compliance with all applicable formalities of the U.S. Copyright Office.  See **Exhibit A**.

112.    The four (4) Photographs set forth in Exhibit B are original works of art created by Plaintiff that qualify for copyright protection under the U.S. Copyright Act, 17 U.S.C. § 101, *et seq.*  Plaintiff is the sole author and copyright holder to the Photographs and has filed copyright registrations for the works with the U.S. Copyright Office in accordance with its rules and regulations.  The Photographs are registered with the U.S. Copyright Office and have been assigned Registration No. VA 2-352-960, with an effective date of registration of April 27, 2023, and U.S. Copyright Registration No. VA 2-420-961, with an effective date of November 4, 2024, certifying Plaintiff's compliance with all applicable formalities of the U.S. Copyright Office.  See **Exhibit B**.

113.    Through Defendants' conduct alleged herein, including their unauthorized reproduction, display, sale, and commercial distribution of derivative works of the Artwork and the Photographs without Plaintiff's authorization and without a license, Defendants have directly infringed upon Plaintiff's exclusive rights in the Artwork and the Photographs in violation of Section 501 of the Copyright Act.  See 17 U.S.C. § 501.

114.    Defendants' infringing conduct alleged herein was willful as they sold, displayed, and distributed the aforementioned Unauthorized Farrah Apparel Products, Unauthorized Palmae Apparel Products, Unauthorized Farrah Interiors Products, and Unauthorized Advertising Works with full knowledge that they did not obtain permission from Plaintiff to use its artworks and did not enter into a licensing deal or compensate Plaintiff for the use of its artworks.

115.    Defendants' conduct alleged herein was willful because even after Defendants were made aware of the various infringements, they continued to sell, display, and distribute the Unauthorized Farrah Interiors Products through their websites, social media channels, in ROMO showrooms throughout the world, including in the United States, and through third-party designers, retailers, and distribution channels.

116.     Defendants' conduct alleged herein was willful because even after Defendants were made aware of their various infringements, including their display of the Unauthorized Advertising Works, they continued to reproduce, display, and post new advertisements showing derivative works of the Artwork and the Photographs on their social media channels, websites, and elsewhere and refused to take down or remove the previously posted Unauthorized Advertising Works from these sources.  As of the date of the filing of this Complaint, all of the Unauthorized Advertising Works set forth in Exhibits E, F, and H

still remain live on Defendants' websites and social media channels, and most of the Unauthorized Advertising Works set forth in Exhibit G still remain live.

117.    As a direct and proximate result of Defendants' unlawful actions set forth herein, Defendants have obtained direct and indirect profits as alleged above that they would not have otherwise realized but for their infringement of Plaintiff's rights in the Artwork and the Photographs.  As such, Plaintiff has been harmed and suffered damages in an amount to be proven at trial.

118.    Pursuant to 17 U.S.C. § 504(a)(1) and (b), Plaintiff is entitled to recover its actual damages and any profits of Defendants that are attributable to the infringements and are not taken into account in computing the actual damages.  Plaintiff is entitled to the disgorgement of Defendants' profits, both direct and indirect profits, stemming from the infringing conduct set forth herein.

119.    Plaintiff is entitled to an accounting of and a constructive trust with respect to such profits.

120.    Plaintiff is also entitled, at its election, to seek statutory damages pursuant to 17 U.S.C. § 504(c), costs, and its attorneys' fees pursuant to 17 U.S.C. § 505.

121.    Defendants' conduct has caused and will continue to cause if not enjoined and restrained by this Court great and irreparable injury to Plaintiff that cannot be fully compensated monetarily.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to preliminary and permanent injunctive relief prohibiting Defendants from further infringing upon Plaintiff's copyright rights in the Artwork and the Photographs.

122.    Plaintiff is further entitled to the preliminary impounding and subsequent destruction of all Unauthorized Farrah Apparel Products, Unauthorized Palmae Apparel Products, Unauthorized Farrah Interiors Products, Unauthorized Advertising Works, and any other infringing products and/or advertising works that are in the custody or control of Defendants pursuant to 17 U.S.C. § 503.

## SECOND CLAIM FOR RELIEF

**(Vicarious and Contributory Copyright Infringement – As to All Defendants)**

123.    Plaintiff repeats and alleges paragraphs 1 through 122 hereof, as if fully set forth herein in their entirety.

124.    Each and every reproduction and creation of a derivative work of the Artwork and the Photographs by Defendants was without the consent, approval, or license of Plaintiff.

