# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| SOPHIA PARKER STUDIOS, INC., trading as WIFE NYC, | Case No. 1:24-cv-02086-PAB |
| Plaintiff, | Judge Pamela A. Barker |
| v. | Magistrate Judge Reuben J. Shepherd |
| ALICE TEMPERLEY MBE, TMLL LTD. (trading as TEMPERLEY LONDON), TEMPERLEY HOLDINGS LTD. (t/a TEMPERLEY HOLDINGS), ROMO LTD. (t/a ROMO and/or ROMO GROUP), ROMO (HOLDINGS) LTD., ROMO, INC. (t/a ROMO FABRICS AND WALLCOVERINGS and ROMO USA, and DOES 1-20, Inclusive, | **DEFENDANT ROMO, INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** |
| Defendants. | |

## DEFENDANT ROMO, INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Romo, Inc., by and through the undersigned counsel, hereby moves to dismiss Plaintiff's (1) claims for copyright infringement, as well as contributory, vicarious, and willful copyright infringement, (2) claims for false distribution of copyright management information, and (3) claims for statutory damages and attorneys' fees.  In support, Romo, Inc. submits its Memorandum of Law dated February 20, 2025, which is being filed contemporaneously with this Motion.

Dated: February 20, 2025                    Respectfully submitted,

                                            By: */s/ Meredith K. Collier_____*

                                            Meredith K. Collier (097108)
                                            Todd R. Tucker (0065617)
                                            **CALFEE, HALTER & GRISWOLD LLP**
                                            1405 East Sixth Street
                                            Cleveland, OH 44114
                                            Telephone: 216.622.8200
                                            Facsimile: 216.241.0816
                                            mcollier@calfee.com
                                            ttucker@calfee.com

                                            Jeffer Ali (*pro hac vice*)
                                            **HUSCH BLACKWELL LLP**
                                            80 South Eighth Street, Suite 4800
                                            Minneapolis, Minnesota 55402
                                            Telephone: 612.852.2700
                                            Facsimile: 612.852.2701
                                            jeffer.ali@huschblackwell.com

                                            Sharif Ahmed (*pro hac vice*)
                                            **HUSCH BLACKWELL LLP**
                                            2415 East Camelback Road, Suite 500
                                            Phoenix, AZ 85016
                                            Telephone: 480.824.7890
                                            Facsimile: 480-824-7905
                                            sharif.ahmed@huschblackwell.com

                                            *Attorneys for Defendant Romo, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| SOPHIA PARKER STUDIOS, INC., trading as WIFE NYC, | Case No. 1:24-cv-02086-PAB |
| Plaintiff, | Judge Pamela A. Barker |
| v. | Magistrate Judge Reuben J. Shepherd |
| ALICE TEMPERLEY MBE, TMLL LTD. (trading as TEMPERLEY LONDON), TEMPERLEY HOLDINGS LTD. (t/a TEMPERLEY HOLDINGS), ROMO LTD. (t/a ROMO and/or ROMO GROUP), ROMO (HOLDINGS) LTD., ROMO, INC. (t/a ROMO FABRICS AND WALLCOVERINGS and ROMO USA, and DOES 1-20, Inclusive, | |
| Defendants. | |

**DEFENDANT ROMO, INC.'S MEMORANDUM IN SUPPORT OF
ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 12(b)(6)**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................................... ii

BRIEF STATEMENT OF ISSUES TO BE DECIDED/SUMMARY OF ARGUMENT ........... iv

I.     INTRODUCTION ............................................................................................. 1

II.    LEGAL STANDARD......................................................................................... 3

III.    ARGUMENT ................................................................................................... 4

   A.   Plaintiff Fails to Plausibly Allege Facts Supporting its Claim that Romo, Inc. Infringed Plaintiff's MEMPHIS CHAINSAW Sculpture (Registration VA 2-342-734)........................... 4

   B.   Plaintiff Fails to Plausibly Allege Facts Supporting its Claim that Romo, Inc. Infringed the Photographs (VA 2-352-960 (Registered April 27, 2023) and VA 2-420-961 (Registered Nov. 4, 2024)). .......................................................................................... 8

      1.   Plaintiff's pleading does not allege that Romo, Inc. copied any photograph. ................ 8

      2.   Plaintiff does not allege that any Defendant, least of all Romo, Inc., copied the allegedly "original" elements of its copyrighted photographs................................. 9

   C.   The Complaint Fails to Plausibly Allege Sufficient Facts Supporting a Claim for Vicarious or Contributory Infringement Against Romo, Inc.................................... 12

   D.   Plaintiff Fails to Adequately Plead a DMCA Claim for Violation of 17 U.S.C. § 1202.. 13

   E.   Plaintiff May Not Seek Statutory Damages or Attorney's Fees for the Alleged Copyright Infringement........................................................................................ 16

IV.    CONCLUSION............................................................................................ 17

## <u>TABLE OF AUTHORITIES</u>

Page(s)

Cases

*A&M Records, Inc. v. Napster, Inc.*,
  239 F.3d 1004 (9th Cir. 2001) ............................................................ 12

*ABS Ent., Inc. v. CBS Corp.*,
  908 F.3d 405 (9th Cir. 2018) ................................................................ 6

*Advanta-STAR Automotive Research Corp of America v. Search Optics, LLC*,
  672 F. Supp. 3d 1035 (S.D. Cal. 2023) ............................................... 11

*Arista Recs., LLC v. Doe 3*,
  604 F.3d 110 (2d Cir. 2010) ................................................................ 12

*Art Attacks Ink, LLC v. MGA Ent. Inc.*,
  581 F.3d 1138 (9th Cir. 2009) ........................................................... 7, 8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .............................................................................. 4

*ATC Distribution Grp., Inc. v. Whatever It Takes Transmissions & Parts, Inc.*,
  402 F.3d 700 (6th Cir. 2005) .............................................................. 10

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................... 3, 4

*Bouchat v. Bon–Ton Dept. Stores, Inc.*,
  506 F.3d 315 (4th Cir. 2007) .............................................................. 16

*Bridgeport Music, Inc. v. Rhyme Syndicate Music*,
  376 F.3d 615 (6th Cir. 2004) .............................................................. 12

