

Alyssa Bruno <abruno@abrunolaw.com>

## Re: Sophia Parker Studios, Inc. v. Alice Temperley MBE et al., Case No. 1:24-cv-02086 (ND Ohio)

**Pearson, LaTonia** <LaTonia.Pearson@huschblackwell.com>　　　　　　　　　　　Thu, Jan 9, 2025 at 1:57 PM
To: "abruno@abrunolaw.com" <abruno@abrunolaw.com>
Cc: "Ali, Jeffer" <Jeffer.Ali@huschblackwell.com>, "Ahmed, Sharif" <Sharif.Ahmed@huschblackwell.com>, IP Court Filings <IPCourtFilings@huschblackwell.com>

Counsel:

Please see the attached correspondence sent on behalf of Jeff Ali.

Thank you.

**LaTonia Pearson**

*(she/her/hers)*

**Practice Support Team Specialist**

**HUSCH BLACKWELL**

8001 Forsyth Boulevard,
Suite 1500
St. Louis, MO 63105

Direct: 314-345-6178

Fax: 314-480-1505

LaTonia.Pearson@huschblackwell.com

huschblackwell.com

**Husch Blackwell is a different kind of law firm—structured around our clients' industries and built on a culture of selfless service.**
**Our 1000+ lawyers collaborate across the U.S. from more than 20 offices and our virtual office, The Link, to provide uncommon solutions**
**to our clients' most complex challenges.**

**2025.01.09 Ali Ltr to Bruno.pdf**
179K

# HUSCH BLACKWELL

Jeffer Ali
Partner

80 South 8th Street, Suite 4800
Minneapolis, MN 55402
Direct: 612.852.3610
Fax: 612.852.2701
Jeffer.Ali@huschblackwell.com

January 9, 2025

*Via E-Mail*
Alyssa M. Bruno                                                     *Rule 408 Communication*
A. Bruno Law
P.O. Box 468
Easton, PA 18044
abruno@abrunolaw.com

Re: *Sophia Parker Studios, Inc. v. Alice Temperley MBE et al.,* Case No. 1:24-cv-02086 (ND Ohio)

Dear Alyssa:

As I have stated before, I now represent all the named defendants in the above-captioned litigation.

As a preliminary matter, all the defendants deny the allegations set forth in the Complaint. In addition, we doubt the Court will give Sophia Parker Studios, Inc. ("Parker") unlimited time to serve the foreign defendants, so we expect them to be dismissed before they are even served. Even were Parker to effectuate service, Parker will not be able to establish personal jurisdiction over the foreign defendants. The district judge has already made clear her skepticism that Parker can establish personal jurisdiction in denying Parker's *ex parte* preliminary injunction motion.

As to that motion, the Court has already recognized several infirmities in the request for the extraordinary relief. Not only did the Court see through Parker's excuse for failing to serve the defendants, but it also rejected the alleged urgency to the motion due to Parker's year and a half delay in filing suit. It is unlikely the Court will grant any preliminary injunction on that basis alone.

Turning to the merits of the case, or lack thereof, when the case finally proceeds, it will proceed only against Romo, Inc., because Parker will not timely serve the foreign defendants or be able to establish personal jurisdiction. Regardless, only sales made in this country will be at issue, and they are quite limited. In addition, Parker will not be able to prove willful infringement against Romo, Inc. since it in fact did not willfully infringe any alleged copyrights. To the extent Parker believes it can prove willful infringement through the actions of any foreign defendant, Parker will have to seek that discovery through the Hague Convention, which I suspect she is learning is quite burdensome and expensive. For all of these reasons, Parker will

incur substantially more in attorney fees in this matter than she could hope to recover in damages.

That said, the defendants are reasonable and rational businesspeople willing to explore a potential business resolution that makes sense to all involved especially before the parties start to incur the significant expense of protracted federal court litigation. They believe it is possible to compensate Parker for past alleged infringement (despite their denial of liability), while also exploring the possibility of working collaboratively together going forward. I have raised this possibility before with you when I represented Temperley Holdings, and now I propose it on behalf of all defendants.

In that regard, the defendants believe the most productive way to explore settlement would be to hold a private mediation, with the mediator's expenses being split two ways.

If Parker is interested in mediation, let me know and we can work out the details. Otherwise, we will await what we expect to be your futile attempts to serve the foreign defendants, and then we can proceed with early motion practice.

I look forward to hearing from you.

Regards,

HUSCH BLACKWELL LLP

Jeffer Ali

JA:ldp