UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
(Cleveland)

| | |
|---|---|
| Sophia Parker Studios, Inc., trading as WIFE NYC,<br><br>  Plaintiff,<br><br>v.<br><br>Alice Temperley MBE, TMLL Ltd. (trading as Temperley London), Temperley Holdings Ltd. (t/a Temperley Holdings), Romo Ltd. (t/a ROMO and/or Romo Group), Romo (Holdings) Ltd., Romo, Inc. (t/a ROMO Fabrics and Wallcoverings and ROMO USA, and Does 1-20, Inclusive,<br><br>  Defendants. | Case No. 1:24-cv-02086-PAB<br><br>Judge Pamela A. Barker<br><br>Magistrate Judge Reuben J. Shepherd<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION

**I.  INTRODUCTION**

On May 9, 2025, Judge Barker issued an order setting a May 27, 2025 deadline for Defendants Alice Temperley MBE, TMLL Ltd., Temperley Holdings Ltd., Romo Ltd., Romo (Holdings) Ltd., and The Romo Group Ltd. (hereinafter "U.K. Defendants") to respond to Plaintiff's operative complaint. On May 12, 2025, Plaintiff filed a Motion for Reconsideration of the Court's May 9, 2025 Order Granting Defendants' Motion for Setting of Deadline for Response to First Amended Complaint or, Alternatively, for Extension of Time to Respond (ECF No. 48) and supporting Memorandum (ECF No. 48-1) (hereinafter the "Motion for Reconsideration"). For the reasons set forth below, Plaintiff's Motion for Reconsideration should be denied.

1

## II. FACTUAL BACKGROUND

Service of the U.K. Defendants in this matter has a long procedural history. Plaintiff filed its Complaint on November 30, 2024, along with an *ex parte* motion for an Emergency Temporary Restraining Order. Plaintiff was ordered to "serve copies of the Complaint and the Motion for TRO (as well as all Exhibits thereto) and a copy of this Order on the Defendants, and to promptly file proof of service on these Defendants once service has been perfected." (ECF No. 7). Instead of seeking proper service through the Central Authority, Plaintiff filed a Motion for Order for Alternative Service on January 11, 2025 (ECF No. 12), and attempted to serve the Romo U.K. Defendants via Romo, Inc.'s US registered agent. Plaintiff's Motion for Order for Alternative Service was denied on February 3, 2025. ECF No. 16. After a several month silence, the U.K. Romo Defendants received boxes of documents with no explanation or cover documents purporting that service had come from or approved by the Central Authority or otherwise indicating that this attempt was proper in the sea of various service errors from Plaintiff.

As a matter of professional courtesy, U.K. Defendants' counsel Sharif Ahmed contacted Plaintiff's counsel Alyssa Bruno via email on April 16, 2025, to inquire about the status of service upon the U.K. Defendants. As noted in Plaintiff's Motion for Reconsideration, Ms. Bruno replied, asserting that service had been effectuated; however, she provided neither documentation nor substantive support for this assertion. To investigate further, a representative of the U.K. Defendants in the U.K. reached out to the King's Bench to inquire about the status of service. *See generally* Ex. A ("Declaration of Dr. Janet Strath"), filed herewith. On April 22, 2025, Dr. Strath spoke by telephone with a representative at the King's Bench regarding service. *Id*. at ¶ 3. On the call on April 22, the representative stated that there was no activity on the file since March 28,

2

2025, and that the King's Bench was waiting for a response from Plaintiff. *Id*. at ¶ 4. Dr. Strath inquired about whether service had been effectuated, and the representative stated that the claim had not been served yet, nothing had been issued to that effect, and that as representatives of Temperley Holdings Ltd., no action was required. *Id*. at ¶ 5.

Nearly three weeks later, on May 4, 2025, at 11:43 p.m., Plaintiff began filing Returns of Service for the U.K. Defendants (ECF Nos. 31-35), and continued the following morning—May 5, 2025, beginning at 6:23 a.m.—by filing Applications to the Clerk for Entry of Default against the U.K. Defendants (ECF Nos. 36-40) [1]. These filings constituted the first formal indication that service had been properly executed through the Central Authority, thereby affording counsel for the U.K. Defendants only approximately six hours and forty minutes to confer with their clients—located in a different time zone—and to prepare a response.[2]

Subsequently, on May 7, 2025, the U.K. Defendants filed both their Opposition to Plaintiff's Request for Entry of Default (ECF No. 46) and a Motion for Extension of Time (ECF No. 47). On May 9, 2025, Judge Barker issued an order setting a May 27, 2025 deadline for the U.K. Defendants to respond to Plaintiff's operative complaint. Plaintiff's Motion for Reconsideration followed. (ECF No. 48).

---

[1] Plaintiff later filed a Return of Service and Application for Entry of Default for Defendant TMLL Ltd. on May 7, 2025 (ECF Nos. 43, 44).

