# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| Sophia Parker Studios, Inc. (trading as WIFE NYC), | Case No. 1:24-cv-02086-PAB |
| Plaintiff, | Judge Pamela A. Barker |
| v. | Magistrate Judge Reuben J. Shepherd |
| TMLL Ltd. (trading as Temperley London), Temperley Holdings Ltd. (t/a Temperley Holdings), Romo Ltd. (t/a ROMO and/or Romo Group), Romo (Holdings) Ltd., Romo, Inc. (t/a ROMO Fabrics and Wallcoverings and ROMO USA), and Does 1-20, Inclusive, | **DEFENDANTS TMLL LTD. AND TEMPERLEY HOLDINGS LTD'S ANSWER AND COUNTERCLAIMS TO FIRST AMENDED COMPLAINT** |
| Defendants. | |

## DEFENDANTS' ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants TMLL Ltd., and Temperley Holdings Ltd (collectively "Temperley" or "Defendants") by and through the undersigned counsel, hereby respond to the allegations contained in Plaintiff Sophia Parker Studios, Inc's ("Sophia Parker" or "Plaintiff") First Amended Complaint (the "Complaint") (ECF No. 22) and assert the following answers. To the extent not specifically admitted or specifically qualified in this Answer, all remaining allegations of the Complaint are denied.

## NATURE OF THE ACTION

1.      This paragraph contains legal argument to which no response is required. To the extent a response is required, denied. Additionally, Defendants are without sufficient information to form a belief as to the allegations contained in this paragraph, including what constitutes the allegedly creative and copyrightable subject matter of the registrations, and therefore deny same.

1

2.      Defendants are without sufficient information to form a belief as to the allegations contained in this paragraph and therefore deny same.

3.      Defendants are without sufficient information to form a belief as to the allegations contained in this paragraph and therefore deny same.

4.      Defendants are without sufficient information to form a belief as to the allegations contained in this paragraph and therefore deny same.

5.      Defendants admit that Temperley London is a fashion brand founded by Alice Temperley MBE that specializes in luxury women's clothing and made-to-order bridal gowns. Defendants are without sufficient information to form a belief as to the remaining allegations contained in this paragraph and therefore deny same.

6.      Defendants admit that TMLL Ltd. sells products online, and into the United States through third party boutiques. Defendants deny that Temperley London operates any retail channels or physical storefronts in the United States. Defendants deny the remaining allegations contained in this paragraph.

7.      This paragraph contains legal argument to which no response is required. To the extent a response is required, denied.

### *TEMPERLEY LONDON'S "FARRAH" APPAREL INFRINGEMENTS*

8.      Defendants admit that the Temperly London Spring Summer 2022 collection was launched in London, England in early March 2022. Defendants are without sufficient information to form a belief as to the remaining allegations contained in this paragraph and therefore deny same.

9.      Defendants admit that screenshots of products are shown in Exhibit C. This paragraph contains legal argument for which no response is required, and Defendants therefore

deny the remaining allegations in this paragraph.

10.     Denied.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Denied.

16.     This allegation is directed to Alice Temperley, and, therefore, Defendants are without sufficient information to form a belief as to the truth of this allegation.

17.     This allegation is directed to Alice Temperley, and, therefore, Defendants are without sufficient information to form a belief as to the truth of this allegation.

18.     Denied.

19.     Denied.

### TEMPERLEY LONDON'S "PALMAE" APPAREL INFRINGEMENTS

20.     Denied.

21.     Denied.

22.     Denied.

23.     Defendants admit that screenshots of products are shown in Exhibit D. This paragraph contains legal argument for which no response is required, and Defendants therefore deny the remaining allegations in this paragraph.

24.     Denied.

25.     Denied.

### TEMPERLEY LONDON AND ROMO'S "FARRAH" INTERIORS INFRINGEMENTS

26.     This allegation is not directed to the Temperley London Defendants, and the Temperley London Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley London Defendants, denied.

