**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| Sophia Parker Studios, Inc. (trading as WIFE NYC),<br><br>        Plaintiff,<br><br>v.<br><br>TMLL Ltd. (trading as Temperley London), Temperley Holdings Ltd. (t/a Temperley Holdings), Romo Ltd. (t/a ROMO and/or Romo Group), Romo (Holdings) Ltd., Romo, Inc. (t/a ROMO Fabrics and Wallcoverings and ROMO USA), and Does 1-20, Inclusive,<br><br>        Defendants. | Case No. 1:24-cv-02086-PAB<br><br>Judge Pamela A. Barker<br><br>Magistrate Judge Reuben J. Shepherd<br><br>**DEFENDANTS ROMO GROUP LTD., ROMO (HOLDINGS) LTD., ROMO, INC., ROMO LTD.'S ANSWER AND COUNTERCLAIMS TO SECOND AMENDED COMPLAINT** |

**DEFENDANTS' ANSWER AND COUNTERCLAIMS TO
PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants Romo Group Ltd., Romo (Holdings) Ltd., and Romo, Inc., and Romo Ltd. (collectively "Romo" or "Defendant") by and through the undersigned counsel, hereby respond to the allegations contained in Plaintiff Sophia Parker Studios, Inc's ("Sophia Parker" or "Plaintiff") Second Amended Complaint (the "Complaint") (ECF No. 83) and assert the following answers. To the extent not specifically admitted or specifically qualified in this Answer, all remaining allegations of the Complaint are denied.

**NATURE OF THE ACTION**

1.     This paragraph contains legal argument to which no response is required. To the extent a response is required, denied. Additionally, Defendants are without sufficient information to form a belief as to the allegations contained in this paragraph, including what constitutes the allegedly creative and copyrightable subject matter of the registrations, and therefore deny same.

2.     Defendants are without sufficient information to form a belief as to the allegations

1

contained in this paragraph and therefore deny same. To the extent further response is required, Defendants deny all remaining allegations contained in this paragraph.

3. Defendants are without sufficient information to form a belief as to the allegations contained in this paragraph and therefore deny same. To the extent further response is required, Defendants deny all remaining allegations contained in this paragraph.

4. Defendants are without sufficient information to form a belief as to the allegations contained in this paragraph and therefore deny same. To the extent further response is required, Defendants deny all remaining allegations contained in this paragraph.

5. Defendants are without sufficient information to form a belief as to the allegations contained in this paragraph and therefore deny same. To the extent further response is required, Defendants deny all remaining allegations contained in this paragraph.

6. Defendants admit that Temperley is a fashion brand founded by Alice Temperley MBE. Defendants are without sufficient information to form a belief as to the remaining allegations contained in this paragraph and therefore deny same.

7. Defendants are without sufficient information to form a belief as to the allegations contained in this paragraph and therefore deny same. To the extent further response is required, Defendants deny all remaining allegations contained in this paragraph.

8. This paragraph contains legal argument to which no response is required. To the extent a response is required, denied.

### *TEMPERLEY LONDON'S "FARRAH" APPAREL INFRINGEMENTS*

9. This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

10. This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

11. This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

12. This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

13. This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

14. This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

15. This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

16. This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

17. This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in

this paragraph. To the extent a response is required from the Romo Defendants, denied.

### TEMPERLEY LONDON'S "PALMAE" APPAREL INFRINGEMENTS

18. This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

19. This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

20. This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

21. This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

22. This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

### TEMPERLEY LONDON AND ROMO'S "FARRAH" INTERIORS INFRINGEMENTS

23. Defendants admit that Romo is an interiors business with a "worldwide network of designers, retailers, distributors, and agents," and that Romo has "international brand recognition in over 70 countries." Defendants deny the remaining allegations contained in this paragraph.

24. Defendants admit that Romo, Inc. has headquarters in Chagrin Falls and has showrooms in the United States. Defendants deny that it has a production facility in the United

4

States, and deny all remaining allegations contained in this paragraph.

25. Defendants admit that Temperley London and Romo launched a joint interiors collection in March 2023. Defendants deny the remaining allegations contained in this paragraph.

26. Defendants are without sufficient information to form a belief as to the allegations contained in this paragraph and therefore deny same. To the extent further response is required, Defendants deny all remaining allegations contained in this paragraph.

