**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

**Sophia Parker Studios, Inc.,**

**Plaintiff,**

**-vs-**

**Alice Temperley, et al.,**

**Defendants.**

**Case No. 1:24cv2086**

**JUDGE PAMELA A. BARKER**

**MEMORANDUM OPINION & ORDER**

Currently pending before the Court is Defendants Romo Ltd., Romo (Holdings) Ltd., Romo, Inc. and Romo Group Ltd.'s (the "Romo Defendants") Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) as to Plaintiff's Claims for Statutory Damages and Attorney's Fees under 17 U.S.C. §§ 504 and 505 (the "Motion"). (Doc. No. 91.) Plaintiff Sophia Parker Studios, Inc. ("Plaintiff") filed its Opposition to the Motion on May 15, 2026, to which the Romo Defendants replied on May 29, 2026. (Doc. Nos. 108, 118.) For the following reasons, the Motion is GRANTED. Plaintiff's claim for statutory damages and fees against the Romo Defendants is dismissed.

## I. Relevant Allegations in the SAC

This case concerns, among other things, claims for copyright infringement concerning Plaintiff's intellectual property. Specifically, Plaintiff brings claims related to (i) "an original sculptural artwork created by [it] entitled 'Memphis Chainsaw'" ("the Artwork"); (ii) "four (4) published original photographs of the Artwork authored by Plaintiff" (the "Photographs"); (iii) "a photograph of a separate sculptural artwork created by Plaintiff entitled 'Zig Zag Palm Lines Artwork'" (the "Zig Zag Palm Lines Artwork"); and (iv) "a photograph of that sculpture authored by Plaintiff entitled 'Zig Zag Palm Lines'" (the "Zig Zag Palm Lines Photograph"). (Doc. No. 83, ¶ 1.)

"The Artwork is a copyright-protected sculptural work that is registered with the U.S.

Copyright Office (U.S. Copyright Office Registration No. VA 2-342-734)." (*Id.* at ¶ 70.) The Artwork's registration has "an effective date of registration of February 28, 2023." (*Id.* at ¶ 160.) "The Photographs are registered works of art with the U.S. Copyright Office (U.S. Copyright Office Registration No. VA 2-352-960 and U.S. Copyright Office Registration No. VA 2-420-961)." (*Id.* at ¶ 73.) The Photographs' registrations have "an effective date of registration of April 27, 2023" and "November 4, 2024." (*Id.* at ¶ 161.) "The Zig Zag Palm Lines Artwork is registered with the U.S. Copyright Office and has been assigned Registration No. VA 2-482-446, with an effective date of registration of February 2, 2026." (*Id.* at ¶ 162.) "The Zig Zag Palm Lines Photograph is registered with the U.S. Copyright Office and has been assigned Registration No. VA 2-487-218, with an effective date of registration of February 27, 2026." (*Id.* at ¶ 163.)

Relevant to the instant Motion, Plaintiff alleges that "[f]ollowing the apparent success of the Temperley London Spring Summer 2022 apparel collection, the Temperley London Defendants and the ROMO Defendants launched a joint collaboration known as the Temperley London x ROMO "A World Less Ordinary" interiors collection in or around March 2023." (*Id.* at ¶ 25.) "Through this collection, Defendants again made unauthorized use of Plaintiff's Artwork and the Photographs and sold products that violated Plaintiff's copyright rights – this time in the form of fabrics and cushions." (*Id.*)