125.    Upon information and belief, Defendants, and each of them, are contributorily liable for the infringements alleged herein because they knowingly induced, caused, participated in, aided and abetted in, and profited from the illegal reproduction and distribution of the Unauthorized Farrah Apparel Products, Unauthorized Palmae Apparel Products, Unauthorized Farrah Interiors Products, and Unauthorized Advertising Works as set forth herein.  Such conduct included creating, reproducing, displaying, distributing, and selling the apparel and interiors products that infringed upon Plaintiff's Artwork and the Photographs and reproducing, displaying, distributing, and selling the Unauthorized Advertising Works that infringed upon Plaintiff's Artwork and the Photographs when they knew, or should have known, that they did not have authorization from the original creator, Plaintiff, to do so.

126.    Upon information and belief, Defendants, and each of them, are also vicariously liable for the infringements alleged herein because they had the right and ability to supervise and control the infringing conduct and because they had a direct financial interest in the infringing conduct.  Specifically, Defendants and each of them, received revenue in connection with the unauthorized reproduction, display, distribution, and sale of the Unauthorized Farrah Apparel Products, Unauthorized Palmae Apparel Products, Unauthorized Farrah Interiors Products, and Unauthorized Advertising Works and were able to supervise and control the reproduction, display, distribution, and sale of these products and advertising works.

127.    As a direct result of Defendants', and each of their, acts of contributory and vicarious copyright infringement as alleged above, Plaintiff has suffered damages in an amount to be established at trial.

128.    As a direct result of Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Artwork and the Photographs.  As such, Plaintiff is entitled to the disgorgement of Defendants' profits, both direct and indirect profits, attributable to their infringement of Plaintiff's rights in the Artwork and the Photographs, in an amount to be established at trial.

129.    Plaintiff is entitled to an accounting of and a constructive trust with respect to such profits.

130.    Plaintiff is also entitled, at its election, to seek statutory damages pursuant to 17 U.S.C. § 504(c), costs, and its attorneys' fees pursuant to 17 U.S.C. § 505.

131.    Defendants' conduct has caused and will continue to cause if not enjoined and restrained by this Court great and irreparable injury to Plaintiff that cannot be fully compensated monetarily.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to preliminary and permanent injunctive relief prohibiting Defendants from further infringing upon Plaintiff's copyrights.

## THIRD CLAIM FOR RELIEF

### (Distribution of False Copyright Management Information in Violation of 17 U.S.C. § 1202 – As to All Defendants)

132.    Plaintiff repeats and alleges paragraphs 1 through 131 hereof, as if fully set forth herein in their entirety.

133.    Plaintiff is the author and sole copyright claimant of the Artwork and the Photographs.

134.    Defendants knew that they were not the authors or copyright holders to the Artwork or the Photographs.

135.    Defendant Alice Temperley MBE and the Temperley London Defendants knew that Plaintiff was the author of the Artwork and the Photographs and was the sole copyright holder to the Artwork and the Photographs.

136.    Defendant Alice Temperley MBE and the Temperley London Defendants knew that they did not have authorization from Plaintiff and did not obtain a license from Plaintiff to use the Artwork or Photographs or to make derivative works from those artworks.

137.    Despite having this knowledge, Defendant Alice Temperley MBE and the Temperley London Defendants provided and distributed false authorship and ownership information in connection with the derivative works of the Artwork and the Photographs.

138.    Specifically, the Temperley London Defendants put their brand names and copyright management information on their website displaying and offering for sale the Unauthorized Farrah Apparel Products, Unauthorized Palmae Apparel Products, Unauthorized Farrah Interiors Product, and Unauthorized Farrah Advertising Works, all of which are derivative works of Plaintiff's Artwork and the Photographs.  On Temperley London's website, it states under its "Ownership of Rights" section of its Terms and Conditions page: "Any trademarks, copyrights or logos used on the website are owned by or licensed by TMLL Ltd."  See **Exhibit C**.

139.    This statement is false and constitutes the provision and distribution of false copyright management information.

140.    Additionally, in Alice Temperley MBE and the Temperley London Defendants' social media posts and advertisements concerning the unauthorized derivative designs of Plaintiff's Artwork displayed on the Unauthorized Farrah Apparel Products, Unauthorized Palmae Apparel Products, and Unauthorized Farrah Interiors Products, Defendants advertised their brand names and represented that all of the Farrah and Palmae designs were owned and/or authored by Defendants.  These statements are blatant misrepresentations that constitute the distribution and provision of false copyright management information.

141.    Upon information and belief, the ROMO Defendants knew or had reason to know that Plaintiff was the author of the Artwork and the Photographs and was the sole copyright holder to the Artwork and the Photographs.

142.    Upon information and belief, the ROMO Defendants knew that they did not have authorization from Plaintiff and did not obtain a license from Plaintiff to use the Artwork or Photographs or to make derivative works from those artworks.

143.    Despite having this knowledge, the ROMO Defendants provided and distributed false authorship and ownership information in connection with the derivative works of the Artwork and the Photographs.