*Bridgeport Music, Inc. v. WB Music Corp.*,
  508 F.3d 394 (6th Cir. 2007) .............................................................. 12

*Campbell v. Walt Disney Co.*,
  718 F. Supp. 2d 1108 (N.D. Cal. 2010) .............................................. 11

*Christianson v. W. Pub. Co.*,
  149 F.2d 202 (9th Cir. 1945) .............................................................. 11

*Coquico, Inc. v. Rodriguez-Miranda*,
  562 F.3d 62 (1st Cir. 2009) ................................................................. 10

*Craig v. UMG Recordings, Inc.*,
  380 F. Supp. 3d 324 (S.D.N.Y. 2019) ................................................. 14

*Derek Andrew, Inc. v. Poof Apparel Corp.*,
  528 F.3d 696 (9th Cir. 2008) .............................................................. 16

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*,
  499 U.S. 340 (1991) ......................................................... 5, 7, 10, 13

*Germain v. Teva Pharms., USA, Inc.*,
  756 F.3d 917 (6th Cir. 2014) ................................................................ 9

*Harney v. Sony Pictures TV, Inc.*,
  704 F.3d 173 (1st Cir. 2013) ............................................................... 10

*Harrington v. Pinterest, Inc.*,
  No. 5:20-cv-05290-EJD, 2022 WL 4348460 (N.D. Cal. Sept. 19, 2022) ................................ 15

ii

*Johnson v. Jones*,
   149 F.3d 494 (6th Cir. 1998) ............................................................................. 16

*Latimer v. Roaring Toyz, Inc.*,
   601 F.3d 1224 (11th Cir. 2010) ..................................................................... 6, 7

*Leigh v. Warner Bros., Inc.*,
   212 F.3d 1210 (11th Cir. 2000) ........................................................................... 5

*Loomis v. Cornish*,
   836 F.3d 991 (9th Cir. 2016) ............................................................................... 8

*Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*,
   922 F.3d 946 (9th Cir. 2019) ...................................................................... 10, 11

*Mango v. BuzzFeed, Inc.*,
   356 F. Supp. 3d 368 (S.D.N.Y. 2019) ............................................................. 14

*Mason v. Montgomery Data, Inc.*,
   967 F.2d 135 (5th Cir. 1992) ............................................................................. 16

*Masterson Marketing, Inc. v. KSL Recreation Corp.*,
   495 F. Supp. 2d 1044 (S.D. Cal. 2007) ........................................................ 1, 5

*Meshwerks, Inc. v. Toyota Motor Sales U.S.A.*,
   528 F.3d 1258 (10th Cir. 2008) ........................................................ 1, 2, 5, 6

*Parker v. Google, Inc.*,
   242 F. App'x 833 (3d Cir. 2007) ...................................................................... 12

*Pasillas v. McDonald's Corp.*,
   927 F.2d 440 (9th Cir. 1991) ............................................................................ 10

*Pohl v. MH Sub I LLC*,
   770 F. App'x 482 (11th Cir. 2019) ..................................................................... 7

*Stevens v. Corelogic, Inc.*,
   899 F.3d 666 (9th Cir. 2018) ............................................................................ 15

*Three Boys Music Corp. v. Bolton*,
   212 F.3d 477 (9th Cir. 2000) .............................................................................. 8

*Tomaydo-Tomahhdo, LLC v. Vozary*,
   629 F. App'x 658 (6th Cir. 2015) ...................................................................... 5

*Tomelleri v. SunFrog, LLC*,
   721 F. Supp. 3d 566 (E.D. Mich. 2024) .......................................................... 13

*Troll Co. v. Uneeda Doll Co.*,
   483 F.3d 150 (2d Cir. 2007) .............................................................................. 16

*Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*,
   52 F.4th 1054 (9th Cir. 2022) ........................................................................... 11

Statutes

17 U.S.C. 504(c) ....................................................................................................... 17
17 U.S.C. § 412 ............................................................................................. 3, 16, 17
17 U.S.C. § 1202 ............................................................................................... passim

Rules

Fed. R. Civ. P. 12(b)(6) ................................................................................. 1, 4, 17

iii

## BRIEF STATEMENT OF ISSUES TO BE DECIDED

1.  Does Plaintiff fail to state a claim for direct copyright infringement against Romo, Inc. where Plaintiff alleges only that the Temperley Defendants, not Romo, Inc., reproduced photographs from Plaintiff's Instagram® page?

2.  Does Plaintiff also fail to state a claim for direct copyright infringement against Romo, Inc. where Plaintiff alleges that the Temperley Defendants infringed the copyright in the sculpture by allegedly reproducing photographs of the sculpture, not the sculpture itself?

3.  Does Plaintiff also fail to state a claim for direct copyright infringement against Romo, Inc. where Plaintiff fails to plausibly allege any facts that indicate Romo, Inc. had access to and engaged in any copying of Plaintiff's Photographs?

4.  Does Plaintiff also fail to state a claim for direct copyright infringement against Romo, Inc. where Plaintiff fails to identify any copyrightable aspect of the photographs allegedly copied by Romo, Inc.?

5.  Does Plaintiff also fail to state a claim for willful copyright infringement against Romo, Inc. where Plaintiff fails to state a claim for direct copyright infringement, and further, fails to allege any specific facts that Romo, Inc. knew or had reason to know of the copyrighted works before the alleged infringement?

6.  Does Plaintiff fail to state a claim for vicarious or contributory infringement against Romo, Inc. where Plaintiff fails to allege any facts that suggest Romo, Inc. either had knowledge of any allegedly infringing activity of any other Defendant, or materially contributed to such alleged infringement?

7.  Does Plaintiff fail to state a cognizable claim under the Digital Millenium Copyright Act where Plaintiff does not allege that Romo, Inc. distributed Plaintiff's works with Plaintiff's copyright management information altered or removed?

8. Is Plaintiff precluded from seeking statutory damages and/or attorneys' fees for alleged copyright infringement when Plaintiff registered its works after the alleged infringement and years after the three-month post-publication window specified by the Copyright Act, 17 U.S.C. § 412?

## SUMMARY OF ARGUMENT

1. Where the plaintiff fails to plausibly allege any facts that a defendant engaged in purported copyright infringement, the plaintiff fails to state a claim for direct copyright infringement.