[2] Plaintiff is establishing a pattern of ambush tactics in this case. Plaintiff filed this case during the long Thanksgiving holiday weekend of last year, not only filing a 53-page complaint, but also an overlength, 28-page brief in support of the *ex parte* motion, along with several hundreds of pages of exhibits. ECF Nos. 1-4. As the Court noted in denying without prejudice Plaintiff's motion for the TRO, Plaintiff had been engaged with counsel for defendant Temperley Holdings Ltd. for months yet never gave opposing counsel the courtesy of advance notice before these filings or even after the filings were made. ECF No. 7, at 17-19. Plaintiff's tactics appear to be an attempt to deprive Defendants the ability to defend themselves.

### III. ARGUMENT

#### A. Reconsideration is unwarranted.

At base, Plaintiff's Motion simply rehashes prior arguments previously raised before this Court. But "motions for reconsideration are 'not designed to give an unhappy litigant an opportunity to relitigate matters already decided.'" *See York v. Lucas Cnty., Ohio*, No. 3:13-CV-1335, 2014 WL 1051214, at *1 (N.D. Ohio Mar. 17, 2014). Plaintiff has failed to present new evidence, arguments, or intervening change in law. Rather, Plaintiff simply disagrees with the decision to extend the U.K. Defendants answer deadline. "Previously cited arguments are insufficient." *Id.* "A motion predicated on such a tenuous legal basis is a waste of judicial resources. Neither the passage of time, during which the legal landscape did not change, nor a different spin on the same arguments, is a proper basis for a motion for reconsideration." *Id*.

Further, district courts enjoy wide discretion in managing their dockets. "[W]e give district courts 'wide discretion to manage their own dockets and to decide issues which have consumed considerable resources.'" *See In re Onglyza (Saxagliptin) & Kombiglyze (Saxagliptin & Metformin) Prods. Liab. Litig.*, 93 F.4th 339, 349 (6th Cir. 2024). As stated, Plaintiff seeks reconsideration of "May 9, 2025, Non-Document Order … providing them until May 27, 2025 to file a response to the First Amended Complaint." Motion at 1. Plaintiff, however, fails to establish any abuse of discretion in allowing extra time to respond to a complaint. Indeed, such requests are routinely granted at the beginning of litigations to allow parties time to investigate and prepare. Plaintiff's Motion for Reconsideration should be denied at the outset on these bases.

4

**B. Even if the U.K. Defendants were in default, which they are not, this Court can set aside default for good cause.**

Default[3] may be set aside for good cause. *See* Fed. R. Civ. P. 55(c). A court may set aside a default for good cause assessing "whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *See Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838–39 (6th Cir. 2011).

Here no culpable or willful conduct can be attributed to the U.K. Defendants. The U.K. Defendants' conduct here is neither culpable nor willful, as the U.K. Defendants had no reason to know, prior to May 4, 2025, that service was properly effectuated within the United Kingdom. *See, e.g., McKendree v. DePuy Orthopaedics, Inc.*, No. 1:11-dp-21562, 2011 U.S. Dist. LEXIS 94016, at *3-4 (N.D. Ohio Aug. 23, 2011). According to Plaintiff's own counsel, it was not until April 30, 2025, that the court master in the U.K. Central Authority signed, stamped, and sealed the Hague Certificate Attestation Forms for the service on the Foreign Defendants. Plaintiff's counsel did not receive the signed attestation forms from the U.K. Central Authority until May 1, 2025. *Id*. And Plaintiff did not file the returns of service, including these attestation forms from the U.K. Central Authority, until May 4, 2025. *Id*. Plaintiff did not send these documents to the Foreign Defendants' counsel before they were filed with the Court. Thus, the Foreign Defendants had no reason to know that service had been authorized by the U.K. Central Authority until May 4, 2025. That is, the Foreign Defendants had no reason to know until May 4, 2025, that service had been effectuated.

---

[3] Plaintiff's insinuation that the U.K. Defendants admit that service is proper, and they are therefore in default is wrong. The U.K. Defendants have not admitted that service was proper. Instead, rather than continue to waste the parties' and the Court's time on this issue, the U.K. Defendants have decided not to contest the manner of service. That does not mean they are default, and they deny as much.