27.     This allegation is not directed to the Temperley London Defendants, and the Temperley London Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley London Defendants, denied.

28.     Defendants admit that Temperley London and Romo launched a joint interiors collection in March 2023. Defendants deny the remaining allegations contained in this paragraph.

29.     Defendants are without sufficient information to form a belief as to the allegations contained in this paragraph and therefore deny same.

30.     Defendants admit that screenshots of products are shown in Exhibit E. This paragraph contains legal argument for which no response is required, and Defendants therefore deny the remaining allegations in this paragraph.

31.     This allegation is not directed to the Temperley London Defendants, and the Temperley London Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley London Defendants, denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

### *INFRINGING UNAUTHORIZED ADVERTISING WORKS BY ALL DEFENDANTS*

40.     Denied.

### *WILLFUL INFRINGEMENT BY ALL DEFENDANTS*

41.     Defendants admit that the Temperley Defendants received letters from Alyssa Bruno. Defendants deny the remaining allegations contained in this paragraph.

42.     Defendants deny that Temperley was under any obligation to cease the sale of its own products. Defendants deny the remaining allegations contained in this paragraph.

43.     Defendants deny that Temperley was under any obligation to cease the sale of its own products. Defendants deny the remaining allegations contained in this paragraph.

44.     Denied.

### JURISDICTION AND VENUE

45.     Defendants admit this is a civil action seeking damages and injunctive relief. This paragraph contains legal argument to which no response is required. To the extent a response is required, denied.

46.     This paragraph contains legal argument to which no response is required. Furthermore, this allegation is directed to Alice Temperley, for whom no response is required.  To the extent a response is required, denied.

47.     This paragraph contains legal argument to which no response is required. To the extent a response is required, denied.

## **THE PARTIES**

48.     Defendants are without sufficient information to form a belief as to the allegations contained in this paragraph and therefore deny same.

49.     Admitted.

50.     Defendants admit that TMLL Ltd. is responsible for all business operations of the Temperley London brand and is located in Ilminster, England.

51.     Defendants admit that Temperley Holdings Ltd. is a parent company with two entities, TMLL Ltd. and AVBM Ltd.

52.     This allegation is not directed to the Temperley Defendants, and the Temperley Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley Defendants, denied.

53.     This allegation is not directed to the Temperley Defendants, and the Temperley Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley Defendants, denied.

54.     This allegation is not directed to the Temperley Defendants, and the Temperley Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley Defendants, denied.

55.     This allegation is not directed to the Temperley Defendants, and the Temperley Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley Defendants,

denied.

56.     This allegation is not directed to the Temperley Defendants, and the Temperley Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley Defendants, denied.

57.     This allegation is not directed to the Temperley Defendants, and the Temperley Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley Defendants, denied.

## ALLEGATIONS COMMON TO ALL CLAIMS

### I.     Plaintiff's Copyright-Protected Artwork

58.     Defendants are without sufficient information to form a belief as to the allegations contained in this paragraph and therefore deny same.

59.     Defendants are without sufficient information to form a belief as to the allegations contained in this paragraph and therefore deny same.

60.     Defendants are without sufficient information to form a belief as to the allegations contained in this paragraph and therefore deny same.

61.     Defendants are without sufficient information to form a belief as to the allegations contained in this paragraph and therefore deny same.

62.     Defendants admit that Exhibit A is a copy of a copyright registration. Defendants deny the remaining allegations contained in this paragraph.

### II.     Plaintiff's Copyright-Protected Photographs and Posting of the Same on Plaintiff's Instagram account, @wifenyc. Defendants' Access to the Artwork via the Photographs.

63.     Defendants are without sufficient information to form a belief as to the allegations

contained in this paragraph and therefore deny same.

64.     Defendants are without sufficient information to form a belief as to the allegations contained in this paragraph and therefore deny same.

65.     Defendants are without sufficient information to form a belief as to the allegations contained in this paragraph and therefore deny same.