27. Defendants admit that these are the products accused and referred to in Exhibit E. Defendants deny the remaining allegations contained in this paragraph.

28. Defendants admit that Romo sold Temperley London x ROMO "Farrah" interiors products in the United States. Defendants deny the remaining allegations contained in this paragraph.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

### ROMO'S "AUBIN" INTERIORS INFRINGEMENTS

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

### *INFRINGING UNAUTHORIZED ADVERTISING WORKS BY ALL DEFENDANTS*

48. Denied.

### *WILLFUL INFRINGEMENT BY ALL DEFENDANTS*

49. Defendants admit that Romo received baseless letters from Alyssa Bruno. Defendants deny the remaining allegations contained in this paragraph.

50. Defendants deny that Romo was under any obligation to cease the sale of its own products. Defendants deny the remaining allegations contained in this paragraph.

51. Defendants deny the implication that Romo was under any obligation to cease the sale of its own products. Defendants deny the remaining allegations contained in this paragraph.

52. Denied.

53. Denied.

### **JURISDICTION AND VENUE**

54. Defendants admit this is a civil action seeking damages and injunctive relief. This paragraph contains legal argument to which no response is required. To the extent a response is required, denied.

6

55.     This paragraph contains legal argument to which no response is required. Furthermore, this allegation is directed to Alice Temperley, for whom no response is required. To the extent a response is required, denied.

56.     This paragraph contains legal argument to which no response is required. To the extent a response is required, denied.

## THE PARTIES

57.     Defendants are without sufficient information to form a belief as to the allegations contained in this paragraph and therefore deny same.

58.     This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

59.     This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

60.     Defendants admit that Romo, Inc. is a United States corporation that sells interiors products. Defendants deny the remaining allegations contained in this paragraph.

61.     Defendants admit that Romo Ltd. is a trading company that designs fabrics and wallcoverings for interior furniture and décor. Defendants admit that Romo Ltd. operates from a facility in the UK, which it leases from Romo (Holdings) Ltd. Defendants admit that Romo Ltd. handles all operations in the UK, and is responsible for all staff, design, procurement, inventory, and sales of goods and services. Defendants admit that Romo Ltd. is the sole owner of Romo Inc. Defendants admit that all Romo UK entities have common directors. Defendants deny any remaining allegations contained in this paragraph.

7

62.     Defendants admit that Romo (Holdings) Ltd. is a parent company based in the UK and that Romo (Holdings) Ltd. is the sole owner of Romo Ltd. and its trading property. Defendants deny that Romo (Holdings) Ltd. is a trading company. Defendants deny any remaining allegations contained in this paragraph.

63.     Defendants admit that the Romo Group Ltd. is a parent company based in the UK and the sole owner of Romo (Holdings) Ltd. Defendants admit that the Romo Group Ltd. was established in 2022 as an acquisition vehicle due to internal restructuring within Romo (Holdings) Ltd., and all Romo UK entities have common directors. Defendants deny that the Romo Group Ltd. is a trading company. Defendants deny any remaining allegations contained in this paragraph.

64.     This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

65.     This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

**ALLEGATIONS COMMON TO ALL CLAIMS**

I.      **Plaintiff's Copyright-Protected Artwork**

66.     Defendants are without sufficient information to form a belief as to the allegations contained in this paragraph and therefore deny same. To the extent further response is required, Defendants deny all remaining allegations contained in this paragraph.

67.     Defendants are without sufficient information to form a belief as to the allegations contained in this paragraph and therefore deny same. To the extent further response is required, Defendants deny all remaining allegations contained in this paragraph.

68.     Defendants are without sufficient information to form a belief as to the allegations

8

contained in this paragraph and therefore deny same. To the extent further response is required, Defendants deny all remaining allegations contained in this paragraph.

69. Defendants are without sufficient information to form a belief as to the allegations contained in this paragraph and therefore deny same. To the extent further response is required, Defendants deny all remaining allegations contained in this paragraph.

70. Defendants admit that Exhibit A is a copy of a copyright registration. Defendants deny the remaining allegations contained in this paragraph.