Plaintiff also alleges that "[t]he ROMO Defendants displayed several photographs, videos, and advertisements on the ROMO website and in their brick-and-mortar showrooms that prominently depict the Unauthorized Farrah Apparel Products, Unauthorized Farrah Interiors Products, and Unauthorized Aubin Interiors Products" (the Unauthorized Advertising Works"). (*Id.* at ¶ 146.) Plaintiff then alleges that "[a]ll of the Unauthorized Advertising Works set forth in Exhibits J and N

contain unauthorized reproductions of the copyright-protected elements of Plaintiff's Artwork, the Photographs, Zig Zag Palm Lines Artwork, and Zig Zag Palm Lines Photograph and are substantially similar to Plaintiff's works." (*Id.* at ¶ 152.) Plaintiff further alleges that "the Unauthorized Advertising Works set forth in Exhibits J and N as well as other unauthorized advertising works featuring these products, are unauthorized derivative works that infringe upon Plaintiff's copyright rights." (*Id.* at ¶ 153.) Exhibit J contains several screenshots of Romo's website and Instagram account. One of the Instagram posts is dated February 24, 2023. (Doc. No. 83-10, PageID #7868.)

## II. Procedural History

As relates to the Motion, on March 6, 2026, Plaintiff filed a Second Amended Complaint ("SAC"), on March 20, 2026, the Romo Defendants filed their Answer and Counterclaims to the SAC and on March 26, 2026, the Romo Defendants filed their Amended Answer and Counterclaims to the SAC. (Doc. Nos. 83, 85, 87.) On April 15, 2026, the Romo Defendants filed their Motion for Judgment on the Pleadings. (Doc. No. 91.) On May 15, 2026, Plaintiff filed its Opposition to the Motion. (Doc. No. 108.) On May 29, 2026, the Romo Defendants filed their Reply brief. (Doc. No. 118.) Accordingly, the Romo Defendants' Motion for Judgment on the Pleadings is ripe for review.

## III. Standard of Review

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)).

In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–556 (2007)). For purposes of Rule 12(b)(6), "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal citation and quotation marks omitted).

The measure of a Rule 12(b)(6) challenge — whether the Complaint raises a right to relief above the speculative level — "does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" *Bassett v. National Collegiate Athletic Ass'n*., 528 F.3d 426, 430 (6th Cir.2008) (quoting in part *Twombly,* 550 U.S. at 555–556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Deciding whether a complaint states a claim for relief that is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

Consequently, examination of a complaint for a plausible claim for relief is undertaken in conjunction with the "well-established principle that 'Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim

is and the grounds upon which it rests.'" *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (quoting in part *Erickson v. Pardus*, 551 U.S. 89 (2007)). Nonetheless, while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

**IV. Analysis**

In their Motion, the Romo Defendants request that the Court dismiss Plaintiff's claim for statutory damages and fees under 17 U.S.C. §§ 504 and 505. The Romo Defendants assert that "Plaintiff alleges in paragraphs 146-147 and 152-153 of the Second Amended Complaint that Exhibit J contains the relevant examples of infringement, including the February 24, 2023, posts from the social media accounts of the Romo Defendants." (Doc. No. 91, PageID #8136.) They further assert that "Exhibit J contains an Instagram post from @romo_fabrics, showing hundreds of likes and dated February 24, 2023, in which @romo_fabrics announced the 'Temperley London x Romo' collection launching at London Design Week. Exhibit J also contains a Romo Facebook post dated February 24, 2023, announcing 'Temperley London x Romo launching at Design Week.'" (*Id.*) The Romo Defendants argue that because each alleged copyright was registered after February 24, 2023, Plaintiff's claims for statutory damages and fees are barred by 17 U.S.C. § 412. (*Id.* at PageID #8138–39.)

In response, Plaintiff makes two counterarguments. Plaintiff first argues that the February 24, 2023 post is *de minimis*, which, according to Plaintiff, "does not constitute an act of infringement of Plaintiff's rights." (Doc. No. 108, PageID #9488.) Plaintiff asserts that because the post "is not an infringement," the post "does not constitute a first act of infringement such that [the] § 412 bar