144.    Specifically, on ROMO's website, PDF printouts are listed alongside the Unauthorized Farrah Interiors Products, which include additional information for each product.  All of the PDFs list "© Copyright The Romo Group 2024.  All Rights Reserved." next to the Unauthorized Farrah Interiors Products.  See **Exhibit E**.  Upon information and belief, this copyright management information is also listed on the physical interiors products themselves and in the sample and swatch books in the ROMO showrooms, among other locations.  These statements are blatant misrepresentations that constitute the provision and distribution of false copyright management information as Plaintiff is the copyright holder to the Artwork featured on the Unauthorized Farrah Interiors Products, not the ROMO Defendants.

145.    Additionally, the ROMO Defendants advertised their brand names and represented in all of their social media posts and advertisements concerning the unauthorized derivative works that the derivative designs featured on the Unauthorized Farrah Interiors Products were owned and/or authored by Defendants.  These statements are also blatant misrepresentations that constitute the distribution and provision of false copyright management information.

146.     Defendants knowingly provided and distributed false Copyright Management Information (CMI) with the intent to induce, enable, facilitate, and/or conceal copyright infringement of Plaintiff's Artwork and the Photographs in violation of 17 U.S.C. § 1202(a).

147.     Plaintiff has suffered actual damages as a result of these acts set forth herein in an amount currently unknown and to be determined at trial.

148.     Defendants have gained profits as a result of these acts set forth herein in an amount currently unknown to Plaintiff and to be determined at trial.

149.     Plaintiff is entitled to recover from Defendants its actual damages and any additional profits of Defendants that are not taken into account in computing the actual damages, pursuant to 17 U.S.C. § 1203(c)(2).

150.     In the alternative, and at Plaintiff's election, Plaintiff is entitled to recover from Defendants, for each and every violation of 17 U.S.C. § 1202(a), the extent to which is currently unknown at the present time and will be proven at trial, statutory damages of up to $25,000.00 per violation (each instance of use, reproduction, distribution and/or display), pursuant to 17 U.S.C. § 1203(c)(3)(B).

151.     Pursuant to 17 U.S.C. § 1203(b)(1), Plaintiff is entitled to preliminary and permanent injunctive relief to prevent or restrain further violations of 17 U.S.C. § 1202(a).

152.     Plaintiff is entitled to recover its costs from Defendants pursuant to 17 U.S.C. § 1203(b)(4).

153.     Plaintiff is further entitled to recover its attorneys' fees from Defendants pursuant to 17 U.S.C. § 1203(b)(5).

154.    Plaintiff is further entitled to the preliminary impounding and subsequent destruction of all Unauthorized Farrah Apparel Products, Unauthorized Palmae Apparel Products, Unauthorized Farrah Interiors Products, Unauthorized Advertising Works, and other infringing products and/or advertising works that are in the custody or control of Defendants pursuant to 17 U.S.C. § 1203(b)(2) and (6).

## FOURTH CLAIM FOR RELIEF

### (Accounting – As to All Defendants)

155.    Plaintiff repeats and alleges paragraphs 1 through 154 hereof, as if fully set forth herein in their entirety.

156.    Defendants have derived and/or are in possession of significant revenue, profits, and other benefits thereon stemming from the unauthorized and improper use and exploitation of Plaintiff's copyright-protected artworks, namely, the Artwork and the Photographs.

157.    Plaintiff is entitled to a full and accurate accounting of all revenues generated by Defendants in connection with the sale, display, production, and distribution of the Unauthorized Farrah Apparel Products, Unauthorized Palmae Products, and Unauthorized Farrah Interiors Products.

158.    Moreover, Plaintiff is entitled to a full and accurate accounting of all revenues generated by and in connection with the sale of all Temperley London Spring Summer 2022 Collection apparel products and Temperley London Wedding apparel products during the time that the Unauthorized Advertising Works, which are unauthorized derivative works of Plaintiff's Artwork and the Photographs, were displayed and used by Defendants on their websites, social media channels, in stores and showrooms, and via other advertising mediums to promote these apparel collections.

159.    Plaintiff is also entitled to a full and accurate accounting of all revenues generated by and in connection with the sale of the interiors products that are part of the Temperley London x ROMO "A World Less Ordinary" collection during the time that the Unauthorized Advertising Works, which are unauthorized derivative works of Plaintiff's Artwork and the Photographs, were displayed and used by Defendants on their websites, social media channels, in stores and showrooms, and via other advertising mediums to promote this interiors collection.

160.    The precise amount of money due to Plaintiff from Defendants resulting from their infringements is unknown to Plaintiff and cannot be reasonably ascertained without a full and complete accounting of Defendants' relevant books and records.  Due to the widespread nature of the infringing acts committed by Defendants at issue, it is not possible for Plaintiff to ascertain a fixed sum that is currently owed to it unless a full and accurate accounting of all revenues generated from the aforementioned infringing acts is performed.