2. A plaintiff fails to plausibly allege copyright infringement of a sculpture where the plaintiff alleges only that the defendant reproduced photographs of the sculpture.

3. Where a plaintiff fails to plausibly allege any facts that a defendant had access to and copied the plaintiff's photographs, the plaintiff fails to state a claim for direct copyright infringement.

4. Where the plaintiff fails to identify any copyrightable aspect of a photograph that a defendant allegedly infringed, the plaintiff fails to state a cognizable claim for copyright infringement.

5. Where the plaintiff fails to state a claim for direct copyright infringement and, further, fails to allege any specific facts that a defendant knew or had reason to know of the copyrighted works before the alleged infringement, the plaintiff fails to state a cognizable claim for willful copyright infringement.

6. Where the plaintiff groups multiple defendants together without any stated basis, and further fails to allege any facts suggesting that an individual defendant had knowledge of any allegedly infringing activity—much less materially contributed to it—the plaintiff fails to state a claim for vicarious or contributory infringement against the individual defendant.

7. Where the plaintiff fails to allege that the defendant distributed any of the plaintiff's copyrighted works at all, or knowingly distributed the plaintiff's copyrighted works with the

plaintiff's copyright management information altered or removed knowing that such alteration and removal would conceal infringement, the plaintiff fails to plead a cognizable claim under the Digital Millenium Copyright Act, 17 U.S.C. § 1202.

8. A plaintiff is precluded from recovering statutory damages or attorneys' fees pursuant to 17 U.S.C. § 412 where the plaintiff did not register a copyright for its work before the alleged copyright infringement and within three months of the work's initial publication.

Defendant Romo, Inc. moves to dismiss Plaintiff Sophia Parker Studios' ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to plausibly allege claims upon which relief can be granted.

## I.   INTRODUCTION

Plaintiff accuses Romo, Inc. of infringing three copyrights: (1) a sculpture (U.S. Copyright Reg. No. VA 2-342-734 (MEMPHIS CHAINSAW)); (2) Photographs of the sculpture (U.S. Copyright Reg. No. VA 2-352-960 (Registered April 27, 2023)); and more Photographs of the sculpture (U.S. Copyright Reg. No. VA 2-420-961 (Registered November 4, 2024))[1]. ECF No. 1, ¶1 ("Complaint"). Plaintiff fails to plausibly allege facts to support its copyright infringement claims. Instead, its Complaint is comprised of conclusory allegations peppered with attorney argument reciting legal claim elements in rote fashion.

First, Plaintiff does not allege that Romo, Inc. accessed or copied the MEMPHIS CHAINSAW sculpture. Instead, Plaintiff alleges that the Temperley Defendants infringed the copyright in the sculpture by allegedly reproducing ***photographs***. (Complaint, ¶11.) That proposition makes no sense, in that it contradicts well-established law that rights in photographs do not extend to the underlying objects, merchandise, or artwork depicted by the photographs, as these are separate works. *See Meshwerks, Inc. v. Toyota Motor Sales U.S.A.*, 528 F.3d 1258 (10th Cir. 2008); *Masterson Marketing, Inc. v. KSL Recreation Corp.*, 495 F. Supp. 2d 1044, 1048 (S.D. Cal. 2007) ("[A] photograph does not and cannot create a copyright in the underlying subject matter."). In any event, this deficient allegation is directed only at the Temperley Defendants, and thus, the copyright claims against Romo, Inc. based on the photographs should be dismissed.

---

[1] Notably, the Nov. 4, 2024, photograph copyright was registered nearly two years after Plaintiff first "discovered" the allegedly infringing works, seven months after it sent the cease-and-desist letter, and three weeks before it filed this lawsuit. (Complaint, ¶¶7, 18, 22.)

(Complaint, ¶11.)

Second, Plaintiff fails to identify any copyrightable aspect of the photographs that was allegedly infringed. *See Meshwerks*, 528 F.3d at 1264 (A photograph may show copyrightable authorship involved in its creation, for instance, "positioning, background, lighting, shading, and the like[.]"). To the extent the Complaint can be interpreted to imply that the angles and lighting of the photographs comprise Plaintiff's creative and original contribution (Complaint, ¶4), Plaintiff fails to allege that any of these aspects were infringed, and certainly does not allege that any of Romo, Inc.'s pillows, curtains, and other interiors products, as well as its marketing materials of the same, copied the photographs' angles and lighting. Because Plaintiff fails to state a legally cognizable claim for copyright infringement, Plaintiff's claim of willful infringement likewise fails.[2]

Third, Plaintiff also fails to plausibly allege facts in support of its claims of vicarious and contributory infringement against Romo, Inc. Plaintiff fails to allege any facts that Romo, Inc. had knowledge of, or materially contributed to, any alleged copyright infringement on the part of the Temperley Defendants. Indeed, there are no factual allegations that Romo, Inc. supervised Temperley's conduct at all. Instead, Plaintiff simply alleges that Romo, Inc. is somehow *vicariously* liable for Temperley's alleged copyright infringement because it collected revenue from the sale of its own products, rather than Temperley's products. (Complaint, ¶126.)

_____

[2] In addition, rather than include specific, factual allegations, Plaintiff simply states that it sent a cease-and-desist letter to Romo, Inc. in April 2024 (well over a year after Plaintiff "discovered" the alleged infringement), and provides a single conclusory statement: "Upon information and belief, the ROMO Defendants knew or had reason to know that Plaintiff was the author of the Artwork and the Photographs and was the sole copyright holder to the Artwork and the Photographs." Complaint, ¶22, 141. Nothing more. No reasonable inference can be drawn from these conclusory allegations that the alleged conduct was willful, specifically, that Romo, Inc. acted with reckless disregard for, or willful blindness to, any of Plaintiff's rights after the April 2024 cease-and-desist letter was sent.