Plaintiff's argument that on April 17th service was confirmed via email is incorrect. First, Plaintiff offered no proof in that correspondence and did not even yet have the return of service as proof. Second, Dr. Strath, a paralegal in the U.K., contacted the King's Bench on April 22, 2025, and the King' Bench confirmed that service had not yet been effectuated. Ex. A ("Declaration of Dr. Janet Strath") at ¶¶ 3-5. Rather, it appears Plaintiff did not finalize the necessary documents for proof of service while simultaneously arguing that the time for the U.K. Defendants to respond was running.[4] Nevertheless, Plaintiff continues to demand default when the U.K. Defendants are present and intending to timely present multiple defenses on the pleadings (and otherwise) as ordered by the Court later this month. Plaintiff cannot argue that the U.K. Defendants have displayed any sort of intentional or reckless disregard for these judicial proceedings. *McKendree*, 2011 U.S. Dist. LEXIS 94016, at *3-4. Even if default were to be entered, setting aside default in favor of deciding this case on the merits is warranted in this situation. *See NOCO Co. v. Shenzhen Xinzexiing E-Com. Co.*, No. 1:20-CV-01960-PAB, 2023 WL 2214118, at *2 (N.D. Ohio Feb. 24, 2023); *McKernon v. City of Seven Hills*, No. 1:20-CV-00032, 2020 WL 5909947, at *2 (N.D. Ohio Oct. 6, 2020) ("[t]rials on the merits are favored in federal courts because they best serve the interests of justice").

Critically, Plaintiff suffers no prejudice if the Clerk does not enter default against the U.K. Defendants pursuant to Fed. R. Civ. P. 55(a). Plaintiff does not even allege prejudice in its Motion

---

[4] As Dr. Strath states in her declaration, when Dr. Strath called the Central Authority on April 22, 2025, the U.K. Central Authority informed her it was waiting for Plaintiff's counsel to take some action. Ex. A ("Declaration of Dr. Janet Strath") at ¶¶ 3-5. The U.K. Central Authority only signed, stamped, and sealed the Attestation Forms on April 30, 2025. *See* ECF 40-1, ¶ 6. Thus, one wonders if Plaintiff's counsel waited to seek attestation from the Central Authority until more than 21 days after papers were delivered to the U.K. Defendants for the sole purpose of moving for default.

for Reconsideration. Rather, Plaintiff will simply have to litigate its allegations on the merits. Plaintiff's only possible claim would be a minor delay—of only a few days—but "delay alone is not prejudice." *See NOCO*, 2023 WL 2214118 at *2.

Further, the U.K. Defendants maintain that they have multiple meritorious defenses available to them—including lack of personal jurisdiction—and are ready to respond to the allegations against them in this case and should be given the opportunity to do so. "[I]n determining whether the defendant has a meritorious defense, courts do not look at the defense's likelihood of success, but rather 'whether the defense is one recognized by the law, taking all facts in the light most favorable to the defendant.'" *See McKernon*, 2020 WL 5909947 at *2. Here, the Court already expressed skepticism as to whether the Court has personal jurisdiction over the U.K. Defendants. (*See* ECF No. 7 at 23-24). "A court must have personal jurisdiction over a defendant to enter a valid default judgment against that defendant." *See KNR, Inc. v. Copart, Inc.*, No. 1:14-CV-818, 2015 WL 3511332, at *2 (N.D. Ohio June 4, 2015). "If a court enters a judgment against a defendant over whom it does not have personal jurisdiction, the judgment is void and must be set aside." *Id*. This is true even if a party fails to appear. *Id*. But here, the U.K. defendants are present and intend to present not only personal jurisdiction defenses, but others on the merits. Default is not proper in this case.

### IV. CONCLUSION

For the foregoing reasons, the U.K. Defendants respectfully request that this Court deny Plaintiff's Motion for Reconsideration and grant any other relief the Court deems just and proper.

Dated: May 19, 2025            Respectfully submitted,

By: */s/ Jeffer Ali*

Meredith K. Collier
Todd R. Tucker
**CALFEE, HALTER & GRISWOLD LLP**
1405 East Sixth Street
Cleveland, OH 44114
Telephone: 216.622.8200
Facsimile: 216.241.0816
mcollier@calfee.com

Jeffer Ali*
**HUSCH BLACKWELL LLP**
80 South Eighth Street, Suite 4800
Minneapolis, Minnesota 55402
Telephone: 612.852.2700
Facsimile: 612.852.2701
jeff.ali@huschblackwell.com

Sharif Ahmed*
**HUSCH BLACKWELL LLP**
2415 East Camelback Road, Suite 500
Phoenix, AZ 85016
Telephone: 480.824.7890
Facsimile: 480-824-7905
sharif.ahmed@huschblackwell.com

**Admitted pro hac vice*

***Attorneys for Defendants Alice Temperley MBE, TMLL, Ltd., Temperley Holdings Ltd., Romo Ltd., Romo (Holdings) Ltd., and The Romo Group Ltd.***

## CERTIFICATE OF SERVICE

I hereby certify that today, this 19th day of May 2025, I caused the foregoing document to be filed electronically with the Clerk of Court, and therefore served upon all counsel of record.

<u>/s/ Jeffer Ali</u>

## LOCAL RULE 7.1(f) CERTIFICATION

Pursuant to Local Civil Rule 7.1(f), I hereby certify that this case has not been assigned to any track and that the page limitation for this memorandum is fewer than twenty (20) pages. I hereby further certify that the foregoing Memorandum adheres to this limitation.

<em>/s/ Jeffer Ali</em>