66.     This paragraph contains legal argument to which no response is required. To the extent a response is required, denied. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny same.

67.     Denied.

68.     Denied.

69.     This paragraph contains legal argument to which no response is required. To the extent a response is required, denied.

**III.     INFRINGING APPAREL PRODUCTS – The Temperley London Defendants, and the ROMO Defendants Infringed Upon Plaintiff's Artwork and the Photographs through the Production, Display, Distribution, and Sale of the Unauthorized Farrah Apparel Products and Unauthorized Palmae Apparel Products.**

70.     Defendants admit that Temperley London launched its spring summer collection in March 2022. Defendants deny the remaining allegations contained in this paragraph.

71.     The allegations contained in this paragraph are directed to Alice Temperley MBE. To the extent a response is required, Defendants admit that Temperley London markets its collections online and on social media. Defendants deny the remaining allegations contained in this paragraph.

72.     Defendants admit that Alice Temperley traveled to just three cities or counties in the United States on a promotional tour of the collections: Los Angeles, Orange County, and New York City. Defendants deny the remaining allegations contained in this paragraph including the

characterization that the products are "unauthorized".

73.    Defendants are without sufficient information to form a belief as to the allegations contained in this paragraph and therefore deny same.

74.    Denied.

75.    Defendants deny the allegations in this paragraph, specifically the allegation that they created derivative works.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied.

80.    Defendants deny that Plaintiff has authority to give permission or consent for the Temperley Defendants to sell their own products and further deny that Plaintiff is entitled to receive any payment. Defendants deny the remaining allegations contained in this paragraph.

81.    Defendants deny that Plaintiff has authority to give permission or consent for the Temperley Defendants to sell their own products and further deny that Plaintiff is entitled to receive any payment. Defendants deny the remaining allegations contained in this paragraph.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Defendants admit that the Temperley London intellectual property is now owned and managed by AVBM Ltd., based in the Isle of Man, a British Crown dependency. Defendants deny the remaining allegations contained in this paragraph.

87.     Defendants admit that TMLL Ltd. sells products through its website. Defendants deny that it sells its apparel products through Romo.

IV.     **INFRINGING INTERIORS PRODUCTS – Temperley London Defendants, and the ROMO Defendants Infringed Upon Plaintiff's Artwork and the Photographs through the Production, Display, Distribution, and Sale of the Unauthorized Farrah Interiors Products.**

88.     Defendants admit that the Temperley London x ROMO "A World Less Ordinary" collection launched in March 2023. Defendants deny the characterization that these products are "unauthorized" and further deny the remaining allegations contained in this paragraph.

89.     Denied.

90.     Denied.

91.     Defendants admit that the Temperley London x ROMO "A World Less Ordinary" collection launch party was in London. Defendants deny the characterization that these products are "unauthorized" and further deny the remaining allegations contained in this paragraph.

92.     Defendants are without sufficient information to form a belief as to the allegations contained in this paragraph and therefore deny same.

93.     Defendants lack sufficient information to admit the vague and conclusory allegations that are contained in this paragraph, are without sufficient information to form a belief as to the allegations contained in this paragraph, and therefore deny same.

94.     Defendants admit that Defendants try to promote and sell products when they are launched for sale. Defendants deny the remaining allegations contained in this paragraph.

95.     Defendants deny that Plaintiff has authority to give permission or consent for the Temperley Defendants to sell their own products. Defendants additionally deny that Plaintiff is entitled to receive any payment and further deny any remaining allegations contained in this paragraph.

10

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.    This allegation is not directed to the Temperley Defendants, and the Temperley Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley Defendants, denied.

101.    This allegation is not directed to the Temperley Defendants, and the Temperley Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley Defendants, denied.

102.    This allegation is not directed to the Temperley Defendants, and the Temperley Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley Defendants, denied.

103.    This allegation is not directed to the Temperley Defendants, and the Temperley Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley Defendants, denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    This allegation is not directed to the Temperley Defendants, and the Temperley Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley Defendants, denied.