**II.     Plaintiff's Copyright-Protected Photographs and Posting of the Same on Plaintiff's Instagram account, @wifenyc. Defendants' Access to the Artwork via the Photographs.**

71. Defendants are without sufficient information to form a belief as to the allegations contained in this paragraph and therefore deny same. To the extent further response is required, Defendants deny all remaining allegations contained in this paragraph.

72. Defendants are without sufficient information to form a belief as to the allegations contained in this paragraph and therefore deny same. To the extent further response is required, Defendants deny all remaining allegations contained in this paragraph.

73. Defendants admit that Exhibit B appears to be a copy of a copyright registration. Defendants deny the remaining allegations contained in this paragraph.

74. Alice Temperley MBE is not a Defendant in this case. This paragraph contains legal argument to which no response is required. To the extent a response is required, denied. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny same.

75. Denied.

76. Denied.

77. This paragraph contains legal argument to which no response is required. To the

9

extent a response is required, denied.

### III.   INFRINGING APPAREL PRODUCTS – The Temperley London Defendants and the ROMO Defendants Infringed Upon Plaintiff's Artwork and the Photographs through the Production, Display, Distribution, and Sale of the Unauthorized Farrah Apparel Products and Unauthorized Palmae Apparel Products.

78.     This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

79.     This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

80.     This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

81.     Defendants are without sufficient information to form a belief as to the allegations contained in this paragraph and therefore deny same. To the extent further response is required, Defendants deny all remaining allegations contained in this paragraph.

82.     Denied.

83.     Defendants deny the allegations in this paragraph specifically the allegation that they created derivative works.

84.     This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

85.     This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in

this paragraph. To the extent a response is required from the Romo Defendants, denied.

86. This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

87. This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

88. This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

89. This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

90. This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

91. This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

92. This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

93. This allegation is not directed to the Romo Defendants, and the Romo Defendants

11

are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

**IV.    INFRINGING FARRAH INTERIORS PRODUCTS – The Temperley London Defendants and the ROMO Defendants Infringed Upon Plaintiff's Artwork and the Photographs through the Production, Display, Distribution, and Sale of the Unauthorized Farrah Interiors Products.**

94.    Defendants admit that the Temperley London x ROMO "A World Less Ordinary" collection launched in March 2023. Defendants deny the characterization that these products are unauthorized and the remaining allegations contained in this paragraph.

95.    Denied.

96.    Denied.

97.    Defendants admit that the joint Temperley London x ROMO "A World Less Ordinary" collection launched in March 2023 at the London Institute of Contemporary Arts. The Romo Defendants are without sufficient information to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same. Defendants deny the remaining allegations contained in this paragraph.

98.    Defendants admit that there was a Romo showroom at London Design Week in March 2023. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same. Defendants deny the remaining allegations in this paragraph.

99.    Admit.

100.    Defendants admit that the Farrah Apparel and Interiors Products were promoted and sold during that time. Defendants deny the remaining allegations contained in this paragraph.

101.    Denied.

102.    Defendants deny that Plaintiff has authority to give permission or consent for the

Romo Defendants to sell their products. Defendants additionally deny that Plaintiff is entitled to receive any payment and any remaining allegations contained in this paragraph.

103.    Denied.

104.    This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

105.    This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

106.    This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Defendants admit that the products were displayed online. Defendants deny the remaining allegations contained in this paragraph.

115.    Defendants admit that PDF printouts were listed alongside Romo's products and are copyrights of The Romo Group. Defendants deny the characterization that the products are

13

unauthorized and all remaining allegations in this paragraph.

116.    Denied.

117.    Defendants deny that Romo was under any obligation to cease the sale of its own products after receiving Plaintiff's baseless letters. Defendants deny the remaining allegations contained in this paragraph.

**V.    INFRINGING AUBIN INTERIORS PRODUCTS – The ROMO Defendants Infringed Upon Plaintiff's Zig Zag Palm Lines Artwork and Zig Zag Palm Lines Photograph through the Production, Display, Distribution, and Sale of the Unauthorized Aubin Interiors Products.**

118.    Defendants admit that they released an interiors collection known as the "Aubin" collection. Defendants deny the characterization that the products are unauthorized and all remaining allegations in this paragraph.