applies." (*Id.* at PageID #9488.) Plaintiff then argues that if the post is not *de minimis*, it is still entitled to statutory damages and fees as to Romo Ltd. (*Id.* at PageID #9489.) According to Plaintiff, "[t]he Romo Defendants admitted on the first page of their Rule 12(c) brief and in their Answers to Plaintiff's First Set of Interrogatories and Responses to Plaintiff's First Set of Requests for Production of Documents that Romo Ltd. was responsible for the posting of the February 24, 2023 video at issue, not Romo, Inc." (*Id.* at PageID #9489.) Plaintiff also asserts that Romo Inc. "has stated that its actions pertaining to the infringing interiors products at issue in this Action concerned selling and distributing the infringing products at issue to consumers in the U.S. and that it 'began making the Temperley x Romo 'Farrah' products available to its U.S. trade customers in or about March 2023.'" (*Id.* at PageID #9490 (quoting the Romo Defendants' discovery responses).) Plaintiff argues that "by Romo Inc.'s own admissions, no first act of infringement occurred by it until March 2023, after the February 28, 2023 effective date of the copyright registration of Plaintiff's Artwork." (*Id.*)

In their Reply, the Romo Defendants assert that "[n]ow that Plaintiff's own allegations – and the social media posts included in an exhibit that Plaintiff itself filed as part of the Second Amended Complaint – clearly show that the first act of alleged infringement pre-dated Plaintiff's copyright registration, Plaintiff reverses course and contends that the relevant images in Exhibit J are suddenly not infringing because they make only *de minimis* use of Plaintiff's works." (Doc. No. 118, PageID #9542.) The Romo Defendants argue that "[t]he Court should reject Plaintiff's gamesmanship on this issue" because "[i]f Plaintiff's own pleading alleges that the relevant images are examples of infringement, then the Court should take Plaintiff at its word and treat them as such for purposes of this Motion." (*Id.*) They further argue that "whether or not the appearance of the design in the video was de minimis or not is irrelevant" because "if those products were depicted in the February 24,

2023 social media posts contained in Exhibit J, then the copying – and therefore the infringement – must have occurred on or before February 24, 2023." (*Id.*) The Romo Defendants then assert the statutory bar should apply to all of the Romo Defendants because "Plaintiff alleges that the 'Romo Defendants' committed infringement, without distinguishing among the various Romo entities." (*Id.* at PageID #9543.) The Romo Defendants also assert, with respect to the discovery responses referenced in Plaintiff's Opposition, that "[t]hose are not part of any pleading, and the Court should not permit Plaintiff to use discovery responses to, in effect, amend its pleading in order to oppose this Motion." (*Id.*) The Romo Defendants' final argument is that the posts "are attributable to the Romo Defendants collectively" and "[i]f such defendants are jointly and severally liable, then a single act of pre-registration infringement by one is a complete bar to statutory damages and attorneys' fees under Section 412." (*Id.* at PageID #9544.)

Upon review of the parties' briefing, the Court agrees with the Romo Defendants that Plaintiff's claim for statutory damages is barred under 17 U.S.C. § 412. Under that statute:

> In any action under this title, other than an action brought for a violation of the rights of the author under section 106A(a), an action for infringement of the copyright of a work that has been preregistered under section 408(f) before the commencement of the infringement and that has an effective date of registration not later than the earlier of 3 months after the first publication of the work or 1 month after the copyright owner has learned of the infringement, or an action instituted under section 411(c), no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for—
>
> (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or
>
> (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

In *Johnson v. Jones*, 149 F.3d 494 (6th Cir. 1998), the Sixth Circuit held "that infringement

'commences' for the purposes of § 412 when the first act in a series of acts constituting continuing infringement occurs." *Id.* at 505 (citing cases). Applying this standard, this Court previously found, in its November 25, 2025 Memorandum Opinion and Order, that Plaintiff stated a claim for statutory damages against the Romo Defendants. In so finding, the Court reasoned, in relevant part:

> While the Amended Complaint certainly alleges that Temperley London began their infringing activities in 2022, there are no allegations that Romo, Inc. did as well.
>
> Based on this, the Court declines to dismiss Plaintiff's claims for statutory damages and fees against Romo, Inc. At a minimum, viewing the allegations in the light most favorable to Plaintiff, the Amended Complaint demonstrates that Plaintiff's alleged registration of the Artwork in February 2023 predates Romo, Inc.'s alleged infringement in March 2023. *See Marlon Blackwell Architects, P.A. v. HBG Design, Inc.*, No. 4:19-cv-00925 KGB, 2020 U.S. Dist. LEXIS 215309, at *7 (E.D. Ark. Nov. 18, 2020) ("the question of how many infringements have occurred and on what dates which parties commenced each such infringement are ones to be resolved after the benefit of factual discovery"); *Mahavisno v. Compendia Bioscience, Inc.*, No.13-12207, 2014 U.S. Dist. LEXIS 11147, at *25 (E.D. Mich. 2014) (dismissing statutory damages and fees against one defendant and declining to dismiss statutory damages against the other). For these reasons, the Court denies Romo, Inc.'s request to dismiss categorically Plaintiff's requests for statutory damages and fees.
>
> * * *
>
> With respect to Plaintiff's claim for statutory damages and fees, Romo UK makes the same argument that Romo, Inc. made in its Motion. Romo UK points the Court to Paragraph 8 of the Amended Complaint to argue that "Plaintiff alleges that the infringement began "in or around February or March 2022", an entire year before it registered the sculpture." (Doc. No. 51, PageID 6926.) Like Romo, Inc., Romo UK also omits the full allegation contained in Paragraph 8, and that allegation does not reference Romo UK. (Doc. No. 22 at ¶ 8.) Instead, Plaintiff alleges that the "ROMO Defendants" launched the infringing collections "in or around March 2023," which postdates Plaintiff's registration of the Artwork. Accordingly, for the same reasons identified above, the Court denies Romo UK's request to dismiss categorically Plaintiff's requests for statutory damages and fees.

(Doc. No. 64, PageID #7330–31.)

The allegations in the SAC, however, alter the Court's analysis. In addition to making the

same allegations referenced in the Court's last opinion, Plaintiff now alleges that "the Unauthorized Advertising Works set forth in Exhibits J and N as well as other unauthorized advertising works featuring these products, are unauthorized derivative works that infringe upon Plaintiff's copyright rights." (Doc. No. 83, ¶ 153.) And as reflected in Exhibit J, at least one of the Unauthorized Advertising Works was posted by the Romo Defendants on Instagram on February 24, 2023. Thus, by Plaintiff's own allegations, the Romo Defendants began infringing "upon Plaintiff's copyright rights" prior to Plaintiff's registration of all its alleged copyrights. Therefore, under *Johnson*, Plaintiff fails to state a claim for statutory damages and fees against the Romo Defendants.

Plaintiff's arguments to the contrary are not persuasive. First, the Court rejects Plaintiff's argument that the February 24, 2023 post is *de minimis*. The Sixth Circuit "recognizes the *de minimis* defense to copyright infringement claims." *ECIMOS, LLC v. Carrier Corp.*, 971 F.3d 616, 629 (6th Cir. 2020) (citing *Gordon v. Nextel Communs.*, 345 F.3d 922, 924 (6th Cir. 2003)). "To establish that a copyright infringement is *de minimis*, the alleged infringer must demonstrate that the copying of the protected materials is so trivial 'as to fall below the quantitative threshold of substantial similarity, which is always a required element of actionable copying.'" *Gordon*, 345 F.3d at 924 (quoting *Ringgold v. Black Entertainment Television, Inc.*, 126 F.3d 70, 77 (2d Cir. 1997)).