## **PRAYER FOR RELIEF**

WHEREFORE, Sophia Parker Studios, Inc. prays for judgment in its favor against Defendants, jointly and severally, and for the following relief:

1) That Plaintiff shall be awarded its actual damages incurred as a result of Defendants' unlawful conduct and the infringing acts set forth herein in an amount as may be proper pursuant to 17 U.S.C. § 504(b) and 17 U.S.C. § 1203(c);

2) That Plaintiff shall be awarded all profits, both direct and indirect, of Defendants, and each of them, stemming from their unlawful actions and

infringement, the exact sum to be proven at the time of trial pursuant to 17 U.S.C. § 504(b) and 17 U.S.C. § 1203(c);

3) That, alternatively, at Plaintiff's election, Plaintiff shall be awarded statutory damages of up to $150,000.00 for each separate act of infringement for willful infringement pursuant to 17 U.S.C. § 504(c) and statutory damages pursuant to 17 U.S.C. § 1203(c) and any other applicable laws;

4) That the Court shall enter an order for a preliminary and permanent injunction (a) enjoining Defendants and their respective members, officers, principals, shareholders, agents, attorneys, servants, employees, successors, and assigns, and any and all other persons in privity with or acting in active concert or participation with any of them, from reproducing, displaying, selling, or distributing the Unauthorized Farrah Apparel Products, Unauthorized Palmae Apparel Products, Unauthorized Farrah Interiors Products, and Unauthorized Advertising Works, distributing false Copyright Management Information, or otherwise infringing in any manner (including without limitation by materially contributing to or intentionally inducing the infringement of) any copyright right in Plaintiff's Artwork and/or the Photographs; and (b) impounding all Unauthorized Farrah Apparel Products, Unauthorized Palmae Apparel Products, Unauthorized Farrah Interiors Products, and Unauthorized Advertising Works still in the possession, custody, or control of Defendants, all molds or other articles by which such copies may be reproduced, and all records documenting the manufacture, sale, or receipt of things involved in the aforementioned violations pursuant to 17 U.S.C. § 503 and 17 U.S.C. § 1203(b), and as part of the final judgment, ordering the destruction of all unauthorized copies of Plaintiff's Artwork

and the Photographs, including the Unauthorized Farrah Apparel Products, Unauthorized Palmae Apparel Products, Unauthorized Farrah Interiors Products, and Unauthorized Advertising Works, and all molds and other articles by means of which such copies may be reproduced;

5) That the Temperley London Defendants shall be required to provide an accounting of the total revenue generated by the sale of the Unauthorized Farrah Apparel Products, Unauthorized Palmae Apparel Products, and Unauthorized Interiors Products, as well as an accounting of the total revenue generated from the sale of all Temperley London Spring Summer 2022 apparel products and Temperley London Wedding apparel products during the time that the Unauthorized Advertising Works, which are unauthorized derivative works of Plaintiff's Artwork and the Photographs, were used and displayed by the Temperley London Defendants on their websites, e-commerce platforms, social media channels, in-store, and through various other advertising mediums to promote these apparel collections.

6) That the ROMO Defendants shall be required to provide an accounting of the total revenue generated by the sale of the Unauthorized Farrah Interiors Products, as well as an accounting of the total revenue generated from the sale of all Temperley London x ROMO "A World Less Ordinary" collection interiors products during the time that the Unauthorized Advertising Works, which are unauthorized derivative works of Plaintiff's Artwork and the Photographs, were used and displayed by the ROMO Defendants on their websites, social media channels, in ROMO showrooms, and through various other advertising mediums to promote this interiors collection.

7) That a constructive trust shall be imposed upon Defendants regarding such amounts and any other revenues or proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

8) That Plaintiff shall be awarded its attorneys' fees as available under 17 U.S.C. § 505 and 17 U.S.C. § 1203(b).

9) That Plaintiff shall be awarded its costs of suit and expenses;

10) That Plaintiff shall be awarded pre-judgment and post-judgment interest as allowed by law; and

11) That Plaintiff shall be awarded further legal and equitable relief as the Court deems just.

**A. BRUNO LAW**

*/s/ Alyssa M. Bruno*

By: _____

Dated: November 30, 2024

ALYSSA M. BRUNO

*Attorney for Plaintiff Sophia Parker Studios, Inc. (t/a WIFE NYC)*

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Plaintiff Sophia Parker Studios, Inc., hereby demands a jury trial in the above-entitled action on all claims for relief for which Plaintiff is entitled to a trial by jury.

**A. BRUNO LAW**

By:   */s/ Alyssa M. Bruno*
      _____

Dated:  November 30, 2024    ALYSSA M. BRUNO

*Attorney for Plaintiff Sophia Parker Studios, Inc. (t/a WIFE NYC)*