Fourth, Plaintiff improperly attempts to transmute its deficient copyright infringement claims into a Digital Millennium Copyright Act (DMCA) claim. (Complaint, ¶¶78-79); *see* 17 U.S.C. §1202 (for the distribution of false copyright management information). Yet Plaintiff does not—because it cannot—allege that ***Plaintiff*** created Romo, Inc.'s PDF printouts and interiors products, or that Romo, Inc. removed Plaintiff's copyright management information from pillows and swatch books that Plaintiff did not create. Rather, Plaintiff appears to allege that Romo, Inc.'s pillows and curtains are derivative works of Plaintiff's photographs, and that therefore, Romo, Inc.'s distribution of Romo, Inc.'s own copyright noticed products and materials constituted distribution of false copyright management information. (Complaint, ¶¶ 45–49; ¶146.) That is not a proper DMCA claim. *See* 17 U.S.C. §1202. At bottom, the Complaint fails to plausibly allege facts indicating that Romo, Inc. (1) provided or distributed ***false*** copyright management information (least of all false copyright management information with the intent to conceal infringement), or (2) intentionally removed Plaintiff's copyright management information from its sculpture and photographs. Regardless, that Plaintiff tacitly admits that the products and associated works were created by Romo, Inc. warrants dismissal of the DMCA claims.

Finally, the copyright registrations at issue indicate that Plaintiff "created" and publicized the works in 2019 and 2020, yet did not register them until 2023 and 2024. Given the works were registered well outside the three-month post-publication window, under the Copyright Act, Plaintiff cannot seek statutory damages and attorney's fees, and those claims should therefore be dismissed. 17 U.S.C. §412 (requiring registration within three months of publication as a prerequisite for seeking statutory damages and attorney's fees).

## II.   LEGAL STANDARD

A plaintiff is required to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 555; *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). While courts must accept a complaint's allegations as true, this applies only to well-pleaded factual allegations, not to legal conclusions. A pleading that offers mere "labels and conclusions" is insufficient, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## III.    ARGUMENT

Plaintiff's Complaint is defective in several ways. Plaintiff has not plausibly alleged facts to support a claim that Romo, Inc. infringed its sculpture and photograph copyrights. Moreover, even if it did properly plead a claim for copyright infringement, Plaintiff has not plausibly alleged facts that Romo, Inc. is liable for contributory, vicarious, or willful infringement. Similarly, Plaintiff has not plausibly alleged facts to support its claim that Romo, Inc. distributed false copyright management information in violation of 17 U.S.C. § 1202. Finally, Plaintiff fails to plausibly allege facts to support a claim for recovery of statutory damages and attorney's fees because Plaintiff did not register its copyrights within three months of publication and before the alleged infringement. Plaintiff's Complaint against Romo, Inc. should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### A.    Plaintiff Fails to Plausibly Allege Facts Supporting its Claim that Romo, Inc. Infringed Plaintiff's MEMPHIS CHAINSAW Sculpture (Registration VA 2-342-734).

As an initial matter, Plaintiff has not alleged that Romo, Inc. infringed the copyright to the sculpture, U.S. Copyright Reg. No. VA 2-342-734 (MEMPHIS CHAINSAW). Indeed, the only paragraph in the Complaint that arguably could be interpreted as an attempt to allege copying of

the sculptural work does not mention Romo, Inc. or its interiors products at all: "Upon information and belief, the **Temperley London** Defendants copied Plaintiff's original and distinct hand-painted Artwork by reproducing the Photographs found on Plaintiff's Instagram page to create digital renderings of the Artwork. Defendants then used those renderings to create the derivative **apparel** products set forth herein." (Complaint, ¶11 (emphasis added).) Accordingly, as to Romo, Inc., the Court should dismiss all claims with respect to U.S. Copyright Reg. No. VA 2-342-734.

Still, Plaintiff's copyright infringement allegations as to the sculpture are deficient for yet another reason. Courts have repeatedly delineated the distinction between images and the underlying subject matter they depict. There may be copyrightable authorship involved in creating a photograph, for example, "positioning, background, lighting, shading, and the like." *Meshwerks*, 528 F.3d at 1264. Even so, "the law is becoming increasingly clear: one possesses no copyright interest in reproductions . . . when these reproductions do nothing more than accurately convey the underlying image." *Id.* at 1267 (citation omitted). In fact, "a photograph does not and cannot create a copyright in the underlying subject matter." *Masterson Marketing*, 495 F. Supp. 2d at 1048. Indeed, "[t]o be original, the work must be 'original to the author.'" *Tomaydo-Tomahhdo, LLC v. Vozary*, 629 F. App'x 658, 660 (6th Cir. 2015). "In other words, it must be 'independently created by the author' and possess 'at least some minimal degree of creativity.'" *Id.* (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 343 (1991)). For example, in *Pohl v. MH Sub I LLC*, the Eleventh Circuit noted that what makes a photograph of a sculpture sufficiently original are the photographer's—rather than the sculptor's—creative choices:

> For example, this Court has noted that a photograph of a sculptural artwork—the Bird Girl statue in Savannah's Bonaventure Cemetery—was sufficiently original for copyright protection, as it involved minimal creativity in the "selection of lighting, shading, timing, angle, and film" for the picture. *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1215 (11th Cir. 2000). Likewise, we have recognized that photographs of motorcycles taken for advertising materials were copyrightable

> where the photographer "made all decisions regarding lighting, appropriate camera equipment and lens, camera settings and use of the white background, which was consistent with the industry practice he had noted in studying other advertising photographs." *Latimer v. Roaring Toyz, Inc*., 601 F.3d 1224, 1233-35 (11th Cir. 2010).

770 F. App'x 482, 487 (11th Cir. 2019).

Consistent with this principle, in *Meshwerks*, the Tenth Circuit found no originality in the digital images at issue because "Meshwerks' models depict[ed] nothing more than unadorned Toyota vehicles—the car *as* car":

> Meshwerks' digital wire-frame computer models depict Toyota's vehicles without any individualizing features: they are untouched by a digital paintbrush; they are not depicted in front of a palm tree, whizzing down the open road, or climbing up a mountainside . . . [a]s applied to a photograph of a pre-existing product, that bedrock principle [of originality] means that the photographer manifestly cannot claim to have originated the matter depicted therein . . . The upshot is that the photographer is entitled to copyright ***solely based on lighting, angle, perspective, and the other ingredients that traditionally apply to that art-form***." . . . It seems to us that exactly the same holds true with the digital medium now before us: the facts in this case unambiguously show that Meshwerks did not make any decisions regarding lighting, shading, the background in front of which a vehicle would be posed, the angle at which to pose it, or the like—in short, its models reflect none of the decisions that can make depictions of things or facts in the world, whether Oscar Wilde or a Toyota Camry, new expressions subject to copyright protection.