109.    This allegation is not directed to the Temperley Defendants, and the Temperley Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley Defendants, denied.

110.    This allegation is not directed to the Temperley Defendants, and the Temperley Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley Defendants, denied.

111.    Defendants deny that Temperley was under any obligation to cease the sale of its own products after receiving Plaintiff's baseless letters. Defendants deny the remaining allegations contained in this paragraph.

**V.    INFRINGING ADVERTISING WORKS BY ALICE TEMPERLEY MBE – Defendant Alice Temperley MBE Infringed Upon Plaintiff's Artwork and the Photographs through the Creation, Display, and Distribution of the Unauthorized Advertising Works.**

112.    Denied.

113.    This allegation is not directed to the Temperley Defendants, and the Temperley Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley Defendants, denied.

114.    Denied.

115.    Denied.

116.    This allegation is not directed to the Temperley Defendants, and the Temperley Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley Defendants, denied.

117.    This allegation is not directed to the Temperley Defendants, and the Temperley Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley Defendants, denied.

118.    This allegation is not directed to the Temperley Defendants, and the Temperley Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley Defendants, denied.

119.    This allegation is not directed to the Temperley Defendants, and the Temperley Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley Defendants, denied.

**VI.    INFRINGING ADVERTISING WORKS BY THE TEMPERLEY LONDON DEFENDANTS – The Temperley London Defendants Infringed Upon Plaintiff's Artwork and the Photographs through the Creation, Display, and Distribution of the Unauthorized Advertising Works.**

120.    Defendants admit that TMLL Ltd. displays photos and advertisements on its website. Defendants admit that third-party boutiques host trunk shows that may feature Temperley London products. Defendants deny the remaining allegations contained in this paragraph.

121.    Defendants admit that TMLL Ltd. displays photographs and advertisements on social media. Defendants deny the remaining allegations contained in this paragraph.

122.    Defendants admit that TMLL Ltd. engages in email marketing. Defendants deny the remaining allegations contained in this paragraph.

123.    Denied.

124.    Denied.

125.    Defendants lack sufficient information to admit the vague and conclusory allegations that are contained in this paragraph. To the extent a response is required, denied.

126.    Defendants admit Brandi Carlile wore Temperley London's products. Defendants deny the remaining allegations contained in this paragraph.

127.    Defendants are without sufficient information to form a belief as to the allegations contained in this paragraph and therefore deny same.

128.    Defendants deny that Temperley was under any obligation to cease the sale of its own products after receiving Plaintiff's baseless letters. Defendants deny the remaining allegations contained in this paragraph.

129.    Denied.

130.    Denied.

131.    Denied.

**VII.    INFRINGING ADVERTISING WORKS BY THE ROMO DEFENDANTS – The ROMO Defendants Infringed Upon Plaintiff's Artwork and the Photographs through the Creation, Display, and Distribution of the Unauthorized Advertising Works.**

132.    This allegation is not directed to the Temperley Defendants, and the Temperley Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley Defendants,

14

denied.

133.    This allegation is not directed to the Temperley Defendants, and the Temperley Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley Defendants, denied.

134.    This allegation is not directed to the Temperley Defendants, and the Temperley Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley Defendants, denied.

135.    This allegation is not directed to the Temperley Defendants, and the Temperley Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley Defendants, denied.

136.    This allegation is not directed to the Temperley Defendants, and the Temperley Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley Defendants, denied.

137.    This allegation is not directed to the Temperley Defendants, and the Temperley Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley Defendants, denied.

138.    This allegation is not directed to the Temperley Defendants, and the Temperley Defendants are without sufficient information to form a belief as to the truth of the allegations

contained in this paragraph. To the extent a response is required from the Temperley Defendants, denied.

139.    This allegation is not directed to the Temperley Defendants, and the Temperley Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley Defendants, denied.

140.    This allegation is not directed to the Temperley Defendants, and the Temperley Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley Defendants, denied.