119.    Denied.

120.    Denied.

121.    Defendants deny that Plaintiff has authority to give permission or consent for the Romo Defendants to sell their products. Defendants additionally deny that Plaintiff is entitled to receive any payment and any remaining allegations contained in this paragraph.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Defendants admit that the products are displayed online. Defendants deny the

14

remaining allegations contained in this paragraph.

130.    Defendants admit that PDF printouts are listed alongside Romo's products and are copyrights of The Romo Group. Defendants deny the characterization that the products are unauthorized and all remaining allegations in this paragraph.

131.    Denied.

132.    Denied.

**VI.    INFRINGING ADVERTISING WORKS BY THE TEMPERLEY LONDON DEFENDANTS – The Temperley London Defendants Infringed Upon Plaintiff's Artwork and the Photographs through the Creation, Display, and Distribution of the Unauthorized Advertising Works.**

133.    Denied.

134.    This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

135.    This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

136.    This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

137.    Denied.

138.    Denied.

139.    This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

15

140. This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

141. This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

142. This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

143. This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

144. Denied.

145. This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

**VII. INFRINGING ADVERTISING WORKS BY THE ROMO DEFENDANTS – The ROMO Defendants Infringed Upon Plaintiff's Artwork, the Photographs, Zig Zag Palm Lines Artwork, and Zig Zag Palm Lines Photograph through the Creation, Display, and Distribution of the Unauthorized Advertising Works.**

146. Defendants admit that Romo displays photographs, videos, and advertisements of its products. Defendants deny the characterization of "unauthorized" and the remaining allegations contained in this paragraph.

147. Defendants admit that Romo displays photographs, videos, and advertisements of its products. Defendants deny the characterization of "unauthorized" and the remaining allegations

16

contained in this paragraph.

148. Defendants admit that they market their interiors products. Defendants deny the remaining allegations contained in this paragraph.

149. Defendants admit that Romo has a brochure displaying photos of its interiors products. Defendants deny the characterization of "unauthorized" and the remaining allegations contained in this paragraph.

150. Defendants admit that Romo has a swatch book of samples of its fabrics. Defendants deny the characterization that the fabrics are "infringing" and any remaining allegations in this paragraph.

151. Defendants admit that Romo has a swatch book of samples of its fabrics. Defendants deny the characterization that the fabrics are "infringing" and any remaining allegations in this paragraph.

152. Denied.

153. Denied.

154. Defendants deny that Romo was under any obligation to cease the sale of its own products after receiving Plaintiff's baseless letters. Defendants deny the remaining allegations contained in this paragraph.

155. Defendants deny that Romo was under any obligation to cease the sale of its own products after receiving Plaintiff's baseless letters. Defendants deny the remaining allegations contained in this paragraph.

156. Denied.

157. Denied.

158. Denied.

**<u>FIRST CLAIM FOR RELIEF</u>**
**(For Direct Copyright Infringement Under 17 U.S.C. § 501 – As to All Defendants)**

159. The Romo Defendants repeat and reallege their responses to paragraphs 1 through 158, as if fully set forth herein.

160. Defendants are without sufficient information to form a belief as to the allegations contained in this paragraph and therefore deny same. To the extent further response is required, Defendants deny all remaining allegations contained in this paragraph.

161. Defendants are without sufficient information to form a belief as to the allegations contained in this paragraph and therefore deny same. To the extent further response is required, Defendants deny all remaining allegations contained in this paragraph.

162. Defendants are without sufficient information to form a belief as to the allegations contained in this paragraph and therefore deny same. To the extent further response is required, Defendants deny all remaining allegations contained in this paragraph.

163. Defendants are without sufficient information to form a belief as to the allegations contained in this paragraph and therefore deny same. To the extent further response is required, Defendants deny all remaining allegations contained in this paragraph.

164. Denied.

165. Denied.

166. Denied.

167. Denied.

168. Denied.

169. Denied.

170. Denied.

171. Denied.

172.    Denied.

173.    Denied.

174.    Denied.

## SECOND CLAIM FOR RELIEF
### (Vicarious and Contributory Copyright Infringement – As to All Defendants)

175.    The Romo Defendants repeat and reallege their responses to paragraphs 1 through 174, as if fully set forth herein.