The problem with Plaintiff's position, however, is that the SAC does not allege that Exhibit J is *de minimis*. Instead, Plaintiff expressly alleges in the SAC that "[a]ll of the Unauthorized Advertising Works set forth in Exhibits J and N contain *unauthorized reproductions of the copyright-protected elements* of Plaintiff's" works and that the Unauthorized Advertising Works "*are substantially similar* to Plaintiff's works." (Doc. No. 83, ¶ 152 (emphasis added).) Further, Plaintiff expressly alleges that "the Unauthorized Advertising Works set forth in Exhibits J and N . . . are

unauthorized derivative works that infringe upon Plaintiff's copyright rights." (*Id.* at ¶ 153.) Plaintiff's *de minimis* argument is directly at odds with its own allegations, and the Court will not permit Plaintiff to amend its SAC through its Opposition brief. *See*, *e.g.*, *Crew v. Cnty. of Medina*, No. 1:25-cv-01596, 2026 U.S. Dist. LEXIS 42950, at *16 (N.D. Ohio Mar. 3, 2026) (collecting authority and stating "an opposition brief is not the proper procedural vehicle for amending a pleading").

The Court also rejects Plaintiff's argument that its claim for statutory damages and fees survives against Romo, Inc. because only Romo Ltd. posted the February 24, 2023 Instagram post. As support, Plaintiff argues that "[t]he Romo Defendants admitted on the first page of their Rule 12(c) brief and in their Answers to Plaintiff's [written discovery] that Romo Ltd was responsible for the positing of the February 24, 2023 view at issue, not Romo, Inc." (Doc. No. 108, PageID #9489.)

As to the former, the Court notes that the Romo Defendants did assert on the first page of their Motion that "Defendant Romo Ltd. published Instagram and Facebook posts advertising the allegedly infringing" products. (Doc. No. 91, PageID #8130.) They also assert, however, that "Exhibit J's February 24, 2023, posts originate from the @romo_fabrics Instagram account and the Romo Fabrics Facebook page—accounts belonging to the Romo enterprise and attributable collectively to both Romo Defendants as jointly alleged actors." (*Id.* at PageID #8139.) Regardless, the SAC supports the Romo Defendants' position. Plaintiff alleges that "*the ROMO Defendants* displayed several photographs, videos, and advertisements *on their* Instagram account, @romo_fabrics." (Doc. No. 83, ¶ 147.)

And with respect to Plaintiff's reliance on written discovery responses, the Court cannot consider the written discovery responses without converting the Motion to a motion for summary

judgment because they are not referenced in the SAC. *Brent v. Wayne Cty. Dep't of Human Servs.*, 901 F.3d 656, 698 (6th Cir. 2018) (". . . the district court was not required to consider these vague, outside-the-pleadings allegations in assessing the City Defendants' motion under Rule 12(c), and neither are we"); *Max Arnold & Sons, LLC v. W.L. Hailey & Co.*, 452 F.3d 494, 503 (6th Cir 2006) (finding that a district court can refuse to accept materials outside the pleadings without converting a Rule 12(c) motion into a motion for summary judgment); *Showman v. Q Corp. Holdings, LLC*, No. 1:23-cv-00986, 2024 U.S. Dist. LEXIS 84136, at *7 (N.D. Ohio May 9, 2024) ("Sixth Circuit case law provides that a court may also consider documents that '[are] referred to in the [plaintiff's] complaint and [are] central to the plaintiff's claim' without converting the Rule 12(c) motion to one for summary judgment") (quoting *Greenberg v. Life Ins. Co.*, 177 F.3d 507, 514 (6th Cir. 1999)). Because the Court's review is constrained to the allegations in the SAC, the Court will not consider the written discovery responses, and the Court will not permit Plaintiff to amend its allegations regarding the written discovery responses in its Opposition brief.[1]

For all these reasons, the Court finds that Plaintiff fails to state a claim for statutory fees and damages against the Romo Defendants.

## V. Conclusion

For the reasons set forth herein, the Motion (Doc. No. 91) is GRANTED. Plaintiff's claim for statutory damages and fees against the Romo Defendants is dismissed.

**IT IS SO ORDERED.**

*s/Pamela A. Barker*
PAMELA A. BARKER
U.S. DISTRICT JUDGE

Date: October 14, 2026

[1] The Romo Defendants filed their Motion in May 2026. The Court notes that Plaintiff has not filed a motion seeking leave to amend its SAC to conform with the Romo Defendants' written discovery responses.