528 F.3d at 1265 (internal citations omitted).

Similarly, in *ABS Ent., Inc. v. CBS Corp.*, the Ninth Circuit reiterated and applied this principle from *Meshwerks*, observing in the context of remastered sound recordings that "it should be evident that a remastered sound recording is not eligible for independent copyright protection as a derivative work unless its essential character and identity reflect a level of independent sound recording authorship that makes it a variation distinguishable from the underlying work." 908 F.3d 405, 417 (9th Cir. 2018).

Here, Plaintiff cannot plausibly allege facts that Romo, Inc. accessed and copied the

6

sculpture by alleging that Romo, Inc. reproduced the photographs[3] because the sculpture and photographs are separate works. Thus, Plaintiff's "reach-through" allegation is improper, since as discussed above, the works must be distinctly original and independently creative to be copyrightable. *See Pohl*, 770 F. App'x at 487 ("[E]lements of originality in a photograph may include 'posing the subjects, lighting, angle, selection of film and camera, evoking the desired expression, and almost any other variant involved.'") (quoting *Latimer*, 601 F.3d at 1234). Yet, only by "copying of constituent elements of the work that are ***original***" can there be a claim for copyright infringement. *Feist*, 499 U.S. at 361 (emphasis added). In short, what is original to the sculpture as to make it copyrightable cannot be what makes the photographs original and copyrightable. Therefore, Plaintiff's claim that Defendants impermissibly copied the photographs' original and creative expression cannot be transmuted into an allegation that Defendants copied the sculpture's original and creative expression. Since Plaintiff has failed to plausibly allege facts that Romo, Inc. copied any allegedly original constituent elements ***of the sculpture***, Plaintiff has not pleaded a legally cognizable claim for copyright infringement, let alone willful infringement, of the sculpture.

More fundamentally, Plaintiff has not plausibly alleged facts to support a claim for copyright infringement against Romo, Inc. regarding the sculpture because Plaintiff has not alleged that Romo, Inc. had access to (*i.e.*, saw) the sculpture or even the Instagram® photographs that were allegedly accessed by the Temperley Defendants. Indeed, Plaintiff would be required to plead sufficient facts to demonstrate that access was "a reasonable possibility, not merely a bare possibility." *Art Attacks Ink, LLC v. MGA Ent. Inc.*, 581 F.3d 1138, 1143 (9th Cir. 2009).

---

[3] Importantly, Plaintiff does not allege that any defendant, much less Romo, ever accessed the sculpture; Plaintiff's claims are based solely on the allegation that the Temperley Defendants accessed Plaintiff's Instagram® page. (Complaint, ¶11.)

Nor has Plaintiff pleaded any fact that would establish that the sculptural work was widely disseminated and commercially well-known. *See Loomis v. Cornish*, 836 F.3d 991, 995 (9th Cir. 2016) (to demonstrate widespread dissemination, the plaintiff can rely on "the degree of a work's commercial success and on its distribution through . . . relevant mediums"); *Art Attacks*, 581 F.3d at 1143-45 (no access shown under wide dissemination theory); *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000) (upholding the jury's conclusion that there was not widespread dissemination of a song given that it "never topped the Billboard charts or even made the top 100 for a single week," "was not released on an album or compact disc until . . . after [defendants] wrote their song," the experts "testified that they never heard" the song, and defendants "produced copies of 'TV Guide' from 1966 [the year the protected song was released] suggesting that the television shows playing the song never aired in Connecticut [where defendants lived at the time]"). Plaintiff does not allege that the sculpture was displayed anywhere outside of its New York studios, nor that any individual or social media account based this District—let alone the State of Ohio—has ever heard of the sculpture's existence. Finally, the mere allegation that Plaintiff posted online about the sculpture is insufficient. *See Art Attacks*, 581 F.3d at 1145 (insufficient that the work was on a website).

For the foregoing reasons, the Court should dismiss all claims against Romo, Inc. regarding this registration.

**B.      Plaintiff Fails to Plausibly Allege Facts Supporting its Claim that Romo, Inc. Infringed the Photographs (VA 2-352-960 (Registered April 27, 2023) and VA 2-420-961 (Registered Nov. 4, 2024)).**

**1.      Plaintiff's pleading does not allege that Romo, Inc. copied any photograph.**

Plaintiff fails to allege any facts to support its claim that Romo, Inc. infringed the copyrights in the photographs. Indeed, Plaintiff does not specify which, if any, Romo entity

committed the alleged infringement. Plaintiff's Complaint names Romo Ltd., Romo (Holdings) Ltd., and Romo, Inc. as Defendants and defines those entities collectively as "ROMO Defendants." (Complaint, p. 2.) Then, Plaintiff alleges that the ROMO Defendants "copied one or more of the Photographs and the underlying Artwork to create the Unauthorized Farrah Interiors Products" (Complaint, ¶71) and "on information and belief . . . digitally reproduced one or more of the Photographs found on Plaintiff's Instagram account". (Complaint, ¶72.) Though information and belief pleading can render a claim plausible under certain circumstances, a plaintiff must still plead supporting facts which render his claim plausible beyond his personal belief that it is true. *See, e.g., Germain v. Teva Pharms., USA, Inc.*, 756 F.3d 917, 931 (6th Cir. 2014) ("[t]he mere fact that someone believes something to be true does not create a plausible inference that it is true."). Here, Plaintiff pleads no factual information at all, but merely insinuates that one of the ROMO entities is responsible for the infringement of the photographs.[4] Plaintiff does not cite to specific actions taken by Romo, Inc. that indicate copying, such as downloading, sharing, or using Plaintiff's photographs in Romo, Inc.'s marketing materials. Nor does Plaintiff allege any facts that suggest that Romo, Inc. intentionally copied Plaintiff's photographs, such as internal communications or marketing strategies that reference the images. Plaintiff's vague and indiscriminate pleading approach, treating the three Romo entities as a single unit and relying on allegations made upon information and belief, fails to plausibly state a claim against any Defendant.