141.    This allegation is not directed to the Temperley Defendants, and the Temperley Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley Defendants, denied.

142.    This allegation is not directed to the Temperley Defendants, and the Temperley Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley Defendants, denied.

## **FIRST CLAIM FOR RELIEF**

### **(For Direct Copyright Infringement Under 17 U.S.C. § 501 –As to All Defendants)**

143.    The Temperley Defendants repeat and reallege their responses to paragraphs 1 through 142, as if fully set forth herein.

144.    Defendants are without sufficient information to form a belief as to the allegations

contained in this paragraph and therefore deny same.

145.    Defendants are without sufficient information to form a belief as to the allegations contained in this paragraph and therefore deny same.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

155.    Denied.

## SECOND CLAIM FOR RELIEF

### (Vicarious and Contributory Copyright Infringement–As to All Defendants)

156.    The Temperley Defendants repeat and reallege their responses to paragraphs 1 through 155, as if fully set forth herein.

157.    Denied.

158.    Denied.

159.    Denied.

160.    Denied.

161.    Denied.

162.    Denied.

163.    Denied.

164.    Denied.

## THIRD CLAIM FOR RELIEF

**(Distribution of False Copyright Management Information and Removal of Copyright Management Information in Violation of 17 U.S.C. § 1202(a) and (b)–As to All Defendants)**

165.    The Temperley Defendants repeat and reallege their responses to paragraphs 1 through 164, as if fully set forth herein.

166.    Defendants are without sufficient information to form a belief as to the allegations contained in this paragraph and therefore deny same.

167.    Denied.

168.    This allegation is not directed to the Temperley Defendants, and the Temperley Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley Defendants, denied.

169.    This allegation is not directed to the Temperley Defendants, and the Temperley Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley Defendants, denied.

170.    This allegation is not directed to the Temperley Defendants, and the Temperley Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley Defendants, denied.

171.    Denied.

172.    Denied.

173.    Denied.

174.    Denied.

175.    Denied.

176.    Denied.

177.    This allegation is not directed to the Temperley Defendants, and the Temperley Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley Defendants, denied.

178.    This allegation is not directed to the Temperley Defendants, and the Temperley Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley Defendants, denied.

179.    This allegation is not directed to the Temperley Defendants, and the Temperley Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley Defendants, denied.

180.    This allegation is not directed to the Temperley Defendants, and the Temperley Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley Defendants, denied.

181.    This allegation is not directed to the Temperley Defendants, and the Temperley Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley Defendants,

denied.

182.     This allegation is not directed to the Temperley Defendants, and the Temperley Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley Defendants, denied.

183.     This allegation is not directed to the Temperley Defendants, and the Temperley Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Temperley Defendants, denied.

184.     Denied.

185.     Denied.

186.     Denied.

187.     Denied.

188.     Denied.

189.     Denied.

190.     Denied.

191.     Denied.

192.     Denied.

193.     Denied.

194.     Denied.

## FOURTH CLAIM FOR RELIEF

### (Accounting – As to All Defendants)

195.     The Temperley Defendants repeat and reallege their responses to paragraphs 1

through 194, as if fully set forth herein.

196.    Denied.

197.    Denied.

198.    Denied.

199.    Denied.

200.    Denied.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Defendants deny that Sophia Parker is entitled to the relief sought in the Complaint (or any other relief) and thus requests that the Court issue a judgment in Defendants' favor, and award Defendants their costs, reasonable attorneys' fees, and any other relief the Court may deem just and proper.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants specifically allege and assert the following defenses in response to the allegations set forth in the Complaint. The inclusion of these defenses in this Answer is not a concession that Defendants bear the burden of proof with respect to any of them. The case is in its early stages and additional information may be discovered relevant to the matters and issues raised herein. Accordingly, Defendants reserve the right to supplement, modify, and/or amend their defenses, and take further or amended positions as discovery proceeds.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Each cause of action set forth in Plaintiff's First Amended Complaint fails to state a claim upon with relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity and Unenforceability)

U.S. Copyright Registration No. VA 2-343-734, registered February 28, 2023, U.S.