176.    Denied.

177.    Denied.

178.    Denied.

179.    Denied.

180.    Denied.

181.    Denied.

182.    Denied.

183.    Denied.

184.    Denied.

185.    Denied.

186.    Denied.

## THIRD CLAIM FOR RELIEF
### (Distribution of False Copyright Management Information and Removal of Copyright Management Information in Violation of 17 U.S.C. § 1202(a) and (b) – As to All Defendants)

187.    The Romo Defendants repeat and reallege their responses to paragraphs 1 through 186, as if fully set forth herein.

188.    Defendants are without sufficient information to form a belief as to the allegations contained in this paragraph and therefore deny same. To the extent further response is required,

19

Defendants deny all remaining allegations contained in this paragraph.

189. Defendants are without sufficient information to form a belief as to the allegations contained in this paragraph and therefore deny same. To the extent further response is required, Defendants deny all remaining allegations contained in this paragraph.

190. Denied.

191. This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

192. This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

193. This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

194. This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

195. This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

196. This allegation is not directed to the Romo Defendants, and the Romo Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required from the Romo Defendants, denied.

197.    Denied.

198.    Denied.

199.    Denied.

200.    Denied.

201.    Denied.

202.    Denied.

203.    Denied.

204.    Denied.

205.    Denied.

206.    Defendants deny that Romo Defendants were aware of Plaintiff's existence and Plaintiff's Artwork or Photographs. Defendants deny that the Romo Defendants need to seek authorization from Plaintiff to make Romo's own products and any remaining allegations in this paragraph.

207.    Denied.

208.    Denied.

209.    Denied.

210.    Denied.

211.    Denied.

212.    Denied.

213.    Denied.

214.    Denied.

215.    Denied.

**FOURTH CLAIM FOR RELIEF**
**(Accounting – As to All Defendants)**

21

216.    The Romo Defendants repeat and reallege their responses to paragraphs 1 through 215, as if fully set forth herein.

217.    Denied.

218.    Denied.

219.    Denied.

220.    Denied.

221.    Denied.

222.    Denied.

<u>**DEFENDANTS' RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF**</u>

Defendants deny that Sophia Parker is entitled to the relief sought in the Complaint (or any other relief) and thus requests that the Court issue a judgment in Defendants' favor, and award Defendants their costs, reasonable attorneys' fees, and any other relief the Court may deem just and proper.

<u>**AFFIRMATIVE AND OTHER DEFENSES**</u>

Defendants specifically allege and assert the following defenses in response to the allegations set forth in the Complaint. The inclusion of these defenses in this Answer is not a concession that Defendants bear the burden of proof with respect to any of them. The case is in its early stages and additional information may be discovered relevant to the matters and issues raised herein. Accordingly, Defendants reserve the right to supplement, modify, and/or amend their defenses, and take further or amended positions as discovery proceeds.

<u>**FIRST AFFIRMATIVE DEFENSE**</u>
**(Failure to State a Claim)**

Each cause of action set forth in Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted.

22

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity and Unenforceability)

U.S. Copyright Registration No. VA 2-343-734, registered February 28, 2023, U.S. Copyright Registration No. VA 2-352-960, registered April 27, 2023, U.S. Copyright Registration No. VA 2-420-961, registered November 4, 2024, U.S. Copyright Registration No. VA 2-487-218, registered February 27, 2026, and U.S. Copyright Registration No. VA 2-282-446, registered February 2, 2026 are each invalid and unenforceable for lack of originality, for copyright misuse, for being directed to living biological organisms dedicated to the public domain, and/or for being procured by fraud on the Copyright Office.

## THIRD AFFIRMATIVE DEFENSE
### (Noninfringement)

Defendants are entitled to a declaration of non-infringement because none of the products and designs at issue infringe any exclusive right owned by Plaintiff, any original copyrightable subject matter created by Plaintiff, nor any copyrighted element of U.S. Copyright Registration No. VA 2-343-734, registered February 28, 2023, U.S. Copyright Registration No. VA 2-352-960, registered April 27, 2023, U.S. Copyright Registration No. VA 2-420-961, registered November 4, 2024, U.S. Copyright Registration No. VA 2-487-218, registered February 27, 2026, and U.S. Copyright Registration No. VA 2-282-446, registered February 2, 2026. Furthermore, Defendants are entitled to a declaration of non-infringement because Defendants neither copied nor accessed any of Plaintiff's works, and none of Defendants' acts give rise to claims of copyright infringement, distribution of false copyright management information, or removal of copyright management information.