**2.    Plaintiff does not allege that any Defendant, least of all Romo, Inc., copied the allegedly "original" elements of its copyrighted photographs.**

---

[4] The photographs that allegedly appear on behalf of "ROMO" in "Exhibit H" to Plaintiff's Complaint (Complaint, ¶¶101-102) do not actually belong to Romo, Inc., and certainly are not photographs from Romo, Inc.'s website or social media. In fact, these are Plaintiff's registrations. (ECF. No. 3-10, Ex. H.) Therefore, Plaintiff has not provided sufficient factual allegations to support a copyright infringement claim against Romo, Inc.

Even if Plaintiff delineated between the Romo entities, its copyright infringement claims with respect to the photographs should still be dismissed. To state a claim for copyright infringement of its photographs, Plaintiff must plausibly allege two things: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *ATC Distribution Grp., Inc. v. Whatever It Takes Transmissions & Parts, Inc.*, 402 F.3d 700, 705 (6th Cir. 2005) (quoting *Feist*, 499 U.S. at 361); *Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946, 951 (9th Cir. 2019) (citations omitted). Moreover, Plaintiff must plausibly allege that Romo, Inc. had access to the allegedly infringed work, and that the two works are substantially similar in both idea and expression of that idea. *Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991) (citation omitted). Indeed, copyright protection extends only to those elements of a work original to the author, and thus, assessing substantial similarity requires close consideration of the aspects of the plaintiff's work that are protectable, and whether "the defendant's copying substantially appropriated those protected elements." *Harney v. Sony Pictures TV, Inc.*, 704 F.3d 173, 179 (1st Cir. 2013). This is so because a work that is sufficiently original to be copyrighted may nonetheless contain unoriginal elements. *Id.* at 178 (citing *Feist,* 499 U.S. at 348). Any determination regarding the protectable aspects of the work thus requires the Court to "dissect[] the copyrighted work and separate[] its original expressive elements from its unprotected [elements]." *Coquico, Inc. v. Rodriguez-Miranda*, 562 F.3d 62, 68 (1st Cir. 2009).

Moreover, absent evidence of direct copying, a plaintiff must establish substantial similarity between the protected aspects of their copyrighted work vis-à-vis the defendant's work to succeed on a copyright infringement claim. *See, e.g., Pasillas*, 927 F.2d at 440. To analyze substantial similarity, courts conduct an extrinsic test and an intrinsic test; the extrinsic test is an objective comparison between the elements of each work and the intrinsic test is a subjective

10

comparison between the impression that each work created. *See, e.g., Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 52 F.4th 1054, 1084 (9th Cir. 2022); *Malibu Textiles*, 922 F.3d at 952. "There is ample authority for holding that when the copyrighted work and the alleged infringement are both before the court, capable of examination and comparison, non-infringement can be determined on a motion to dismiss." *Christianson v. W. Pub. Co.*, 149 F.2d 202, 203 (9th Cir. 1945); *see also Advanta-STAR Automotive Research Corp of America v. Search Optics, LLC*, 672 F. Supp. 3d 1035, 1046 (S.D. Cal. 2023); *Campbell v. Walt Disney Co.*, 718 F. Supp. 2d 1108, 1111-12 (N.D. Cal. 2010). However, on a motion to dismiss, a court may dismiss a copyright infringement claim only if it fails the extrinsic test. *See Malibu Textiles*, 922 F.3d at 952.

Here, Plaintiff fails to identify any copyrightable aspect of the photographs that was allegedly copied by Romo, Inc. Indeed, an objective side-by-side comparison of Plaintiff's photographs in Exhibit H (ECF No. 3-10) and the allegedly infringing interiors (ECF No. 1-6) does not allow Romo, Inc. or this Court to infer into existence the "original" expression allegedly authored by Plaintiff and copied by Romo, Inc. Instead, Plaintiff appears to imply the photographs' protectable elements—if any—relate to Plaintiff's "depict[ion] [of] different angles and lighting of the Artwork." (Complaint, ¶4.) Beyond this bare implication, Plaintiff fails to identify any other creative or expressive elements from its photographs. Even crediting Plaintiff's allegation that the photographs' copyright protection is limited to its "depict[ion] [of] different angles and lighting" (Complaint, ¶4), Plaintiff fails to allege that Romo, Inc. copied these choices. In fact, other than in paragraph 4, the words "lighting" and "angles" do not appear anywhere else in the Complaint.

Still, owing to the absence of explicit allegations in the Complaint, not much can be gleaned from an objective review of the submitted exhibits. Many of the photographs in Exhibit H are barely legible, making it difficult—if not impossible—to discern whether the angles and lighting

11

were allegedly copied by Romo, Inc.'s products and materials. (*See* ECF No. 3-10.) Just as problematic is the fact that the images make it difficult if not impossible to distinguish the unprotected elements from the allegedly original, expressive, and copyrightable elements of the photographs. Given these deficiencies, Plaintiff has failed to allege facts plausibly supporting a claim against Romo, Inc. for copyright infringement of the photographs, and Plaintiff's claims, including its claims for willful infringement, should therefore be dismissed.

### C. The Complaint Fails to Plausibly Allege Sufficient Facts Supporting a Claim for Vicarious or Contributory Infringement Against Romo, Inc.

To state a claim for contributory infringement, a plaintiff must allege facts that a defendant "with knowledge of the infringing activity, induces, causes, or materially contributes to the infringing conduct of another." *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 621 (6th Cir. 2004); *Bridgeport Music, Inc. v. WB Music Corp.*, 508 F.3d 394, 398 (6th Cir. 2007) (internal punctuation and citations omitted). That is, "a plaintiff must allege: (1) direct copyright infringement [by] a third-party; (2) knowledge by the defendant that the third-party was directly infringing; and (3) [defendant's] material contribution to the infringement." *Parker v. Google, Inc*., 242 F. App'x 833, 837 (3d Cir. 2007). And with respect to scienter requirement, contributory infringement requires that the secondary infringer ***know or have reason to know*** of the direct infringement. *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010); *A&M Records, Inc. v. Napster, Inc*., 239 F.3d 1004, 1020 (9th Cir. 2001). To state a claim for vicarious infringement, a plaintiff must allege facts that the defendant had the right and ability to supervise the infringing activity. *WM Music Corp.*, 508 F.3d at 400 (citation omitted).