21

Copyright Registration No. VA 2-352-960, registered April 27, 2023, and U.S. Copyright Registration No. VA 2-420-961, registered November 4, 2024, are each invalid and unenforceable for lack of originality, for copyright misuse, for being directed to living biological organisms dedicated to the public domain, and/or for being procured by fraud on the Copyright Office.

### THIRD AFFIRMATIVE DEFENSE
**(Noninfringement)**

Defendants are entitled to a declaration of non-infringement because none of the products and designs at issue infringe any exclusive right owned by Plaintiff, any original copyrightable subject matter created by Plaintiff, nor any copyrighted element of U.S. Copyright Registration No. VA 2-343-734, registered February 28, 2023, U.S. Copyright Registration No. VA 2-352-960, registered April 27, 2023, and U.S. Copyright Registration No. VA 2-420-961, registered November 4, 2024. Furthermore, Defendants are entitled to a declaration of non-infringement because Defendants neither copied nor accessed any of Plaintiff's works, and none of Defendants' acts give rise to claims of copyright infringement, distribution of false copyright management information, or removal of copyright management information.

### FOURTH AFFIRMATIVE DEFENSE
**(Independent Creation)**

Each product and design at issue is Defendants' separate, original, and independent creation. To the extent they exist, any resemblance between Defendants' products and Plaintiff's works are purely coincidental, and non-infringing.

### FIFTH AFFIRMATIVE DEFENSE
**(Fair Use)**

To the extent any of the products and designs at issue are found to use any copyrighted element of Plaintiff's works, the purpose and character of Defendants' use, the nature of the copyrighted works, the amount and substantiality of the portion used in relation to the copyrighted

works as a whole, and the effect of said use upon the market for or value of the copyrighted works, all warrant a finding of fair use.

### SIXTH AFFIRMATIVE DEFENSE
**(Plaintiff's Claims Are Statutorily Barred)**

Plaintiff's claims, including its claims for statutory damages and attorney's fees, are statutorily barred pursuant to 17 U.S.C. §§ 412, 504, 505, and 1203.

### SEVENTH AFFIRMATIVE DEFENSE
**(Laches)**

Plaintiff's copyright infringement and DMCA claims are time-barred pursuant to the equitable doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE
**(Unclean Hands)**

All of Plaintiff's claims for relief are barred pursuant to the equitable doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE
**(Innocent Infringement)**

To the extent any of the products and designs at issue are found to infringe any copyrighted element of Plaintiff's works, such infringement is not willful, nor done with knowledge that such conduct constitutes infringement, nor done with reckless disregard for any rights held by Plaintiff.

### TENTH AFFIRMATIVE DEFENSE
**(Not Exceptional; Attorney' Fees and Costs)**

Plaintiff's case against Defendants is not exceptional, but Plaintiff's filing and manner of prosecuting this lawsuit, which imposes upon Defendants the requirement to mount a defense in this lawsuit is exceptional, and warrants an award to Defendants of Defendants attorney's fees and costs.

## RESERVATION OF ALL AFFIRMATIVE DEFENSES

Defendants hereby give notice that they intend to rely upon any other matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, and that they reserve the right to seek leave to amend this Answer to add to, amend, withdraw, or modify these defenses as their investigation continues and as discovery may require.

## DEFENDANTS' COUNTERCLAIMS FOR DECLARATORY RELIEF

Defendants-Counterclaim Plaintiffs TMLL Ltd. and Temperley Holdings Ltd. (collectively "Temperley") hereby assert the following Counterclaims to Sophia Parker Studios, Inc's ("Sophia Parker") First Amended Complaint as follows:

## NATURE OF THE ACTION

1.     This Counterclaim seeks a declaration pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, that Temperley does not infringe U.S. Copyright Registration No. VA 2-343-734, registered February 28, 2023, U.S. Copyright Registration No. VA 2-352-960, registered April 27, 2023, and U.S. Copyright Registration No. VA 2-420-961, registered November 4, 2024.