## FOURTH AFFIRMATIVE DEFENSE
### (Independent Creation)

Each product and design at issue is Defendants' separate, original, and independent

23

creation. To the extent they exist, any resemblance between Defendants' products and Plaintiff's works are purely coincidental, and non-infringing.

## FIFTH AFFIRMATIVE DEFENSE
### (Fair Use)

To the extent any of the products and designs at issue are found to use any copyrighted element of Plaintiff's works, the purpose and character of Defendants' use, the nature of the copyrighted works, the amount and substantiality of the portion used in relation to the copyrighted works as a whole, and the effect of said use upon the market for or value of the copyrighted works, all warrant a finding of fair use.

## SIXTH AFFIRMATIVE DEFENSE
### (Plaintiff's Claims Are Statutorily Barred)

Plaintiff's claims, including its claims for statutory damages and attorney's fees, are statutorily barred pursuant to 17 U.S.C. §§ 412, 504, 505, and 1203.

## SEVENTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff's copyright infringement and DMCA claims are time-barred pursuant to the equitable doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

All of Plaintiff's claims for relief are barred pursuant to the equitable doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE
### (Innocent Infringement)

To the extent any of the products and designs at issue are found to infringe any copyrighted element of Plaintiff's works, such infringement is not willful, nor done with knowledge that such conduct constitutes infringement, nor done with reckless disregard for any rights held by

24

Plaintiff.

### TENTH AFFIRMATIVE DEFENSE
#### (Not Exceptional; Attorneys' Fees and Costs)

Plaintiff's case against Defendants is not exceptional, but Plaintiff's filing and manner of prosecuting this lawsuit, which imposes upon Defendants the requirement to mount a defense in this lawsuit is exceptional, and warrants an award to Defendants of Defendants' attorney's fees and costs.

### RESERVATION OF ALL AFFIRMATIVE DEFENSES

Defendants hereby give notice that they intend to rely upon any other matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, and that they reserve the right to seek leave to amend this Answer to add to, amend, withdraw, or modify these defenses as their investigation continues and as discovery may require.

### DEFENDANTS' COUNTERCLAIMS FOR DECLARATORY RELIEF

Defendants-Counterclaim Plaintiffs Romo Group Ltd., Romo (Holdings) Ltd., and Romo, Inc., and Romo Ltd. (collectively "Romo") hereby assert the following Counterclaims to Sophia Parker Studios, Inc's ("Sophia Parker") Second Amended Complaint as follows:

### NATURE OF THE ACTION

1.      This Counterclaim seeks a declaration pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, that Romo does not infringe U.S. Copyright Registration No. VA 2-343-734, registered February 28, 2023, U.S. Copyright Registration No. VA 2-352-960, registered April 27, 2023, U.S. Copyright Registration No. VA 2-420-961, registered November 4, 2024, U.S. Copyright Registration No. VA 2-487-218, registered February 27, 2026, and U.S. Copyright Registration No. VA 2-282-446, registered February 2, 2026.

2.      This Counterclaim further seeks a declaration pursuant to the Federal Declaratory

25

Judgment Act, 28 U.S.C. §§ 2201 and 2202, that Romo is not liable for removal of copyright management information and is not liable for the distribution of false copyright management information under the Digital Millennium Copyright Act (DMCA).

## PARTIES

3. Romo Group Ltd., Romo Ltd. and Romo (Holdings) Ltd. are companies based in and organized under the laws of the United Kingdom.

4. Romo, Inc. is a United States company based in Chagrin Falls, Ohio.

5. Based on paragraph 57 of the Second Amended Complaint, Sophia Parker Studios, Inc. is a United States corporation organized under the laws of the State of New York with its principal place of business located in Flushing, New York.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1331, the United States Copyright Act set forth at 17 U.S.C. §§ 101, et seq., the Digital Millennium Copyright Act set forth at 17 U.S.C. §§ 1200, et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

7. Personal jurisdiction over Sophia Parker is proper because, *inter alia*, Sophia Parker has consented to the personal jurisdiction of this Court by commencing its action for copyright infringement and violations of the DMCA in this judicial district.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(3).