In this case, Plaintiff makes numerous copyright infringement allegations against the foreign defendants based on the sale of apparel and interiors. (*See, e.g*., Complaint, ¶¶8-14, 51-53 and 57-58.) As to the alleged interiors infringements, Plaintiff directs its allegations to "the ROMO

Defendants," which Plaintiff defines as including Romo, Inc. (*Id.* at ¶¶15-20.) Plaintiff's allegations as to Romo, Inc. appear to stem from the allegation that "the Temperley London Defendants and the ROMO Defendants launched a joint collaboration" of the interiors collection. (*Id.* at ¶17.) As to the alleged "infringing photographs and videos," Plaintiff groups Romo, Inc. with the other (*i.e.*, foreign) defendants without any stated basis. (*Id.* at ¶21.)

Plaintiff's allegations fail to plausibly support a claim for contributory infringement against Romo, Inc. because Plaintiff does not allege facts suggesting that Romo, Inc. had knowledge of any allegedly infringing activity of any other Defendant, much less having materially contributed to it. Plaintiff fails to state a claim for vicarious liability against Romo, Inc. because Plaintiff fails to allege that Romo, Inc. had the right and ability to supervise any other Defendants' allegedly infringing activities. In fact, to the extent Plaintiff attributes any of the allegedly infringing design activity to any particular party, it is, repeatedly, "the Temperley London Defendants." (Complaint, ¶11.) Notably, other than reciting one conclusory legal argument after another, Plaintiff does not allege factual allegations that Romo, Inc. copied any putative copyrighted work of Plaintiff's, which is a necessary element to prove copyright infringement. *See Feist,* 499 U.S. at 361; *Tomelleri v. SunFrog, LLC*, 721 F. Supp. 3d 566, 572 (E.D. Mich. 2024).

### D.    Plaintiff Fails to Adequately Plead a DMCA Claim for Violation of 17 U.S.C. § 1202.

Plaintiff also fails to plausibly allege facts to support a claim that Romo, Inc. violated the DMCA, 17 U.S.C. § 1202. In addition to copyright infringement, Plaintiff is asserting claims for "Distribution of False Copyright Management Information in Violation of 17 U.S.C. § 1202. (Complaint, ¶¶45–49; ¶146 ("Defendants knowingly provided and distributed false Copyright Management Information (CMI) with the intent to induce, enable, facilitate, and/or conceal copyright infringement of Plaintiff's Artwork and the Photographs in violation of 17 U.S.C. §

13

1202(a).").) Plaintiff's DMCA claim has even less support than its copyright infringement claims.

The DMCA protects against the removal or alteration of copyright management information ("CMI"), which is defined in part as identifying information about the author of a work "conveyed in connection with" the copyrighted work. 17 U.S.C. § 1202(c). *Mango v. BuzzFeed, Inc.*, 356 F. Supp. 3d 368, 376 (S.D.N.Y. 2019), *aff'd*, 970 F.3d 167 (2d Cir. 2020). To establish a violation under the DMCA, a plaintiff must plead (1) the existence of CMI on the infringed work, (2) removal or alteration of that information, and (3) the removal or alteration was done intentionally. *Craig v. UMG Recordings, Inc*., 380 F. Supp. 3d 324, 337 (S.D.N.Y. 2019).

Here, Plaintiff does not allege that Defendants ever distributed the sculpture (Reg. No. VA 2-342-734) or Plaintiff's Photographs of the sculpture (Reg. Nos. VA 2-352-960 and Reg. No. VA 2-420-961). It does not allege that Defendants ever distributed the works with Plaintiff's CMI altered or removed, knowing both that the CMI was removed and that distribution would induce infringement. *See Mango*, 356 F. Supp. 3d at 377 ("[T]he elements of the Distribution Prohibition are: (1) the existence of CMI on ***the infringed work***; (2) distribution of ***the infringed work*** containing missing and/or altered CMI; (3) that the distribution was done ***knowing*** that the CMI was removed and/or altered without permission; and (4) that the distribution was done ***knowing*** that it would induce, enable, facilitate, or conceal an infringement") (emphasis added).

Rather, the products that were allegedly distributed are Defendants' products and materials, not Plaintiff's sculpture and photographs. Ultimately, Plaintiff does not—because it cannot—plead that it ever had its CMI attached to Romo, Inc.'s swatch books, PDFs, and products. Plaintiff did not create or assemble the swatch books, author the PDFs, embroider the products, snap photographs of the interiors, or develop Romo, Inc.'s advertising campaigns. Nor did Romo, Inc. ever remove Plaintiff's non-existent CMI from Romo, Inc.'s materials. There is therefore no

cognizable claim being made pursuant to 17 U.S.C. § 1202.

Regardless, even if Plaintiff advanced a claim that Romo, Inc. distributed Plaintiff's sculpture and photographs, Plaintiff's allegation pursuant to § 1202(a) is still unavailing. Plaintiff improperly groups the Romo entities together, alleging a violation of § 1202(a) by stating that on "ROMO's website . . . [t]he PDFs for the Farrah Agave and Farrah Lilac Ash fabrics and the Farrah Agave and Farrah Lilac Ash cushions include the following copyright management statement: © Copyright The Romo Group 2024. All Rights Reserved" (Complaint, ¶78) and alleges that this is a "blatant misrepresentation in violation of 17 U.S.C. § 1202(a)." (Complaint, ¶79.) Nothing more. Plaintiff does not specify (1) how the CMI is false, (2) the Romo entity that allegedly 'altered' the CMI, or (3) the nature of the alteration. For this reason alone, the Court should dismiss Plaintiff's claim under § 1202(a).

Compounding these deficiencies is the fact that Plaintiff also fails to allege that Romo, Inc. acted with the necessary intent. In evaluating the statute's scienter requirements, the court in *Harrington* dismissed the plaintiff's claim for not pleading sufficient facts to infer that the defendant "knew or had a reasonable basis to know that the removal or alteration of [copyright management information] or the distribution of [w]orks with [copyright management information] removed **will** aid infringement." *Harrington v. Pinterest, Inc.*, No. 5:20-cv-05290-EJD, 2022 WL 4348460, at *14-15 (N.D. Cal. Sept. 19, 2022) (emphasis added); *see also Stevens v. Corelogic, Inc.*, 899 F.3d 666, 674 (9th Cir. 2018) (requiring a plaintiff to demonstrate a "past pattern of conduct or modus operandi" to establish the requisite mental state in the context of the DMCA, a statute "requiring knowledge that a future action 'will' occur").