2.     This Counterclaim further seeks a declaration pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, that Temperley is not liable for removal of copyright management information and is not liable for the distribution of false copyright management information under the Digital Millenium Copyright Act (DMCA).

## PARTIES

3.     TMLL Ltd. and Temperley Holdings Ltd. are companies based in and organized under the laws of the United Kingdom.

4.     Based on paragraph 48 of the First Amended Complaint, Sophia Parker is a United States corporation organized under the laws of the State of New York with its principal place of

business located in Flushing, New York.

<strong><u>JURISDICTION AND VENUE</u></strong>

5.      This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1331, the United States Copyright Act set forth at 17 U.S.C. §§ 101, et seq., the Digital Millenium Copyright Act set forth at 17 U.S.C. §§ 1200, et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6.      Personal jurisdiction over Sophia Parker is proper because, *inter alia*, Sophia Parker has consented to the personal jurisdiction of this Court by commencing its action for copyright infringement and violations of the DMCA in this judicial district.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(3).

<strong><u>COUNT ONE</u></strong><br><strong>(Declaration of Non-infringement of U.S. Reg. No. VA 2-343-734)</strong>

8.      Temperley incorporates herein and re-alleges, as if fully set forth in this paragraph, the allegations of paragraphs 1-7 of the Counterclaims above, inclusive.

9.      By virtue of Sophia Parker's filing of the Complaint herein, an actual controversy exists between Temperley and Sophia Parker with respect to Temperley's alleged infringement of U.S. Copyright Registration No. VA 2-343-734, registered February 28, 2023.

10.     Temperley has not and does not infringe U.S. Copyright Registration No. VA 2-343-734. For example, Temperley has not copied or accessed the subject matter underlying U.S. Copyright Registration No. VA 2-343-734.

11.     Temperley is entitled to a judicial declaration that it has not and does not infringe U.S. Copyright Registration No. VA 2-343-734.

<strong><u>COUNT TWO</u></strong><br><strong>(Declaration of Non-infringement of U.S. Reg. No. VA 2-352-960)</strong>

12.    Temperley incorporates herein and re-alleges, as if fully set forth in this paragraph, the allegations of paragraphs 1-11 of the Counterclaims above, inclusive.

13.    By virtue of Sophia Parker's filing of the Complaint herein, an actual controversy exists between Temperley and Sophia Parker with respect to Temperley's alleged infringement of U.S. Copyright Registration No. VA 2-352-960, registered April 27, 2023.

14.    Temperley has not and does not infringe U.S. Copyright Registration No. VA 2-352-960. For example, Temperley has not copied or accessed the subject matter underlying U.S. Copyright Registration No. VA 2-352-960.

15.    Temperley is entitled to a judicial declaration that it has not and does not infringe U.S. Copyright Registration No. VA 2-352-960.

## COUNT THREE
### (Declaration of Non-infringement of U.S. Reg. No. VA 2-420-961)

16.    Temperley incorporates herein and re-alleges, as if fully set forth in this paragraph, the allegations of paragraphs 1-15 of the Counterclaims above, inclusive.

17.    By virtue of Sophia Parker's filing of the Complaint herein, an actual controversy exists between Temperley and Sophia Parker with respect to Temperley's alleged infringement of U.S. Copyright Registration No. VA 2-420-961, registered November 4, 2024.

18.    Temperley has not and does not infringe U.S. Copyright Registration No. VA 2-420-961. For example, Temperley has not copied or accessed the subject matter underlying U.S. Copyright Registration No. VA 2-420-961.

19.    Temperley is entitled to a judicial declaration that it has not and does not infringe U.S. Copyright Registration No. VA 2-420-961.