## COUNT ONE
### (Declaration of Non-infringement of U.S. Reg. No. VA 2-343-734)

9. Romo incorporates herein and re-alleges, as if fully set forth in this paragraph, the allegations of paragraphs 1-8 of the Counterclaims above, inclusive.

10. By virtue of Sophia Parker's filing of the Complaint herein, an actual controversy

26

exists between Romo and Sophia Parker with respect to Romo's alleged infringement of U.S. Copyright Registration No. VA 2-343-734, registered February 28, 2023.

11.    Romo has not and does not infringe U.S. Copyright Registration No. VA 2-343-734. For example, Romo has not copied or accessed the subject matter underlying U.S. Copyright Registration No. VA 2-343-734.

12.    Romo is entitled to a judicial declaration that it has not and does not infringe U.S. Copyright Registration No. VA 2-343-734.

**COUNT TWO**
**(Declaration of Non-infringement of U.S. Reg. No. VA 2-352-960)**

13.    Romo incorporates herein and re-alleges, as if fully set forth in this paragraph, the allegations of paragraphs 1-12 of the Counterclaims above, inclusive.

14.    By virtue of Sophia Parker's filing of the Complaint herein, an actual controversy exists between Romo and Sophia Parker with respect to Romo's alleged infringement of U.S. Copyright Registration No. VA 2-352-960, registered April 27, 2023.

15.    Romo has not and does not infringe U.S. Copyright Registration No. VA 2-352-960. For example, Romo has not copied or accessed the subject matter underlying U.S. Copyright Registration No. VA 2-352-960.

16.    Romo is entitled to a judicial declaration that it has not and does not infringe U.S. Copyright Registration No. VA 2-352-960.

**COUNT THREE**
**(Declaration of Non-infringement of U.S. Reg. No. VA 2-420-961)**

17.    Romo incorporates herein and re-alleges, as if fully set forth in this paragraph, the allegations of paragraphs 1-16 of the Counterclaims above, inclusive.

18.    By virtue of Sophia Parker's filing of the Complaint herein, an actual controversy exists between Romo and Sophia Parker with respect to Romo's alleged infringement of U.S.

27

Copyright Registration No. VA 2-420-961, registered November 4, 2024.

19. Romo has not and does not infringe U.S. Copyright Registration No. VA 2-420-961. For example, Romo has not copied or accessed the subject matter underlying U.S. Copyright Registration No. VA 2-420-961.

20. Romo is entitled to a judicial declaration that it has not and does not infringe U.S. Copyright Registration No. VA 2-420-961.

## COUNT FOUR
### (Declaration of Non-infringement of U.S. Reg. No. VA 2-482-486)

21. Romo incorporates herein and re-alleges, as if fully set forth in this paragraph, the allegations of paragraphs 1-20 of the Counterclaims above, inclusive.

22. By virtue of Sophia Parker's filing of the Complaint herein, an actual controversy exists between Romo and Sophia Parker with respect to Romo's alleged infringement of U.S. Copyright Registration No. VA 2-482-486, registered February 2, 2026.

23. Romo has not and does not infringe U.S. Copyright Registration No. VA 2-482-486. For example, Romo has not copied or accessed the subject matter underlying U.S. Copyright Registration No. VA 2-482-486.

24. Romo is entitled to a judicial declaration that it has not and does not infringe U.S. Copyright Registration No. VA 2-482-486.

## COUNT FIVE
### (Declaration of Non-infringement of U.S. Reg. No. VA 2-487-218)

25. Romo incorporates herein and re-alleges, as if fully set forth in this paragraph, the allegations of paragraphs 1-24 of the Counterclaims above, inclusive.

26. By virtue of Sophia Parker's filing of the Complaint herein, an actual controversy exists between Romo and Sophia Parker with respect to Romo's alleged infringement of U.S. Copyright Registration No. VA 2-487-218, registered February 27, 2026.

27. Romo has not and does not infringe U.S. Copyright Registration No. VA 2-487-218. For example, Romo has not copied or accessed the subject matter underlying U.S. Copyright Registration No. VA 2-487-218.

28. Romo is entitled to a judicial declaration that it has not and does not infringe U.S. Copyright Registration No. VA 2-487-218.