For the foregoing reasons, Plaintiff's DMCA claims should be dismissed entirely.

**E.  Plaintiff May Not Seek Statutory Damages or Attorney's Fees for the Alleged Copyright Infringement.**

The law is clear and 17 U.S.C. § 412 is unambiguous: A copyright holder cannot be awarded statutory damages or attorney's fees if the infringing activity started after the date of first publication but before the effective date of registration of the work, ***unless the copyright for the infringed work was registered within three months after the work was first published***. 17 U.S.C. § 412. The Sixth Circuit has already conclusively addressed this issue:

> Section 412(1), however, limits the scope of [sections 504 and 505] by providing that 'no award of statutory damages or of attorney's fees . . . shall be made . . . [if] infringement of copyright in an unpublished work commenced before the effective date of its registration.' 17 U.S.C. § 412(1). Thus, Johnson cannot recover statutory damages or attorney's fees under the Copyright Act if Tosch's infringement 'commenced' before the copyright was registered. . . [T]he simplicity of § 412 confers upon all parties involved the clarity and low administrative costs of ***a brightline rule***. These purposes [of the statute] would be thwarted by holding that infringement is 'commenced' for the purposes of § 412 each time an infringer commits another in an ongoing series of infringing acts. Under § 412, statutory damages and attorney's fees are reserved for infringers who had constructive notice that the work was covered by a valid copyright. ***Had Tosch checked the federal register when he first began his infringing activity, he would have discovered that Johnson's copyright was not registered.*** If the incentive structure of § 412 is to be properly applied, then Johnson should not receive the reward of statutory damages, because he did not satisfy the requirement of prompt registration. ***Every court to consider this question has come to the same conclusion; namely, that infringement 'commences' for the purposes of § 412 when the first act in a series of acts constituting continuing infringement occurs.***

*Johnson v. Jones*, 149 F.3d 494, 504–06 (6th Cir. 1998)[5]. Here, Plaintiff alleges that the infringement began "in or around February or March 2022", an entire year before it registered the sculpture. (Complaint, ¶8.) Coincidentally, Plaintiff did not register the sculptural work until it

---

[5] Other Circuits are in accord. *See, e.g., Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 699-702 (9th Cir. 2008) (A copyright holder cannot recover statutory damages and attorney's fees when it does not register the copyright before commencement of the infringement); *Bouchat v. Bon–Ton Dept. Stores, Inc.*, 506 F.3d 315, at 330 (4th Cir. 2007); *Troll Co. v. Uneeda Doll Co.*, 483 F.3d 150, 158 (2d Cir. 2007); *Mason v. Montgomery Data, Inc.*, 967 F.2d 135, 144 (5th Cir. 1992).

"discovered" the "Farrah Kimono" in February 2023. (Complaint, ¶¶7-8.) The allegedly common infringing activity therefore occurred well before the earliest of the three registration dates. Thus, Plaintiff could only recover statutory damages and attorney's fees if the registrations were made within three months after the works were first published. Yet, although the registrations show the works as published in 2019 and 2020, Plaintiff did not register the works until February 2023 (sculpture), April 2023 (Photographs) and November 2024 (Photographs).[6] Accordingly, Plaintiff is precluded from recovering attorney's fees or statutory damages pursuant to 17 U.S.C. 504(c), and those claims should therefore be dismissed. 17 U.S.C. § 412.

## IV.   CONCLUSION

Plaintiff's Complaint fails to plausibly allege facts supporting claims for copyright infringement, including willful, contributory, and vicarious infringement, against Romo, Inc. Likewise, Plaintiff fails to properly plead a claim for distribution of false CMI under the DMCA. Finally, Plaintiff is barred from seeking statutory damages under 17 U.S.C. § 504(c)(1), as well as attorney's fees, because the copyrighted works were not registered until after the alleged infringement began and long after the works were first published. For the foregoing reasons, Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

---

[6] The dates of first publication are: September 30, 2019 (Sculpture, ECF No. 1-2, 2); September 30 to November 17, 2019 (Photographs, ECF No. 3-10, 2); and April 11, 2020 (Photographs, ECF No. 3-10, 7)

Dated: February 20, 2025

Respectfully submitted,

By: */s/ Meredith K. Collier*

Meredith K. Collier (097108)
Todd R. Tucker (065617)
**CALFEE, HALTER & GRISWOLD LLP**
1405 East Sixth Street
Cleveland, OH 44114
Telephone: 216.622.8200
Facsimile: 216.241.0816
mcollier@calfee.com
ttucker@calfee.com

Jeffer Ali (*pro hac vice*)
**HUSCH BLACKWELL LLP**
80 South Eighth Street, Suite 4800
Minneapolis, Minnesota 55402
Telephone: 612.852.2700
Facsimile: 612.852.2701
jeffer.ali@huschblackwell.com

Sharif Ahmed (*pro hac vice*)
**HUSCH BLACKWELL LLP**
2415 East Camelback Road, Suite 500
Phoenix, AZ 85016
Telephone: 480.824.7890
Facsimile: 480-824-7905
sharif.ahmed@huschblackwell.com

*Attorneys for Defendant Romo, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Defendant Romo, Inc.'s Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)* and accompanying *Memorandum in Support* were electronically filed on February 20, 2025 with the United States District Court for the Northern District of Ohio through the Court's CM/ECF system. Notice of the filing will be sent by email to all counsel by operation of the Court's electronic filing system and all parties may access this filing through that system.

> */s/ Meredith K. Collier*
> One of the Attorneys for Defendant Romo, Inc.

## LOCAL RULE 7.1(f) CERTIFICATION

Pursuant to Local Civil Rule 7.1(f), I hereby certify that this case has not been assigned to any track and that the page limitation for this memorandum is less than twenty-five (25) pages pursuant to the Court's non-document Order dated February 18, 2025. I hereby further certify that the foregoing Memorandum adheres to this limitation.

/s/ Meredith K. Collier
One of the Attorneys for Defendant Romo, Inc.