## COUNT FOUR
### (Declaration of no removal of copyright management information)

20.    Temperley incorporates herein and re-alleges, as if fully set forth in this paragraph,

the allegations of paragraphs 1-19 of the Counterclaims above, inclusive.

21. By virtue of Sophia Parker's filing of the Complaint herein, an actual controversy exists between Temperley and Sophia Parker with respect to Temperley's alleged removal of Sophia Parker's copyright management information in violation of 17 U.S.C. § 1202(b).

22. Temperley has not removed or altered Sophia Parker's copyright management information in violation of 17 U.S.C. § 1202(b).

23. Temperley is entitled to a judicial declaration that it has not removed or altered Sophia Parker's copyright management information in violation of 17 U.S.C. § 1202(b).

## COUNT FIVE
### (Declaration of no distribution of false copyright management information)

24. Temperley incorporates herein and re-alleges, as if fully set forth in this paragraph, the allegations of paragraphs 1-23 of the Counterclaims above, inclusive.

25. By virtue of Sophia Parker's filing of the Complaint herein, an actual controversy exists between Temperley and Sophia Parker with respect to Temperley's alleged distribution of false copyright management information in violation of 17 U.S.C. § 1202(a).

26. Temperley has not provided or distributed false copyright management information in violation of 17 U.S.C. § 1202(a).

27. Temperley is entitled to a judicial declaration that it has not provided or distributed false copyright management information in violation of 17 U.S.C. § 1202(a).

## PRAYER FOR RELIEF

WHEREFORE, Defendants-Counterclaim Plaintiffs pray that judgment be entered in their favor and that the Court:

A. Sophia Parker takes nothing by way of its Complaint;

B. A judgment in favor of Temperley and against Sophia Parker, thereby dismissing

Sophia Parker's Complaint in its entirety, with prejudice, and deny Sophia Parker all requested relief;

C.      A declaration that Temperley has not infringed U.S. Copyright Registration No. VA 2-343-734;

D.      A declaration that Temperley has not infringed U.S. Copyright Registration No. VA 2-352-960;

E.      A declaration that Temperley has not infringed U.S. Copyright Registration No. VA 2-420-961;

F.      A declaration that Temperley has not removed or altered Sophia Parker's copyright management information in violation of 17 U.S.C. § 1202(b);

G.      A declaration that Temperley has not distributed false copyright management information in violation of 17 U.S.C. § 1202(a);

H.      An award of Temperley's attorney's fees and expenses of litigation;

I.      An entry of judgment against Sophia Parker for the amount of damages that Temperley proves at trial; and

J.      Such other further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants-Counterclaim Plaintiffs hereby demand a trial by jury on all issues so triable that are raised herein or that hereinafter may be raised in this action.

Dated: December 9, 2025

Respectfully submitted,

By: */s/ Jeffer Ali*

Meredith K. Collier (97108OH)
Todd R. Tucker (0065617OH)
**CALFEE, HALTER & GRISWOLD LLP**
1405 East Sixth Street
Cleveland, OH 44114
Telephone: 216.622.8200
Facsimile: 216.241.0816
mcollier@calfee.com
ttucker@calfee.com

Jeffer Ali*
**HUSCH BLACKWELL LLP**
80 South Eighth Street, Suite 4800
Minneapolis, Minnesota 55402
Telephone: 612.852.2700
Facsimile: 612.852.2701
jeff.ali@huschblackwell.com
247947MN

Sharif Ahmed*
**HUSCH BLACKWELL LLP**
2415 East Camelback Road, Suite 500
Phoenix, AZ 85016
Telephone: 480.824.7890
Facsimile: 480-824-7905
sharif.ahmed@huschblackwell.com
37105AZ

*Admitted pro hac vice*

***Attorneys for Defendants-Counterclaim Plaintiffs TMLL Ltd., and Temperley Holdings Ltd***

29

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that today, this 9th day of December 2025, I caused the foregoing document

to be filed electronically with the Clerk of Court, and therefore served upon all counsel of record.

*/s/ Jeffer Ali*