## COUNT SIX
### (Declaration of No Removal of Copyright Management Information)

29. Romo incorporates herein and re-alleges, as if fully set forth in this paragraph, the allegations of paragraphs 1-29 of the Counterclaims above, inclusive.

30. By virtue of Sophia Parker's filing of the Complaint herein, an actual controversy exists between Romo and Sophia Parker with respect to Romo's alleged removal of Sophia Parker's copyright management information in violation of 17 U.S.C. § 1202(b).

31. Romo has not removed or altered Sophia Parker's copyright management information in violation of 17 U.S.C. § 1202(b).

32. Romo is entitled to a judicial declaration that it has not removed or altered Sophia Parker's copyright management information in violation of 17 U.S.C. § 1202(b).

## COUNT SEVEN
### (Declaration of No Distribution of False Copyright Management Information)

33. Romo incorporates herein and re-alleges, as if fully set forth in this paragraph, the allegations of paragraphs 1-32 of the Counterclaims above, inclusive.

34. By virtue of Sophia Parker's filing of the Complaint herein, an actual controversy exists between Romo and Sophia Parker with respect to Romo's alleged distribution of false copyright management information in violation of 17 U.S.C. § 1202(a).

35. Romo has not provided or distributed false copyright management information in violation of 17 U.S.C. § 1202(a).

29

36.     Romo is entitled to a judicial declaration that it has not provided or distributed false copyright management information in violation of 17 U.S.C. § 1202(a).

**PRAYER FOR RELIEF**

WHEREFORE, Defendants-Counterclaim Plaintiffs pray that judgment be entered in their favor and that the Court:

A.     Sophia Parker takes nothing by way of its Complaint;

B.     A judgment in favor of Romo and against Sophia Parker, thereby dismissing Sophia Parker's Complaint in its entirety, with prejudice, and deny Sophia Parker all requested relief;

C.     A declaration that Romo has not infringed U.S. Copyright Registration No. VA 2-343-734;

D.     A declaration that Romo has not infringed U.S. Copyright Registration No. VA 2-352-960;

E.     A declaration that Romo has not infringed U.S. Copyright Registration No. VA 2-420-961;

F.     A declaration that Romo has not infringed U.S. Copyright Registration No. VA 2-482-446;

G.     A declaration that Romo has not infringed U.S. Copyright Registration No. VA 2-487-218;

H.     A declaration that Romo has not removed or altered Sophia Parker's copyright management information in violation of 17 U.S.C. § 1202(b);

I.     A declaration that Romo has not distributed false copyright management information in violation of 17 U.S.C. § 1202(a);

J.     An award of Romo's attorney's fees and expenses of litigation;

K.      An entry of judgment against Sophia Parker for the amount of damages that Romo proves at trial; and

L.      Such other further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants-Counterclaim Plaintiffs hereby demand a trial by jury on all issues so triable that are raised herein or that hereinafter may be raised in this action.

Dated: March 20, 2026

Respectfully submitted,

By: */s/ Jeffer Ali*

Meredith K. Collier (97108OH)
Todd R. Tucker
**CALFEE, HALTER & GRISWOLD LLP**
1405 East Sixth Street
Cleveland, OH 44114
Telephone: 216.622.8200
Facsimile: 216.241.0816
mcollier@calfee.com
ttucker@calfee.com

Jeffer Ali*
**HUSCH BLACKWELL LLP**
80 South Eighth Street, Suite 4800
Minneapolis, Minnesota 55402
Telephone: 612.852.2700
Facsimile: 612.852.2701
jeff.ali@huschblackwell.com
247947MN

Sharif Ahmed*
**HUSCH BLACKWELL LLP**
2415 East Camelback Road, Suite 500
Phoenix, AZ 85016
Telephone: 480.824.7890
Facsimile: 480-824-7905
sharif.ahmed@huschblackwell.com
37105AZ

31

32

*Admitted pro hac vice*

**Attorneys for Defendants-Counterclaim Plaintiffs Romo Group Ltd., Romo Ltd., Romo, Inc., and Romo (Holdings) Ltd.**

32

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that today, this 20th day of March, 2026, I caused the foregoing document to be filed electronically with the Clerk of Court, and therefore served upon all counsel of record.

*/s/ Jeffer Ali*

33